IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMANDA JONES,

       Plaintiff.                        CIVIL ACTION NO.:

                                              JURY TRIAL DEMANDED

vs.

NATIONAL RAILROAD PASSENGER
CORPORATION ("AMTRAK"), and
SANTA CRUZ METROPOLITAN TRANSIT
DISTRICT,
       Defendants.

## COMPLAINT

COMES NOW Plaintiff, by and through her attorneys, CARLA D. AIKENS, P.C., and alleges as follows:

## PARTIES

1. Plaintiff is a resident of the City of Chicago, County of Cook, State of Illinois, and was a passenger on the #2310 bus at the time of the incident and sustained injuries as a result of Defendant's conduct.

2. Defendant National Railroad Passenger Corporation ("AMTRAK"), is a corporation organized and existing under the laws of the United States of America with its principal place of business located in Washington, D.C.

3. At all times relevant and material hereto, Defendant AMTRAK has carried out, and continues to carry out, substantial, continuous and systematic activities in the State of California and have purposely established significant contacts within the State of California.

1

4. The injuries and damages alleged in this lawsuit arise out of, and are related to, Defendant AMTRAK's contacts and activities in the State of California.

5. Defendant Santa Cruz Metropolitan Transit District ("SCMTD") is a political subdivision of the State of California. It was created pursuant to Cal. Pub. Util. Code § 98000, et seq., and is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. Part 35. SCMTF receives federal financial assistance and has its principal place of business in Santa Cruz, California. SCMTD operates a "fixed route system" within the meaning of 42 U.S.C. § 12141(3). Metro is engaged as a common carrier in the business of transporting members of the general public.

6. At all relevant times, Defendants SCMTD and AMTRAK (collectively, "Defendants") were acting by and through their employees, servants, agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of Defendants.

## JURISDICTION and VENUE

7. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 12133, 29 U.S.C. § 794a, 28 U.S.C. § 1349 (as to Defendant AMTRAK) and supplemental jurisdiction over any claims brought under California law.

8. This Court also has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because the amount in controversy threshold is met and diversity of citizenship exists.

9. Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. §1391(b) because the causes of action upon which the Complaint is based arose in Santa Cruz County, California, which is within the Northern District of California.

FACTUAL AVERMENTS

10. At approximately 10 a.m. on or about August 25, 2014, Plaintiff Amanda Jones was riding the "AMTRAK Highway 17 Express bus" (#2310), which is, upon information and belief, was operated by the Santa Cruz Metropolitan Transit District ("SCMTD") and AMTRAK, from Santa Cruz to San Jose, California.

11. Plaintiff was traveling in a wheeled apparatus (a scooter) and had apprised the driver of the vehicle that she needed to be secured to avoid falling.

12. The driver attempted to secure Plaintiff but was confused as to how to properly secure Plaintiff.

13. Plaintiff attempted to inform the driver of how other bus drivers had secured her wheeled apparatus, but the driver would not listen to her instructions, and instead secured the straps of the apparatus in a way that was not secure.

14. Thereafter, the driver sped around a curve, which caused Plaintiff to fall over in her apparatus.

15. As a direct and proximate result of Defendant's driver's careless actions, Plaintiff suffered serious and sever injuries, including but not limited to her knee and back.

16. Following the fall, the driver and another passenger came to assist Plaintiff, and the passenger assisted the driver in identifying the correct way to secure Plaintiff.

17. A supervisor was called to the scene of the incident where an argument ensued in Spanish between the driver and the supervisor.

18. As a direct and proximate result of the injuries caused by Defendant's driver's careless actions, Plaintiff has incurred expenses for medical treatment for her injuries.

19. Following the incident, Plaintiff reported the incident to both Defendants.

20. Defendant AMTRAK stated that it did not operate the bus in question and referred Plaintiff to Defendant SCMTD.

21. Defendant SCMTD denied Plaintiff's claim by letter dated December 16, 2014, which was received by Plaintiff's counsel on December 26, 2014.  (**Exhibit A – **SCMTD Claim Denial Letter).

## COUNT I – VIOLATION OF AMERICANS WITH DISABILITIES ACT (AMTRAK)

22. All preceding paragraphs are incorporated herein by reference.

23. Defendant AMTRAK is specifically identified in Section 201(1)(C) of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12131(1)(C), as a public entity for purposes of Title II of the ADA, 42 U.S.C. §§ 12131 et seq.

24. The conduct previously alleged violates Title II of the ADA and the federal regulations promulgated pursuant to Title II, 28 C.F.R. part 35, and 49 C.F.R. parts 27, 37 and 38.

25. Title II of the ADA prohibits, inter alia, public entities from discriminating against individuals with disabilities on the basis of disability by subjecting them to discrimination, excluding them from participation in, or denying or otherwise limiting them in the benefits of the services, programs or activities of the public entity.

26. Defendant AMTRAK has violated Title II of the ADA by, inter alia, failing to operate its services, programs and activities, including its Bus services, on a nondiscriminatory basis; failing to afford individuals with mobility disabilities who use common wheeled apparatuses the structural and program access required as necessary to ensure that AMTRAK services, programs and activities, including AMTRAK Bus services, are readily accessible to and usable by individuals with disabilities; and to the extent that AMTRAK services, including AMTRAK Bus services, are provided through contractual,

licensing or other arrangement with other entities providing public transportation services, failing to ensure that such entities comply with disability civil rights and access laws.

27. Pursuant to 42 U.S.C. § 12133, and the remedies, procedures, and rights set forth in 29 U.S.C. § 794a incorporated therein, Plaintiff prays for judgment as set forth below.

28. In doing the acts and omissions alleged herein, Defendant AMTRAK knew or should have known that its conduct was directed to persons with disabilities, thereby entitling plaintiffs to recover treble damages, penalties and/or other such remedies pursuant to California Civil Code § 3345, in addition to remedies provided as detailed in the paragraph above.

**COUNT II – VIOLATION OF AMERICANS WITH DISABILITIES ACT (SCMTD)**

29. All preceding paragraphs are incorporated herein by reference.

30. Title II of the ADA provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132, et seq.; 28 C.F.R. pt. 35; 49 C.F.R. pts. 37 and 38.

31. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2).

32. Defendant SCMTD is a public entity within the meaning of 42 U.S.C. § 12131(1).

33. Defendant SCMTD has violated the ADA by denying Plaintiff the benefits of its services, programs, and activities, as more fully set forth above.

34. Defendant SCMTD's violations of the ADA have harmed and will continue to harm Plaintiff in the future.

35. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12133, Plaintiff prays for judgment as set forth below.

36. In doing the acts and omissions alleged herein, Defendant SCMTD knew or should have known that its conduct was directed to persons with disabilities, thereby entitling Plaintiffs to recover treble damages, penalties and/or other such remedies pursuant to Cal. Civ. Code § 3345.

## COUNT III – VIOLATION OF Section 504 of the Rehabilitation Act of 1973
## (ALL DEFENDANTS)

37. All preceding paragraphs are incorporated herein by reference.

38. Defendants receive federal financial assistance and as such are subject to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) ("Section 504"), and the federal regulations promulgated thereunder.

39. The conduct previously alleged violates Section 504, and the federal regulations promulgated thereunder.

40. Section 504 prohibits, inter alia, recipients of federal financial assistance from discriminating against individuals with disabilities on the basis of disability by subjecting them to discrimination, excluding them from participation in, or denying or otherwise limiting them in any benefits, services, programs or activities offered by the recipient.

41. Defendants have violated Section 504, inter alia, by failing to operate their services, programs and activities on a nondiscriminatory, safe basis; failing to afford individuals with mobility disabilities who use common wheeled apparatuses the structural and program access required as necessary to ensure that public bus transportation services are readily accessible to and usable by individuals with disabilities; and failing to ensure that

personnel are trained to proficiency regarding the safe operation of vehicles and equipment and the provision of respectful and courteous service to passengers with disabilities.

42. To the extent that Defendant AMTRAK provides AMTRAK services, including AMTRAK Bus services, through contractual, licensing or other arrangement with other entities, Defendant AMTRAK has further violated Section 504 by failing to ensure that such entities comply with disability civil rights and access laws.

43. Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Plaintiff prays for judgment as set forth below.

44. In doing the acts and omissions alleged herein, Defendants knew or should have known that their conduct was directed to persons with disabilities, thereby entitling plaintiffs to recover treble damages, penalties and/or other such remedies pursuant to California Civil Code § 3345, in addition to remedies provided as detailed in the paragraph above.

## COUNT IV – VIOLATION OF CALIFORNIA UNRUH CIVIL RIGHTS ACT

### (ALL DEFENDANTS)

45. All preceding paragraphs are incorporated herein by reference.

46. Defendants AMTRAK and SCMTD, and each of them, operate business establishments within the jurisdiction of the State of California, and as such are obligated to comply with the provisions of the California Unruh Civil Rights Act, Civil Code §§ 51 et seq. ("the Unruh Act").

47. The conduct previously alleged violates the Unruh Act.

48. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. The Unruh Act further provides that a violation of the rights of any individual under the ADA, 42 U.S.C. §§ 12101, et seq., shall also constitute a violation of the Unruh Act. Defendants AMTRAK and SCMTD, and each of them, have violated the Unruh Act by, inter alia, denying persons with disabilities the full and equal accommodations, advantages, facilities, privileges or services offered by Defendants.  Defendant SCMTD has further violated the Unruh Act by violating Title II of the ADA, and the regulations promulgated thereunder, as alleged in Plaintiff's second claim for relief above. Defendant AMTRAK has further violated the Unruh Act by violating Title II of the ADA, and the regulations promulgated thereunder, as alleged in Plaintiff's First Claim for Relief above.

49. Defendants AMTRAK and SCMTD, and each of them, have violated the Unruh Act by, *inter alia*, failing to operate their services on a nondiscriminatory basis; failing to ensure that individuals with mobility disabilities who use common wheeled apparatuses have nondiscriminatory, safe access to bus services; and failing to ensure that personnel are trained to proficiency regarding the safe operation of vehicles and equipment and the provision of respectful and courteous service to passengers with disabilities.

50. To the extent that Defendant AMTRAK provides AMTRAK services, including AMTRAK Bus services, through contractual, licensing or other arrangement with other entities, Defendant AMTRAK has further violated the Unruh Act by failing to ensure that such entities comply with disability civil rights and access laws.

51. The Unruh Act violations of Defendants have been intentional in that Defendants, and each of them, have engaged in acts, practices or omissions that have the foreseeable effect of discriminating against bus passengers who use wheeled apparatuses.

52. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

53. In doing the acts and omissions alleged herein, Defendants, and each of them, knew or should have known that their conduct was directed to persons with disabilities, thereby entitling Plaintiff to recover treble damages, penalties and/or other such remedies pursuant to California Civil Code § 3345, in addition to remedies provided as detailed in the paragraph above.

**COUNT V – VIOLATION OF CALIFORNIA PUBLIC ACCOMMODATIONS LAW)**

**(ALL DEFENDANTS)**

54. All preceding paragraphs are incorporated herein by reference.

55. Defendants AMTRAK and SCMTD, and each of them, operate modes of transportation made available to the general public within the jurisdiction of the State of California, and as such are obligated to comply with the provisions of Civil Code §§ 54, 54.1 and 54.2 et seq. ("the Public Accommodations Law").

56. The conduct previously alleged violates the Public Accommodations Law.

57. The Public Accommodations Law guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of modes of transportation within the jurisdiction of the State of California. The Public Accommodations Law further provides that, for purposes of the Public Accommodations Law, "full and equal access"

in its application to transportation means access that meets the standards of Title II and III of the ADA, 42 U.S.C. §§ 12101, et seq., and the federal regulations adopted pursuant thereto, except that if the laws of the State of California prescribe higher standards, it shall mean access that meets those higher standards.  Defendants AMTRAK and SCMTD, and each of them, have violated the Public Accommodations Law by, inter alia, denying persons with disabilities full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges offered by Defendants.  Defendant SCMTD has further violated the Public Accommodation Law by violating Title II of the ADA, and the regulations promulgated thereunder, as alleged in Plaintiff's Second Claim for Relief above.  Defendant AMTRAK has further violated the Public Accommodations Law by violating Title II of the ADA, and the regulations promulgated thereunder, as alleged in Plaintiff's First Claim for Relief above.

58. Defendants AMTRAK and SCMTD, and each of them, have violated the Public Accommodations Law by, inter alia, failing to operate their services on a nondiscriminatory basis; failing to ensure that individuals with mobility disabilities who use common wheeled apparatuses have nondiscriminatory, safe access to bus services; and failing to ensure that personnel are trained to proficiency regarding the safe operation of vehicles and equipment and the provision of respectful and courteous service to passengers with disabilities.

59. To the extent that Defendant AMTRAK provides AMTRAK services, including AMTRAK Thruway Bus services, through contractual, licensing or other arrangement with other entities, Defendant AMTRAK has further violated the Public

Accommodations Law by failing to ensure that such entities comply with disability civil rights and access laws.

60. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 54.3, plaintiffs pray for judgment as set forth below.

61. In doing the acts and omissions alleged herein, Defendants, and each of them, knew or should have known that their conduct was directed to persons with disabilities, thereby entitling plaintiffs to recover treble damages, penalties and/or other such remedies pursuant to California Civil Code § 3345, in addition to remedies provided as detailed in the paragraph above.

## COUNT VI – NEGLIGENCE (ALL DEFENDANTS)

62. All preceding paragraphs are incorporated herein by reference.

63. The bus in question was owned and/or operated by Defendants at the time of the incident above.

64. Defendants owed their passengers the highest duty to ensure their safety during their travels.

65. Plaintiff trusted that the driver of Bus #2310 had adequately secured her wheeled apparatus prior to departing on its route to San Jose.

66. Defendants controlled the route taken by Bus #2310.

67. Defendants, by and through their employees and/or agents, caused the injuries and damages sustained by Plaintiff and acted carelessly, negligently, grossly negligently, recklessly, and outrageously through the following actions and/or inactions:

    a. Failing to properly secure Plaintiff's wheeled apparatus;

b. Failing to adhere to a proper speed to prevent Plaintiff from falling over in her wheeled apparatus;

c. Failing to slow down when entering the curve where Plaintiff fell;

d. Failing to adequately train the driver of the bus;

e. Hiring an incompetent driver to operate the bus;

f. Failing to provide adequate equipment to safely transport Failing to properly maintain and/or repair the railroad tracks/track system in question;

g. Violating governmental statutes, regulations and requirements with respect to the bus in question;

h. Failing to properly inspect, maintain, and repair the signal system associated with the train and train tracks in question;

i. Failing to comply with the Defendants' own safety, operating, and other rules, procedures and regulations;

j. Allowing improperly trained and unqualified personnel to operate the bus in question;

k. Failing to provide nondiscriminatory, safe access to bus services;

l. Failing to ensure that its personnel were trained to proficiency regarding the safe operation of vehicles and equipment and the provision of respectful and courteous service to passengers with disabilities; and

m. Failing to comply with federal and state disability rights statutes.

68. Defendants knew or should have known that the actions and/or inactions noted in the paragraph above created an unreasonable risk of injury to persons with disabilities such as Plaintiff.

69. Defendants knew or should have known that persons with disabilities such as Plaintiff would attempt to use its passenger bus services.

70. As a direct and proximate result of the conduct alleged above, Plaintiff sustained damages, including painful physical injuries to her knee and back.  These injuries have still not resolved, and it was and continues to be necessary for Plaintiff to receive medical care and treatment and incur expenses relating thereto.

71. As a result of these injuries, Plaintiff is entitled to damages in an amount to be ascertained according to proof at trial.

## **COUNT VII - (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

### **(ALL DEFENDANTS)**

72. All preceding paragraphs are incorporated herein by reference.

73. Defendants AMTRAK and SCMTD, and each of them, knew or should have known, with the exercise of reasonable care, that the acts, conduct and omissions described above were in violation of Plaintiff's rights, including her rights under California common law and her rights under federal and state disability rights statutes, and that such acts, conduct and omissions would cause Plaintiff to suffer both emotional and physical distress.

74. The negligent failure of Defendants, and each of them, to fulfill their obligations under applicable laws has caused Plaintiff to suffer and continue to suffer, physical injuries, humiliation, anxiety, mental anguish, emotional distress, loss of self-esteem and general damage to personal and social relations.

75. As a result of these injuries, Plaintiff is entitled to damages in an amount to be ascertained according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

1. An order enjoining Defendants, and each of them, and their employees, agents, and any and all other persons acting on Defendants' behalf or under Defendants' control from violating the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); the Unruh Civil Rights Act, California Civil Code §§ 51 *et seq.*; the Public Accommodations Law, California Civil Code §§ 54, 54.1 and 54.2 *et seq.*; and California Civil Code § 3345;

2. An order that Defendants, and each of them, institute and implement policies and practices that provide persons with mobility disabilities who use common wheeled apparatuses nondiscriminatory, safe access to public bus transportation services consistent with federal and state law;

3. An order awarding Plaintiff actual, compensatory, and statutory damages, for violations of her civil rights and for restitution, and a trebling of these damages pursuant to California Civil Code § 3345;

4. An order awarding Plaintiff actual and compensatory damages in compensation for negligent causation of personal injury and negligent infliction of emotional distress.

5. An order awarding Plaintiff reasonable attorney's fees and costs;

6. For such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiff demands judgment against Defendant AMTRAK and SCMTD for such damages as may be permitted pursuant to applicable law, including all compensatory and punitive damages, together with interest, costs and attorney's fees.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues.

Dated:  June 16, 2015

Respectfully Submitted By,

/s/ Amanda Jones_____

Amanda Jones, Plaintiff