UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>    Defendants. | Case No. 15-cv-02726-MEJ<br><br>**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 41 |

## INTRODUCTION

Amanda Jones ("Plaintiff") was injured when riding a bus owned by the National Railroad Passenger Corporation ("Amtrak") and operated by the Santa Cruz Metropolitan Transit District ("SCMTD") (together, "Defendants"). She alleges Defendants violated several anti-disability discrimination statutes and were negligent. Compl., Dkt. No. 1. Defendants now move for judgment on the pleadings, arguing Plaintiff fails to state any disability-based claim. Mot., Dkt. No. 41. Plaintiff filed an Opposition (Dkt. No. 42), and Defendant filed a Reply (Dkt. No. 43). All parties have consented to the jurisdiction of this Court. *See* Dkt. Nos. 8, 12, 16. The Court now finds this matter suitable for disposition without oral argument and **VACATES** the September 8, 2016 hearing scheduled in this matter. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** Defendants' motion for judgment on the pleadings, **WITH LEAVE TO AMEND**.

## BACKGROUND

Plaintiff alleges she "was traveling in a wheeled apparatus (a scooter) and had apprised [her bus driver] that she needed to be secured to avoid falling." Compl. ¶ 11. She contends the bus driver did not know how to properly secure her scooter, would not listen to her instructions,

1    and secured the scooter improperly such that, when the driver sped around a curve, her scooter
2    tipped over, and she was injured. *Id*. ¶¶ 13-15. The Complaint asserts seven claims: (1) a
3    discrimination claim against each Defendant based on disability under the Americans with
4    Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131 et seq.; (2) a claim under Section 504 of
5    the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794(a), against all Defendants;
6    (3) a claim under the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51 et
7    seq., against all Defendants; (4) a claim pursuant to California's Disabled Persons Act ("CDPA"),
8    Cal. Civ. Code §§ 54 et seq., against all Defendants; (5) a negligence claim against all Defendants;
9    and (6) a negligent infliction of emotional distress claim against all Defendants. *See* Compl.

10   At no point in her recital of facts does Plaintiff allege she is disabled, how she is disabled,
11   or that she used the scooter because she was disabled. In her ADA claim against Amtrak, Plaintiff
12   alleges Amtrak "knew or should have known" she was disabled; and in her ADA claim against
13   SCMTD, Plaintiff does allege she is "a qualified individual with a disability within the meaning of
14   42 U.S.C. § 1231(1)." *Id*. ¶¶ 28, 31. She also alleges in her negligence claim that Defendants
15   "should have known that persons with disabilities such as Plaintiff would attempt to use [their]
16   passenger bus services." *Id*. ¶ 69. Nowhere in the Complaint does Plaintiff allege how she is
17   disabled.
18   In their Motion, Defendants seek judgment on Plaintiff's ADA claims, Rehabilitation Act
19   claim, Unruh Act claim, and CDPA claim.

                              **LEGAL STANDARD**

21   Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but
22   early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P.
23   12(c). "Judgment on the pleadings is properly granted when there is no issue of material fact in
24   dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581
25   F.3d 922, 925 (9th Cir. 2009).
26   "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6)
27   because, under both rules, a court must determine whether the facts alleged in the complaint, taken
28   as true, entitle the plaintiff to a legal remedy." *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir.

2012) (internal quotation marks and citation omitted).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  While a complaint need not contain "detailed factual allegations" to survive a Rule 12(b)(6) motion, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citations omitted).  A claim is plausible on its face when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

In considering whether a claim satisfies this standard, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (internal quotation marks omitted).  "[I]t is within [the court's] wheelhouse to reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).

## DISCUSSION

The Court considers first whether Plaintiff's Complaint adequately states a claim to survive Defendants' Rule 12(c) Motion, and second, whether to grant Plaintiff leave to amend.

**A.   Whether Plaintiff States a Claim**

While Plaintiff does not need to plead a detailed, prima facie discrimination case to survive a Rule 12(c) motion, her pleading must give Defendants fair notice of her claims and the grounds upon which those claims rest:

> The Ninth Circuit has interpreted *Iqbal* and *Twombly* to hold that (1) to be entitled to the presumption of truth, allegations in a complaint may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; and (2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the

3

> opposing party to be subjected to the expense of discovery and continued litigation. [Citation.] While a plaintiff need not plead facts constituting all elements of a prima facie employment discrimination case in order to survive a Rule 12(b)(6) motion to dismiss, courts nevertheless look to those elements to analyze a motion to dismiss, so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. [Citations].

*Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 796-97 (N.D. Cal. 2015) (citations omitted); *see also Lacayo v. Donahoe*, 2015 WL 993448, at *14 (N.D. Cal. Mar. 4, 2015) ("*Iqbal* and *Twombly* eliminated mere notice pleading, and instead plainly require a plaintiff to plead facts sufficient to give rise to a plausible claim for relief.").

In order to plead a disability discrimination claim under the ADA, the Rehabilitation Act, the Unruh Act, or the CDPA, Plaintiff must plead facts sufficient to show she is a disabled individual whose disability limits a major life activity.[1] Plaintiff has failed to plead facts sufficient to give rise to a plausible claim for relief under any of these statutes. Instead of identifying her alleged disability and facts sufficient to show the disability impairs a major life activity, she only alleges that (1) she used a scooter, and (2) she is a qualified individual with a disability. *See* Compl. ¶¶ 11, 28, 31, 69. Courts in this district consistently find these types of vague, conclusory, allegations are insufficient to state a claim for disability discrimination. *See, e.g.*, *Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1119 (N.D. Cal. Sept. 30, 2011) (finding ADA claim deficiently pleaded because plaintiff did not provide any details regarding her disability and instead made "the conclusory assertion that she 'is a disabled veteran'"); *Lacayo*, 2015 WL 993448, at *15 (while complaint alleged enough facts for court to conclude plaintiff "may qualify as disabled based on her various mental-health diagnoses," disability claim insufficiently pleaded

---

[1] *See* 42 U.S.C. § 12102(1)(A) (defining "disability" as "a physical or mental impairment that substantially limits one or more major life activities"); *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (standards of substantive liability of ADA, including definition of disability, are incorporated into the Rehabilitation Act); Cal. Civ. Code § 51(e)(1) (defining disability as "any mental or physical disability as defined in Sections 12926 and 12926.1 of the Government Code"); Cal. Civ. Code § 54(b)(1) (defining "disability" as "any mental or physical disability as defined in Section 12926 of the Government Code"); Cal. Gov. Code § 12926(m) (defining "physical disability" as including conditions that both affect specific body systems and that "limit[] a major life activity"); *see also* Opp'n at 3-4.

1  where she failed "to specify which condition was purportedly the basis" of the discriminatory
2  action (citing *McKenna v. Permanente Med. Grp., Inc.*, 894 F. Supp. 2d 1258, 1278 (E.D. Cal.
3  2012) (plaintiff failed to state discrimination claim where claims were "vague as to [the] alleged
4  disability and fail[ed] to identify it precisely.")))); *Roughgarden v. YottaMark, Inc.*, 2011 WL
5  856279, at *4 (N.D. Cal. Mar. 9, 2011) (dismissing discrimination claim where plaintiff did not
6  allege the nature of his impairment and only "suggest[ed] an impairment" by "referenc[ing] the
7  back surgery he underwent a few months before he was terminated." ); *Rodriguez v. John Muir*
8  *Med. Ctr.*, 2010 WL 1002641, at *2 (N.D. Cal. Mar. 18, 2010) (plaintiff failed to plead ADA
9  claim despite alleging " a disability involving her back which required reasonable
10 accommodation" and that the disability "impacted major life activities such as lifting" because
11 plaintiff had "not alleged facts that suggest that she is substantially impaired by her purported
12 disability.  Her allegations do not illuminate the nature, severity, duration and impact of her
13 disability."). The Complaint thus insufficiently pleads the threshold issue in Plaintiff's disability
14 discrimination claims—that she is disabled.

15       Plaintiff also fails to allege enough facts to show Defendants discriminated against her
16 *based* on her disability, which is an element of her ADA and Rehabilitation Act claims. *See*
17 *Shankar v. U.S. Dep't of Homeland Sec.*, 2014 WL 523960, at *4 (N.D. Cal. Feb. 6, 2014)
18 (citations omitted); *Smith v. Brennan*, 2016 WL 1446720, at *4 (N.D. Cal. Apr. 13, 2016)
19 (Rehabilitation Act claim deficiently pleaded where (1) nature of disability or impairment was
20 unclear; (2) plaintiff alleged no facts showing impairment substantially limited a major life
21 activity; and (3) plaintiff alleged no facts "plausibly establishing" that any employment decision
22 was motivated by his impairments or that his employer failed to provide a reasonable
23 accommodation).  Additionally, to plead disability discrimination claim under the Unruh Act
24 (apart from one that is premised on a violation of the ADA), Plaintiff must allege facts showing
25 the discrimination was intentional. *See Phillips v. P.F. Chang's China Bistro, Inc.*, 2015 WL
26 469049, at *6 (N.D. Cal. Aug. 6, 2015).

27       Plaintiff alleges the bus driver was "confused" about how to secure her scooter (Compl.
28 ¶ 12) and failed to properly do so.  But the remainder of her allegations are purely conclusory and

restate that Defendants violated each statute by failing to operate their services on a nondiscriminatory basis, failing to ensure individuals with mobility devices have non-discriminatory safe access to bus services, and failing to ensure personnel are proficiently trained regarding the safe operation of vehicles. *See id.* ¶¶ 26, 41, 49, 58. Plaintiff insufficiently alleges any facts showing the bus driver's failure was based on Plaintiff's disability, as opposed to being merely accidental. She also insufficiently alleges any facts showing the bus was not readily accessible and usable by individuals with disabilities, for example, because it was outfitted with improper or malfunctioning equipment, or that the bus driver was not trained in how to use the equipment. The driver's confusion and failure to properly secure Plaintiff's scooter does not, in and of itself, sufficiently plead discrimination based on disability. Failure to provide access on any given occasion is not necessarily sufficient to state a claim under the ADA or the Rehabilitation Act; Plaintiff instead must show that Defendants' program, when viewed in its entirety, is not readily accessible to or usable by persons with disabilities. *Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1021 (9th Cir. 2002). Plaintiff thus fails to plead facts sufficient to give rise to a plausible claim that Defendants discriminated against her because of any disability.

In light of the foregoing pleading defects, the Court agrees with Defendants that Plaintiff has failed to state her disability-based claims.

**B.      Leave to Amend**

Defendants argue leave to amend is inappropriate because Plaintiff failed to amend her Complaint after they first highlighted the deficiencies addressed in this Motion in February 2016. *See* Dkt. No. 28 (First Motion for Judgment on Pleadings); *see also* Dkt. No. 30 (denying First Motion for Judgment on the Pleadings without prejudice because case stayed under General Order 56). Based on Plaintiff's arguments in her Opposition, Defendants also argue that granting leave to amend would be futile.

In her Opposition, Plaintiff declines the opportunity to demonstrate she can plead facts sufficient to state her disability-based claims. For example, instead of identifying her alleged disability, and the manner in which this disability limits a major life activity, Plaintiff explains she was "traveling by motorized scooter" (Opp'n at 2) at the time of the accident "to prevent

1  additional pain and stress to her legs for walking for extended periods of time" because her
2  "ability to walk was substantially limited by her *prior healing injuries*" (*id*. at 5) (emphasis
3  added); *see also* Opp'n, Ex. A at 5 ("the discrimination was based on her disability because no one
4  else on the bus needed restraints other than those in wheeled apparatuses, all of whom would
5  therefore be disabled.").[2]  Plaintiff's failure to demonstrate in her Opposition that she could
6  sufficiently plead facts showing the existence of a disability and of discrimination based on that
7  disability suggests she cannot do so.  But in the event Plaintiff is able to cure these defects, the
8  Court will grant Plaintiff leave to amend.  *See Lopez v. Regents of Univ. of Cal.*, 5 F. Supp. 3d
9  1106, 1113 (N.D. Cal. 2013) ("Where a court grants . . . a motion for judgment on the pleadings
10  under Rule 12(c), leave to amend should be freely given if it is possible that further factual
11  allegations will cure any defect.").

## CONCLUSION

For the reasons stated above, the Court grants Defendants' Motion for Judgment on the Pleadings with respect to Plaintiff's disability-discrimination claims (Claims I-V of the Complaint), with leave to amend.  Defendants' request for reasonable attorneys' fees and costs (Mot. at 11; Reply at 3-4) is denied.  Any amended complaint must be filed no later than September 28, 2016.

**IT IS SO ORDERED.**

Dated: August 31, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[2] Temporary injuries, such as a broken leg, are not generally considered disabilities under the ADA.  *See Apostol v. Castro Valley Unified Sch. Dist.*, 2011 WL 5104361, at *3 (N.D. Cal. Oct. 27, 2011); *see also Moore v. Donahoe*, 2012 WL 2979024, at *4 (N.D. Cal. July 19, 2012) ("The ADA definition of 'disability' does not cover 'transient, nonpermanent condition[s].'") (citations omitted).

7