UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>    Defendants. | Case No. 15-cv-02726-TSH<br><br>**ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 106 |

## I. INTRODUCTION

Amanda Jones ("Plaintiff") was injured when riding a bus owned by National Railroad Passenger Corporation ("Amtrak") and operated by Santa Cruz Metropolitan Transit District ("SCMTD"; together, "Defendants"). She alleges Defendants violated several federal and state anti-disability discrimination statutes and were negligent. Sec. Am. Compl. ("SAC"), ECF No. 102. Pending before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 106. Plaintiff filed an Opposition (ECF No. 111) and Defendants filed a Reply (ECF No. 112). The Court finds this matter suitable for disposition without oral argument and **VACATES** the October 4, 2018 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Defendants' Motion for the following reasons.

## II. BACKGROUND

**A.   Original Complaint**

In her original complaint, filed June 17, 2015, Plaintiff alleged she "was traveling in a wheeled apparatus (a scooter) and had apprised [her bus driver] that she needed to be secured to avoid falling." Compl. ¶ 11, ECF No. 1. She alleged the bus driver did not know how to properly

secure her scooter, would not listen to her instructions, and secured the scooter improperly such that, when the driver sped around a curve, her scooter tipped over and she was injured. *Id*. ¶¶ 13-15. Based on these facts, Plaintiff asserted the following claims: (1) discrimination based on disability under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131 et seq.; (2) a claim under Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794(a); (3) a claim under the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51 et seq.; (4) a claim pursuant to California's Disabled Persons Act ("CDPA"), Cal. Civ. Code §§ 54 et seq.; (5) negligence; and (6) negligent infliction of emotional distress("NIED"). Compl. ¶¶ 22-75.

On July 20, 2016, Defendants filed a Motion for Judgment on the Pleadings, arguing Plaintiff had insufficiently pleaded her disability discrimination claims. *See* First Mot., ECF No. 41. The Court granted the motion with leave to amend, finding Plaintiff insufficiently pleaded both the threshold issue of whether she is disabled and "facts sufficient to give rise to a plausible claim that Defendants discriminated against her because of any disability." Order re: First Motion at 5-6, ECF No. 45.

## B. First Amended Complaint

Plaintiff filed a First Amended Complaint on September 28, 2016. She added the following new allegations: Plaintiff is a "qualified individual with a disability" under the ADA and the Rehabilitation Act "because she has a physical impairment that substantially limits her in the major life activity of walking." First Am. Compl., ECF No. 49, ¶¶ 2, 20, 36, 37. She alleged: "At the time of the accident, [she] traveled by a common wheeled apparatus (scooter) to get around the city due to injuries sustained in a previous accident." *Id*. ¶ 3; *see also id*. ¶ 13 ("Due to her disability, [Plaintiff] traveled by a wheeled apparatus (scooter) at the time of the accident"). She further alleged Defendants "knew or should have known [Plaintiff] was a disabled person with a federally protected right of equal access to a public entity's services pursuant to the ADA and Section 504." *Id*. ¶ 14. Plaintiff also alleged she informed the bus driver she needed to be secured to avoid falling; that the driver attempted to secure Plaintiff using the available equipment but was confused about how to secure the scooter; that the driver ignored Plaintiff's instructions

2

for securing the scooter, such that when the driver sped around a curve, the scooter tipped over, resulting in injuries to Plaintiff. *Id*. ¶¶ 15-22. She further alleged Amtrak failed to "provide staff proficiently trained in operating the securement technology" on the bus, thereby denying Plaintiff equal access to Defendants' services by reason of her disability. *Id*. ¶ 32. Based on these facts, Plaintiff reasserted each claim in in the original complaint. She also sought an order enjoining Defendants from further discriminatory conduct and requiring them to institute policies and practices relevant to Plaintiff's claims, as well as damages and attorneys' fees and costs. *Id*. at 15-16.

On October 12, 2016, Defendants filed a Second Motion for Judgment on the Pleadings, seeking judgment on Plaintiff's ADA claims, Rehabilitation Act claim, Unruh Act claim, CDPA claim, and NIED claim. Sec. Mot., ECF No. 51. Defendants also filed a Motion to Strike, requesting the Court strike Plaintiff's NIED claim, certain paragraphs from the factual averments of the First Amended Complaint, and certain prayers for relief. ECF No. 52. On July 16, 2018, the Court granted Defendants' motion with leave to amend. Order re: Second Motion, ECF No. 101. The Court found Plaintiff adequately pleaded that she is a person with a disability, but found her allegations regarding Defendants' conduct, as opposed to the driver (who is not a named defendant) were conclusory and insufficient to state a plausible claim. *Id.* at 5-9. The Court also found Plaintiff failed to demonstrate she has constitutional standing to obtain prospective relief under the ADA, or any of her other claims, because the incident took place in Santa Cruz and she failed to allege that she intended to return to Santa Cruz and utilize Defendants' bus services. *Id.* at 10.

## C. Second Amended Complaint

Plaintiff filed the operative Second Amended Complaint on July 30, 2018. ECF No. 102. It sets forth six causes of action: (1) an ADA claim against Amtrak; (2) a separate ADA claim against SCMTD; (3) a Rehabilitation Act claim against both Defendants; (4) an Unruh Act claim against both Defendants; (5) a CDPA claim against both Defendants; and (6) negligence against both Defendants. Sec. Am. Compl. ¶¶ 40-90. The facts from this complaint are as follows.

On August 25, 2014, Plaintiff was a passenger on Amtrak's Highway 17 Express bus

3

(#2310) from Santa Cruz to San Jose, California. *Id.* ¶ 14. At the time, Plaintiff was a Ph.D. student at the University of Chicago and had traveled to California for a conference. *Id.* ¶¶ 12-13. Due to her disability, Plaintiff traveled "by a wheeled apparatus (scooter)." *Id.* ¶ 15. She alleges Defendants "knew or should have known that Ms. Jones was a disabled person with a federally protected right of equal access to a public entity's services pursuant to the ADA and Section 504." *Id.* ¶ 16. Plaintiff informed the driver that she needed to be secured to avoid falling; however, "[b]ased upon the occasions in which Plaintiff rode the bus," she alleges "Defendants have failed to properly train their employees on disabled passengers." *Id.* ¶¶ 17-18. She further alleges "Defendants knew of their driver's lack of training due to prior incidents." *Id.* ¶ 22.

The driver attempted to secure Plaintiff's scooter using the belts and hooks on the bus which were ordinarily used to serve disabled clientele, but the driver was confused about how to properly secure her scooter and therefore "unable to properly secure Ms. Jones' scooter due to a lack of training by Defendants." *Id.* ¶¶ 20-21. Plaintiff attempted to inform the driver of how other bus drivers had secured her scooter in the past, but the driver "ignored Ms. Jones' instructions and also failed to figure out how to properly secure Ms. Jones' scooter and proceeded to secure Ms. Jones' scooter in a way that was not secure." *Id.* ¶¶ 23-24. Plaintiff alleges that "[b]y ignoring Ms. Jones' instructions and by failing to figure out how to properly secure Ms. Jones' scooter, Defendant acted with deliberate indifference to the substantial likelihood that Ms. Jones, a qualified individual with a disability, would suffer harm to her federally protected right of safe and equal access to a public entity's services, under the ADA, if he failed to properly secure her scooter." *Id.* ¶ 25. After attempting to secure Plaintiff's scooter, the driver sped around a curve, the scooter tipped over, and Plaintiff was thrown to the floor of the bus. *Id.* ¶ 26.

Plaintiff alleges Defendants caused her injuries "as a direct and proximate result of Defendants' deliberate indifference to the substantial likelihood of harm to Ms. Jones' federally protected right of equal and safe access to a public entity's services, in the manner as alleged above, causing Ms. Jones to suffer serious injuries including, but not limited to, injuries to her knee and back." *Id.* ¶ 27. Following the fall, the driver and another passenger came to assist Plaintiff, and the passenger assisted the driver in identifying the correct way to secure her scooter.

4

*Id.* ¶ 28. A supervisor was called to the scene of the incident, after which "an argument ensued in Spanish between the driver and the supervisor." *Id.* ¶ 29. Plaintiff reported the incident to both Defendants. *Id.* ¶ 31. Amtrak stated it did not operate the bus in question and referred her to SCMTD. *Id.* ¶ 32. SCMTD denied her claim by letter dated December 16, 2014. *Id.* ¶ 33.

Plaintiff incurred medical expenses for suffered injuries because of the incident. *Id.* ¶ 30. Due to her inability to heal from her injuries, she relocated to California to pursue her Ph.D. remotely "and is likely to use Defendants' bus system in the future." *Id.* ¶ 34. Since the incident, she has traveled on Defendants' transportation system on other occasions. *Id.* ¶ 35. "During one such incident, in attempting to travel to the courthouse for the present litigation, the bus was significantly delayed because the wheelchair lift was not working properly and the driver did not know how to operate it." *Id.* ¶ 36. The driver had to call a supervisor for instructions on how to operate the lift and, after finally being loaded onto the bus, Plaintiff was forced to wedge herself in between regular seats and the bathroom of the bus. *Id.* ¶¶ 37-38. Due to this arrangement, the bathroom door would hit Plaintiff in the legs every time it was opened, which caused her legs to swell significantly and become sore. *Id.* ¶ 39.

On August 20, 2018, Defendants filed the present motion, seeking dismissal of Counts One through Five. Defendants also filed a Request for Judicial Notice. ECF No. 106-1.

### III. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550

5

U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. REQUEST FOR JUDICIAL NOTICE

As a preliminary matter, Defendants request the Court take judicial notice of the following documents: (1) Plaintiff's First Amended Complaint, filed September 28, 2016 (ECF No. 49); and (2) the parties' Joint Letter Regarding Discovery Dispute – Location of Defendant's Medical Examination of Plaintiff, filed June 15, 2018 (ECF No. 95). Plaintiff has not opposed their request. In general, the Court may not look beyond the four corners of a complaint in ruling on a Rule 12(b)(6) motion, with the exception of documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).

The Court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Proper subjects of judicial notice when ruling on a motion to dismiss include court documents already in the public record and documents filed in other courts. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, because these documents are in the public record of this case, the Court **GRANTS** Defendants' request.

## V. DISCUSSION

In their motion, Defendants seek dismissal of all but Plaintiff's negligence claim "on the ground that this is a simple personal injury case and does not implicate or show actionable discrimination from a single instance of alleged negligence." Mot. at 1. The Court notes that Defendants' previous two motions for judgment on the pleadings addressed these same issues, and both times the Court granted Defendants' motions with leave to amend, finding Plaintiff may be able to allege sufficient facts to state plausible claims. *See Jones v. Nat'l R.R. Passenger Corp.*, 2016 WL 4538367, at *1 (N.D. Cal. Aug. 31, 2016) (ECF No. 45); *Jones v. Nat'l R.R. Passenger Corp.*, 2018 WL 3429076, at *1 (N.D. Cal. July 16, 2018) (ECF No. 101). Defendants also argue Plaintiff cannot establish standing because she fails to allege she intends to return to Santa Cruz. Mot. at 13.

### A. Discrimination

While Plaintiff does not need to plead a detailed, prima facie discrimination case to survive a Rule 12(b)(6) motion, her pleading must give Defendants fair notice of her claims and the grounds upon which those claims rest:

> The Ninth Circuit has interpreted *Iqbal* and *Twombly* to hold that (1) to be entitled to the presumption of truth, allegations in a complaint may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; and (2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. [Citation.] While a plaintiff need not plead facts constituting all elements of a prima facie employment discrimination case in order to survive a Rule 12(b)(6) motion to dismiss, courts

7

> nevertheless look to those elements to analyze a motion to dismiss, so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. [Citations].

*Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 796-97 (N.D. Cal. 2015) (citations omitted); *see also Lacayo v. Donahoe*, 2015 WL 993448, at *14 (N.D. Cal. Mar. 4, 2015) ("*Iqbal* and *Twombly* eliminated mere notice pleading, and instead plainly require a plaintiff to plead facts sufficient to give rise to a plausible claim for relief.").

### 1. Disabled Individual

In order to plead a disability discrimination claim under the ADA, the Rehabilitation Act, the Unruh Act, and the CDPA, Plaintiff must plead facts sufficient to show she is a disabled individual whose disability limits a major life activity.[1] Plaintiff alleges she (1) is a qualified individual with a disability, (2) has a physical impairment that substantially limits her ability to walk, and (3) used a scooter at the time of the accident because of injuries sustained in a previous accident. *See* Sec. Am. Compl. ¶¶ 2-3, 15, 25, 49. The Court previous found these allegations sufficient to plead Plaintiff is disabled. ECF No. 101 at 5.

### 2. Discrimination

To plead ADA and Rehabilitation Act claims, Plaintiff must allege enough facts to show Defendants discriminated against her based solely on her disability. *See Shankar v. U.S. Dep't of Homeland Sec.*, 2014 WL 523960, at *4 (N.D. Cal. Feb. 6, 2014) (citations omitted); *Smith v. Brennan*, 2016 WL 1446720, at *4 (N.D. Cal. Apr. 13, 2016) (Rehabilitation Act claim deficiently pleaded where plaintiff alleged no facts "plausibly establishing" that any employment decision was motivated by his impairments or that his employer failed to provide a reasonable

---

[1] *See* 42 U.S.C. § 12102(1)(A) (defining "disability" as "a physical or mental impairment that substantially limits one or more major life activities"); *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (standards of substantive liability of ADA, including definition of disability, are incorporated into the Rehabilitation Act); Cal. Civ. Code § 51(e)(1) (defining disability as "any mental or physical disability as defined in Sections 12926 and 12926.1 of the Government Code"); Cal. Civ. Code § 54(b)(1) (defining "disability" as "any mental or physical disability as defined in Section 12926 of the Government Code"); Cal. Gov. Code § 12926(m) (defining "physical disability" as including conditions that both affect specific body systems and that "limit[] a major life activity").

8

accommodation). Additionally, to plead a disability discrimination claim under the Rehabilitation Act and the Unruh Act (apart from one that is premised on a violation of the ADA), Plaintiff must allege facts showing the discrimination was intentional. *See Phillips v. P.F. Chang's China Bistro, Inc.*, 2015 WL 469049, at *6 (N.D. Cal. Aug. 6, 2015); *cf. Ferguson v. City of Phoenix*, 157 F.3d 668, 675-76 (9th Cir. 1998) (to obtain compensatory damages under ADA, plaintiff must show discriminatory intent; however, no showing of intent is necessary to obtain injunctive relief under ADA). She can demonstrate intent either by showing discriminatory animus or deliberate indifference. *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008). To plead disability discrimination under the CDPA, Plaintiff may show Defendants violated California accessibility requirements or federal disability law. *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1074-75 (N.D. Cal. 2014).

As with her original and first amended complaints, Plaintiff alleges the bus driver was "confused" about how to secure her scooter and he failed to properly secure her, despite informing him she needed to be secured to avoid falling and trying to instruct him in how to secure her properly. Sec. Am. Compl. ¶¶ 17-26. Based on this interaction, Plaintiff alleges "Defendant knew or should have known that [she] was a disabled person" (*id.* ¶ 16), that "Defendant knew or should have known that he did not know how to properly secure" the scooter (*id.* ¶ 24), and that in ignoring her instructions, "Defendant acted with deliberate indifference" to the risk Plaintiff would suffer harm (*id.* ¶ 25). The Court previously found these allegations were insufficient to allege discrimination against the named Defendants as opposed to the driver. Order re: Sec. Mot. for J. on the Pleadings at 7 ("But the "Defendant" in these allegations appears to refer to the bus driver, who is not a defendant in this action.").

In her Second Amended Complaint, Plaintiff adds new allegations that Defendants have failed to properly train their employees on disabled passengers, the driver was unable to properly secure her scooter due to this lack of training, and Defendants knew of their driver's lack of training due to prior incidents. Sec. Am. Compl. ¶¶ 18, 21-22. In her Opposition, Plaintiff argues she seeks to prove Defendants' discriminatory intent by showing their deliberate indifference to her disability. Opp'n at 6. "To show that Defendants were deliberately indifferent, Plaintiff must

9

allege plausible facts that Defendants had knowledge that a harm to Plaintiff's right to safe and equal access was substantially likely, and that they failed to act upon that likelihood." *Jones*, 2018 WL 3429076, at *5 (citing *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) ("Deliberate indifference standard" in ADA Title II context "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon the likelihood"); *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011) ("[D]eliberate indifference requires a culpable mental state. The state actor must recognize [an] unreasonable risk and actually intend[] to expose the plaintiff to such risks without regard to the consequences to the plaintiff. In other words, the defendant knows that something is going to happen but ignores the risk and exposes the plaintiff to it."). "Failure to train personnel to proficiency could constitute deliberate indifference to the rights of disabled passengers who need to be secured to safely use Defendants' services if Defendants were aware that their driver(s) were not trained to proficiency in securing wheeled scooters on the bus, and failed to act upon that knowledge." *Jones*, 2018 WL 3429076, at *5 (citing *Duvall*, 260 F.3d at 1139).

Defendants argue Plaintiff's allegations fail because she cannot establish a discrimination claim based on one incident related to the securement of wheeled scooters. Mot. at 10. As the Court recognized in its previous order, "there is a paucity of authority addressing whether, as a matter of law, a single instance of failing to provide equal access states an ADA claim." *Jones*, 2018 WL 3429076, at *4 (citing cases). However, the Court found it inappropriate "to hold that, as a matter of law, Plaintiff cannot state a claim for disability discrimination based on the single incident alleged in the [First Amended Complaint]." *Id.* ("Evidence may support Defendants' contention that this single incident is insufficient to show a violation of the anti-discrimination statutes Plaintiff alleges were violated, or it may reveal circumstances establishing the single incident is sufficient."). In her Second Amended Complaint, Plaintiff has alleged other instances of difficulty in using Defendants' services due to a lack of suitable access for her disability. Plaintiff now alleges she "has traveled on Defendants' transportation system on other occasions" and "[d]uring one such incident, in attempting to travel to the courthouse for the present litigation, the bus was significantly delayed because the wheelchair lift was not working properly and the

driver did not know how to operate it." Sec. Am. Compl. ¶¶ 35-36.

Despite Plaintiff's new allegations, Defendants argue they cannot be held liable because, even though Plaintiff alleges the driver was unable to properly secure her scooter due to a lack of training by Defendants, "there is no allegation plausibly showing intent, much less deliberate indifference, by a failure to act on that knowledge." Mot. at 12. However, Plaintiff alleges "Defendants knew of their driver's lack of training due to prior incidents." Sec. Am. Compl. ¶ 22. Plaintiff's contention is not limited to a single driver, but instead alleges that all of Defendants' drivers were untrained or not fully trained to proficiency. *Id.* ¶ 18 (alleging "Defendants have failed to properly train their employees on disabled passengers"); *see also id.* ¶¶ 43, 44, 52, 60, 68, 77. Further, Plaintiff cannot be expected to allege specific facts related to Defendants' disability training at this stage in the litigation because that information is Defendants' control. "The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017), *cert. denied sub nom. Thompson v. Park*, 138 S. Ct. 642 (2018) (internal quotations and citation omitted); *see also Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995) ("[W]e relax pleading requirements where the relevant facts are known only to the defendant."). Because many of the relevant facts here are known only to Defendants, the Court finds Plaintiff pleads enough factual content to draw the reasonable inference that Defendants are liable for the misconduct alleged.

**B.     Standing**

In its previous order, the Court found Plaintiff failed to demonstrate she has constitutional standing to obtain prospective relief under her discrimination claims because she failed to allege she intends to return to Santa Cruz to utilize Defendants' bus system. Order re: First Mot. for J. on the Pleadings at 10. Plaintiff now alleges she has "relocated to California to pursue her Ph.D. remotely and is likely to use Defendants' bus system in the future." Sec. Am. Compl., ¶ 34. She further alleges she "has traveled on Defendants' transportation system on other occasions" and had further issues related to her disability. *Id.* ¶¶ 35-39.

To demonstrate standing for injunctive relief under Article III of the United States

Constitution, Plaintiff "must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (citations omitted); *see also San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (plaintiff seeking injunctive relief must show significant possibility of future harm). An "ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Chapman*, 631 F.3d at 949-50; *see also O'Campo v. Ghoman*, 622 Fed. App'x 609, 609 (9th Cir. 2015) (no standing to pursue ADA barrier-to-access claim unless plaintiff can show likelihood of future harm by establishing either (1) intent to return or (2) barriers deter plaintiff from returning, but that plaintiff would return if barriers were removed) (quoting *Chapman*, 631 F.3d at 950)). As

As Plaintiff now lives in California and has used and plans to again use Defendants' transportation system, there appear to be sufficient plausible facts to demonstrate standing for injunctive relief. *See Barilleaux v. Mendocino Cty.*, 61 F. Supp. 3d 906, 917-18 (N.D. Cal. 2014) (denying motion to dismiss ADA and Rehabilitation Act claims where plaintiff established standing to obtain injunctive relief by alleging she had a need to, wished to return to, and was deterred from returning to, non-compliant building). However, Defendants argue Plaintiff cannot demonstrate standing because she is a resident of Los Angeles and "[h]er use of defendant AMTRAK's train system to travel to San Francisco for a court appearance in this case does not indicate an intent to return to Santa Cruz." Mot. at 13; *see also* Jt. Ltr. re: Pl.'s Med. Exam., ECF No. 95 (dispute regarding Plaintiff's request that her Independent Medical Examination take place in Los Angeles, where she resides). While further discovery may prove Defendants correct, Plaintiff has pleaded additional travel on Defendants' transportation system and that she is likely to use the system in the future. Taking these allegations as true at this stage, the Court finds Plaintiff has alleged facts sufficient to establish Article III standing. The parties are advised that the Court may revisit the issue of standing at the summary judgment phase, if appropriate after further discovery. *See Berg v. Bed Bath & Beyond, Inc.*, 2017 WL 1483357, at *6 (D. Haw. Apr.

1  24, 2017) (granting summary judgment based on lack of standing in ADA case and discussing

2  four factors district courts use to determine a plaintiff's intent to return: "(1) the proximity of the

3  place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of

4  defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's

5  frequency of travel near defendant's location area.") (citing *Molski v. Mandarin Touch Rest.*, 385

6  F. Supp. 2d 1042, 1045 (C.D. Cal. 2005) (same).

### VI. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion to Dismiss Counts One through Five of Plaintiff's Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: September 18, 2018

THOMAS S. HIXSON
United States Magistrate Judge

13