UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>        Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>        Defendants. | Case No. 15-cv-02726-TSH<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE EXPERT WITNESSES**<br><br>Re: Dkt. No. 239 |

## I.   INTRODUCTION

Plaintiff Amanda Jones seeks to substitute two experts after the close of expert discovery. ECF No. 239. Defendants Santa Cruz Metro Transit District and National Railroad Passenger Corporation filed an Opposition (ECF No. 243) and Jones filed a Reply (ECF No. 244). The Court previously vacated the hearing pursuant to Civil Local Rule 7-1(b). ECF No. 242. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Jones's motion to substitute an alternative expert for Dr. Michael Freeman and a rebuttal expert witness for Barry Atwood for the following reasons.

## II.   BACKGROUND

Jones initiated this action in 2015 after she fell from her mobility device scooter while riding a bus operated by Defendants. She alleged Defendants were negligent and violated the Americans with Disabilities Act and other civil rights laws. Expert discovery closed on April 18, 2019. ECF No. 165.

On March 7, 2019, Jones disclosed the expert report of Dr. Michael Freeman, a forensic epidemiologist, who provided his opinion as to her medical condition and its effect on her alleged injuries sustained in the incident. Mot. at 2; Howie Decl. ¶ 3 & Ex. B, ECF Nos. 243-1, 243-3.

1  Jones also provided the report of Ned Einstein, a rehabilitation counselor and vocational evaluator,
2  who opined as to Defendants' alleged failure to comply with ADA requirements. Mot. at 2;
3  Howie Decl., Ex. B. On March 15 she disclosed Barry Atwood, an ADA access consultant, "to
4  rebut any reports, testimony or evidence provided by Defendants' ADA expert(s)." Mot. at 2;
5  Howie Decl., Ex. C.
6        On October 10, 2019, the Court granted summary judgment in Defendants' favor as to all
7  remaining claims. ECF No. 197. On May 18, 2021, the Ninth Circuit affirmed the Court's
8  decision as to Jones's ADA claims and reversed and remanded the action as to her negligence
9  claim. ECF No. 221. Upon remand, the Court set the case for a jury trial on May 16, 2022. ECF
10 No. 227.
11       On December 22, 2021, the parties filed a stipulation to extend the expert deposition
12 deadline to March 4, 2022, as no depositions were taken before Defendants' summary judgment
13 motion. ECF No. 233. The Court granted the parties' request. ECF No. 234. On December 30
14 defense counsel contacted Jones's counsel to notice expert depositions. Howie Decl. ¶ 10 & Ex.
15 H, ECF No. 243-9. Throughout January and into early February, counsel exchanged emails
16 regarding scheduling expert depositions. *Id.* ¶ 13 & Ex. K, ECF No. 243-12. On January 7
17 Jones's counsel indicated that Barry Atwood was deceased and "since there is no ADA claims
18 [sic], I do not intend to call Ned Einstein." *Id.*, Ex. H. On January 10 Jones served Rule 26(a)(3)
19 disclosures indicating three experts: Michael Freeman ("neurologist to assess Plaintiff's treatment,
20 damages, and prognosis"), Nora Ostrofe (economist to assesses [sic] assess damages), and John
21 McKinney (vocational evaluator to assess damages). *Id.* ¶ 12 & Ex. J., ECF No. 243-11.
22       On February 7 Jones's counsel indicated she wanted to substitute a neurologist for Dr.
23 Freeman, stating "[s]ince it has been 3 years, we have not had contact with most of them to
24 confirm and we are not going to be able to proceed with him." *Id.* ¶ 14 & Ex. L, ECF No. 243-13.
25 Defense counsel responded that Defendants did not agree to add a new expert, citing prejudice and
26 lack of diligence on Jones's part. *Id.* ¶ 15 & Ex. M, ECF No. 243-14. In a separate email that day,
27 Jones's counsel indicated that since Barry Atwood was deceased, she would "seek to replace" him
28 as well. *Id.* ¶ 16 & Ex. N, ECF No. 243-15.

1    Jones filed the present motion on February 8, 2022, seeking leave to substitute alternative
2    experts for Dr. Freeman and Barry Atwood, "who will testify on the same subject matters, using
3    the same data and other materials."

### III. LEGAL STANDARD

Jones's motion to substitute expert witnesses is properly analyzed under Federal Rule of Civil Procedure Rule 16, which provides that a pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 8094582, at *1 (N.D. Cal. Nov. 19, 2014) (citing cases). "Good cause requires a showing of diligence." *Fujifilm*, 2014 WL 8094582, at *1 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (internal citation omitted).

### IV. DISCUSSION

Jones argues good cause exists to permit substitute experts because she acted diligently and would be substantially prejudiced if she could not replace the experts she hired several years ago. Mot. at 4-5. She notes the case has been dormant due to the COVID-19 pandemic and her appeal to the Ninth Circuit, and that her counsel, "[a]fter receiving correspondence from counsel for Defendants . . . sought to contact all of the experts whom I had previously engaged in this matter before it went up on appeal." *Id.*; Aikens Decl. ¶ 2, ECF No. 239-1. However, she was advised that Dr. Freeman was no longer willing to serve as an expert and that Barry Atwood was deceased, and counsel has endeavored to secure other experts in the interim to address the matters attested to by Dr. Freeman and Barry Atwood. Mot. at 2; Aikens Decl. ¶¶ 3-5, 9. Jones also argues that Defendants will suffer no undue prejudice as a result of the requested substitution because the substitute reports and experts would address the same subject matters, and they would use the same data and other materials used to prepare and support the reports of Freeman and Atwood. Mot. at 2-3. She also notes "Defendants will enjoy additional time in which to prepare and submit

their rebuttal experts, if any, as compared to the current schedule." *Id.* at 5.

Jones also requests "a modest extension of the expert discovery cutoff for three weeks to accommodate the depositions of Plaintiff's substitute expert and Defendants' rebuttal expert . . . ." *Id.* at 3. She states she "will be able to submit a revised report and expert in place of Dr. Freeman within the next approximately seven days," but "[a]s the ADA expert field is more limited, Plaintiff may need additional time to secure a replacement for Barry Atwood, and understands that Defendants may need additional time to prepare for the same." *Id.* at 6.

Defendants oppose the motion, arguing that Jones "frames this motion around a need for 'substitution' of experts when, in fact, she is seeking to add entirely new (and presumably more advantageous) experts." Opp'n at 5. They further argue that Jones has not been diligent as the need for these new additional experts could have been anticipated throughout the course of this case." *Id.* at 6. Finally, Defendants argue they will be subject to substantial prejudice because the proposed additional experts will require re-working both the liability and damages portions of the case. *Id.* at 8. They note that Jones now seeks to use a neurologist instead of a forensic epidemiologist, and that since defense counsel has not been provided with the proposed expert's identity, CV's, reports or supporting materials, the extent of the disruption and cost is difficult to calculate. *Id.* at 9.

**A.    Michael Freeman**

As to Dr. Freeman, the Court finds Jones brought the instant motion with reasonable diligence. According to Jones, her counsel began searching for a new expert witness and conferring with Defendants immediately upon learning that Dr. Freeman would no longer adhere to his agreement with her. Courts have found good cause exists to modify a scheduling order in such situations. *See Landes v. Skil Power Tools*, 2013 WL 6859837, at *3 (E.D. Cal. Dec. 30, 2013) (good cause existed where movant began search for new expert and promptly conferred with opposing counsel upon learning retained expert would no longer adhere to agreement). Courts also routinely permit substitution where the original expert report was timely. *See Green v. City and County of San Francisco*, 2015 WL 1738025, at *4 (N.D. Cal. Apr.8, 2015) (declining to apply the late disclosure rule to "the timely replacement of an expert due to the unavailability of

4

the original expert"); *Rebel Commc'ns, LLC v. Virgin Valley Water Dist.*, 2015 WL 5430297, at *2 (D. Nev. Sept. 14, 2015) (same); *Nat'l R.R. Passenger Corp. v. Expresstrak, LLC*, 2006 WL 2711533, at *4 (D.D.C. Sept. 21, 2006) (granting leave to submit an expert report after the deadline because the original expert report was timely filed and the need to substitute an expert occurred after complying with the scheduling order).

Further, the Court notes "'[t]he use of the good-cause standard, rather than allowing modification only in cases of manifest injustice as is done for other pretrial orders, indicates that there may be more flexibility in allowing some relief.'" *Landes*, 2013 WL 6859837, at *3 (quoting 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.2 (3d ed.). "Where '[a] scheduling order can have an outcome-determinative effect on the case . . . total inflexibility is undesirable.'" *Id.* (alterations in original) (quoting *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011)). "'A scheduling order which results in the exclusion of evidence is . . . a drastic sanction.'" *Id.* (omission in original) (quoting *Rimbert*, 647 F.3d at 1254). Finally, the Court must take into consideration the fact that this matter remained dormant while it went up on appeal to the Ninth Circuit, as well as delays caused by the COVID-19 pandemic. As such, it was not until December 22, 2021 that the parties agreed to extend the expert deposition deadline to March 4, 2022. Weighing these factors, the Court determines that good cause exists to reopen discovery for the limited purpose of allowing Jones to substitute an expert witness for Dr. Freeman.

At the same time, the Court recognizes that "[t]he purpose of allowing substitution of an expert is to put the movant in the same position it would have been in but for the need to change experts; it is not an opportunity to designate a better expert." *U.S. ex rel. Agate Steel, Inc. v. Jaynes Corp.*, 2015 WL 1546717, at *2 (D. Nev. Apr. 6, 2015). Thus, "'[w]hen experts are substituted, the substitute expert's report and testimony is usually limited to the subject matter and theories already espoused by the former expert.'" *Chien Van Bui v. City & Cty. of San Francisco*, 2018 WL 4959056, at *2 (N.D. Cal. Jan. 31, 2018) (quoting *TIC-Indus. Co. of Wyo., Inc. v. Factory Mut. Ins Co.*, 2012 WL 2830867, at *9 (D. Neb. July 10, 2012); *Fujifilm*, 2014 WL 8094582, at *2 ("[T]he new expert must limit his or her opinions to the subject matter covered in

[the original expert]'s report and may not testify in any manner that is contrary to or inconsistent with [the original expert]'s report. That is, the new expert's opinions must be 'substantially similar' to [the original expert]'s.") (citations and internal brackets omitted). Thus, to minimize the risk of prejudice to Defendants, the Court will limit the substitute expert's testimony to the subject matter covered in Freeman's report, and the substitute "may not testify in any manner that is contrary to or inconsistent" with Freeman's report. *Fujifilm*, 2014 WL 8094582, at *2. In other words, the substitute expert's opinions must be "substantial similar" to Freeman's opinions for the Court to allow his testimony. *See id.*; *see also Jaynes Corp.*, 2015 WL 1546717, at *2 ("The Court agrees with American Steel that it is not appropriate in this case to mandate that the new expert 'rubber-stamp' the expert report previously provided. Nonetheless, the new expert report may not provide an opinion that is contrary to or inconsistent with Mr. Hafeez's opinion. While the opinions need not be identical, it is reasonable to limit the new expert to findings that are substantially similar to those presented by Mr. Hafeez. By limiting the new opinion in this manner, any prejudice to Jaynes should be minimized.") (citations omitted).

Accordingly, the motion with respect to Dr. Freeman should be granted. Defendants may renew their objections regarding the scope of the substitute expert's testimony in an in limine motion closer to trial.

**B.  Barry Atwood**

"'Death of an expert witness falls squarely within the category of circumstances that require a late disclosure; the only question regarding justification is whether the party waited too long to notify the Court of the need for a new expert.'" *In re Northrop Grumman Corp. ERISA Litig.*, 2016 WL 6826171, at *2 (C.D. Cal. Apr. 7, 2016) (quoting *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 20 (D.P.R. 2009); *see also Brooks v. Cty. of San Joaquin*, 2012 WL 5928416, at *1 (E.D. Cal. Nov. 26, 2012) ("Courts have approved supplemental disclosures where a critical expert witness has died after the deadlines have passed for expert discovery disclosure."); *Miesen v. Henderson*, 2022 WL 392931, at *2 (D. Idaho Feb. 9, 2022). For the same reasons discussed above, there is no indication Jones waited too long. She indicates that "[o]nce it became clear both that Plaintiff would need another in place of Atwood . . ., Plaintiff's counsel began

reaching out to other potential experts, contacted counsel for Defendants, and filed this motion immediately." Mot. at 5; Aikens Decl. ¶¶ 3-9. It is undisputed that Jones could not have sought a substitute for Atwood until her counsel learned he had died. As such, the Court finds good cause exists to permit a substitute witness to testify for Atwood. However, as with Dr. Freeman's substitute, the Court will limit Atwood's substitute expert's testimony to that for which Atwood was previously disclosed – "to rebut any reports, testimony or evidence provided by Defendants' ADA expert(s)." Mot. at 2; Howie Decl., Ex. C.

Finally, in her reply brief, Jones appears to argue for the first time that Atwood's substitute should also serve as a substitute expert witness in place of Ned Einstein. However, in her motion, Jones seeks "leave to substitute her timely disclosed experts – Dr. Michael Freeman and Barry Atwood – with alternative experts who will testify on the same subject matters, using the same data and other materials." Mot. at 1. Because she did not seek leave to substitute an expert for Ned Einstein as part of her motion, her request is not properly considered. *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012)) (noting that arguments raised for the first time in a reply brief are waived). Further, although Jones states in passing she "had previously sought to use Mr. Atwood's services in the place of Ned Einstein, until learning that he had passed away," Mot. at 2, she provides no evidence of this other than a statement in her reply brief that she disclosed a substitute on February 21, 2022, which is after she filed the present motion and well after the close of expert discovery. The only information before the Court regarding Einstein's testimony is that Jones informed Defendants that "since there is no ADA claims [sic], I do not intend to call Ned Einstein." Howie Decl., Ex. H. As such, while the Court finds good cause exists to permit a substitute in place of Atwood to testify as a rebuttal expert witness, that substitute may not testify in place of Einstein.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Jones's motion to substitute an alternative expert for Dr. Michael Freeman and a rebuttal expert witness for Barry Atwood. The

7

parties are **ORDERED** to meet and confer and file a stipulation or competing deadlines for supplemental expert discovery by March 7, 2022.

As Jones did not move for leave to substitute an expert witness for Ned Einstein, that request made as part of her reply brief is denied without prejudice. However, as noted above, the exclusion of expert evidence that would have been provided by Einstein is considered a drastic sanction and highly disfavored by the Ninth Circuit. As such, if Jones were to move to substitute an expert witness for Einstein, the Court would likely grant the request if she can establish good cause. Accordingly, as part of their March 7 filing, the Court **ORDERS** the parties to indicate whether they stipulate to a substitute for Ned Einstein. If they do not, Jones shall file a motion to substitute by March 10, 2022.

**IT IS SO ORDERED.**

Dated: February 23, 2022

THOMAS S. HIXSON
United States Magistrate Judge