1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    AMANDA JONES,                              Case No. 15-cv-02726-TSH

8              Plaintiff,

9         v.                                    **ORDER DENYING PLAINTIFF'S
                                                MOTION TO SET EXPERT WITNESS
10   NATIONAL RAILROAD PASSENGER                FEE**
     CORPORATION, et al.,
11                                              Re: Dkt. No. 249
               Defendants.
12

13                          **I.    INTRODUCTION**

14        Before the Court is Plaintiff Amanda Jones's motion for the Court to set a reasonable

15   expert witness fee for the deposition of Defendants' medical expert, orthopedic surgeon Dr.

16   Jonathan Nassos.  ECF No. 249.  Defendants Santa Cruz Metro Transit District and National

17   Railroad Passenger Corporation filed an Opposition (ECF No. 251) and Jones filed a Reply (ECF

18   No. 252).  The Court finds this matter suitable for determination without a hearing. *See* Civ. L.R.

19   7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this

20   case, the Court **DENIES** Jones's motion for the following reasons.

21                          **II.    BACKGROUND**

22        Jones initiated this action in 2015 after she fell from her mobility device scooter while

23   riding a bus operated by Defendants, alleging they were negligent and violated the Americans with

24   Disabilities Act and other civil rights laws.  Defendants hired Dr. Nassos to perform an

25   examination on Plaintiff, which he did in 2019.  Aikens Decl. ¶ 2 & Ex. A, ECF No. 249-10.  At

26   the time Defendants disclosed Dr. Nassos as an expert witness, they disclosed that his rate for

27   providing testimony is $1,050.00 per hour.  Smith Decl. ¶ 2 & Ex. A (fee schedule), ECF No. 251-

28   1.

United States District Court
Northern District of California

1    After the parties agreed to take Dr. Nassos's deposition on March 15, 2022, Jones's

2  counsel was advised that Dr. Nassos requested fees of $2,100 for two hours of deposition time.

3  Aikens Decl. ¶¶ 3-4.  Jones's counsel advised that this amount was too high and requested that Dr.

4  Nassos accept $1,200, but Defendants' counsel indicated he would not accept a lower fee.  *Id.* ¶¶

5  5, 6.  After some back and forth, Defendants' counsel advised that they were canceling Dr.

6  Nassos's deposition if Jones did not pre-pay him a fee of $2,100 five days prior to his deposition,

7  because Dr. Nassos would charge Defendants a cancellation fee of the same amount.  *Id.* ¶ 7.

8    Jones filed this motion on March 9.  After she filed the motion, Dr. Nassos's deposition

9  proceeded as scheduled on March 15, lasting from 12:00 p.m. until 2:03 p.m.  Smith Decl. ¶¶ 6-7;

10  Reply at 1.

11                         **III.   LEGAL STANDARD**

12    "A party may depose any person who has been identified as an expert whose opinions may

13  be presented at trial."  Fed. R. Civ. P. 26(b)(4)(A).  "Unless manifest injustice would result, the

14  court must require that the party seeking discovery . . . pay the expert a reasonable fee for time

15  spent in responding to discovery . . . ."  Fed. R. Civ. P. 26(b)(4)(E)(i).  The party seeking

16  reimbursement bears the burden of establishing the reasonableness of the fees sought.  *All Cities*

17  *Realty, Inc. v. CF Real Est. Loans, Inc.*, 2008 WL 10594412, at *5 (C.D. Cal. Mar. 14, 2008)

18  (citing *New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 468 (W.D.N.Y. 2002))  "Where the party

19  seeking reimbursement fails to meet its burden of demonstrating the reasonableness of the fee

20  sought, the Court may exercise its discretion to determine a reasonable fee."  *Id.*; *Edin v. Paul*

21  *Revere Life Ins. Co.*, 188 F.R.D. 543, 545 (D. Ariz. 1999).

22    Cases discussing the issue of what constitutes a "reasonable" expert fee have set forth

23  seven factors to consider:

24      (1) the witness's area of expertise;

25      (2) the education and training required to provide the expert insight
26          which is sought;

27      (3) the prevailing rates of other comparably respected available
          experts;

28      (4) the nature, quality, and complexity of the discovery responses

2

United States District Court
Northern District of California

provided;

(5) the fee actually charged to the party who retained the expert;

(6) fees traditionally charged by the expert on related matters;

(7) and any other factor likely to assist the court in balancing the interests implicated by Rule 26.

*Edin*, 188 F.R.D. at 546; *see also Seals v. Mitchell*, 2011 WL 1667166, at *1 (N.D. Cal. May 3, 2011); *S.E.C. v. Berry*, 2011 WL 2149088, at *2 (N.D. Cal. June 1, 2011).

## IV.   DISCUSSION

Jones argues that Dr. Nassos's findings "are all of one and a half pages, and it is unlikely that Plaintiff would need to depose him for even one hour much less two, and the rate charged – $1,050 per hour – is not reasonable." Mot. at 2.  She requests the Court instead set a rate of $600 per hour.

Under the first two factors, the Court considers Dr. Nassos's area of expertise, education, and training.  He is a board-certified orthopedic surgeon in Los Angeles who specializes in the surgical and non-surgical treatment of musculoskeletal disorders and injuries.  Smith Decl. ¶ 2 & Ex. B.  He has been in medical practice since 2005 and has substantial experience serving as an expert in litigation.  *Id.* (both).  He has also completed a fellowship in orthopedic sports medicine at the Kerlan-Jobe Orthopedic Clinic in Los Angeles.  *Id.*  As Dr. Nassos is unquestionably a highly skilled and knowledgeable expert witness, these two factors weigh in Defendants' favor.

As to the third factor, Defendants submitted evidence that the prevailing rates for comparable orthopedic surgeons in the San Francisco Bay Area and Los Angeles are in the $1,000 to $1,500 range.  Smith Decl. ¶ 4 & Ex. E (CVs and rate sheets of other board-certified orthopedic experts recently retained by Defendants' counsel).  Other courts have also found rates up to $1,500 reasonable for orthopedic surgeons.  *See Miller v. Credit*, 2013 WL 1833310, at *3 (M.D. La. May 1, 2013) (deposition fee of $1,500 per hour for orthopedic surgeon "is consistent with the 'prevailing rates of other comparably respected available experts'"); *Axelson v. Hartford Ins. Co. of the Midwest*, 2013 WL 1261757, at *2 (D. Nev. Mar. 26, 2013) (approving $1,500 per hour); *Grauvogl v. Roby*, 2012 WL 4959478, at *2 (N.D. Ind. Oct. 17, 2012) (approving $1,500 per hour); *Marcelli v. Ace Am. Ins. Co.*, 2012 WL 3744635, at *3 (D. Colo. Aug. 29, 2012) (approving

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    $1,000 per hour); *Burdette v. Steadfast Commons II, LLC*, 2012 WL 3762515, at *6 (W.D. Wash.

2    Aug. 29, 2012) (approving $1,000 per hour).

3            Jones requests the Court set a rate of $600 per hour because that is what her expert, Dr.

4    William Conte, charges for his time.  However, this is not the criteria for finding a fee reasonable

5    where the two experts have different expertise, different levels of experience, and come from

6    different locations.  *See Banga v. Kanios*, 2021 WL 1117336, at *2 (N.D. Cal. Mar. 24, 2021)

7    (finding defendants failed to show requested hourly rate was unreasonable where "the only record

8    they present in support of their argument is the fact that Defendants' own economic damages

9    expert charges" a lower hourly rate).  Further, the Court finds this is not a reasonable comparison.

10    Dr. Nassos is an orthopedic surgeon based in Los Angeles and has been in medical practice since

11    2005.  Dr. Conte is a neurologist based in Indiana who has been in medical practice since 2017.

12    Smith Decl. ¶ 3 & Ex. D.  He has only testified on three prior occasions.  *Id.*

13            Jones also cites two cases in which courts have awarded lower expert medical witness

14    rates.  *See Grady v. Jefferson Cty. Bd. of Cty. Com's*, 249 F.R.D. 657, 662 (D. Colo. 2008)

15    (awarding neurosurgeon $600 hourly rate); *Young v. Glob. 3, Inc.*, 2005 WL 1423594, at *2 (D.

16    Colo. May 26, 2005) (awarding medical expert $500 hourly rate).  However, neither case

17    addresses a reasonable rate for an orthopedic surgeon,[1] and Jones has failed to show how these

18    Colorado cases from 2005 and 2008 provide a reasonable comparison for a Los Angeles-based

19    orthopedic surgeon testifying in this District in 2022.  *See Marcelli*, 2012 WL 3744635, at *3

20    ("The court, of course, recognizes that the fees for medical professionals have increased between

21    2009 and 2012, much less when compared to fees in 1999, as considered by the Arizona court.

22    Certainly, the most reliable source for fees customarily charged would be to compare the same

23    kind of expert during the same time period and in the same location.").

24            Under the fourth factor, Jones based her motion, in part, on the claim that the "likelihood

25    of Dr. Nassos' deposition even taking one hour, much less two, is slim."  Mot. at 5.  However, it is

26

27    _____

[1] In *Young*, the court does not state the doctor's practice area, noting defendants provided "no
28    information concerning Dr. Baskin's education or experience as a physician or designated expert."
     *Young*, 2005 WL 1423594, at *2.

4

United States District Court
Northern District of California

1    undisputed that her counsel ended up deposing him for just over two hours.  Defendants argue Dr.

2    Nassos's opinion testimony is broad in scope, as he is prepared to testify about the nature,

3    treatment, and resolution of Jones's claimed injuries, including her left knee, hip, shoulder, and

4    her back.  Opp'n at 5.  At the same time, the only remaining claim in this case is one for

5    negligence, and the general subject matter of Dr. Nassos's testimony does not appear to be

6    particularly complex.  Accordingly, this factor is neutral at best.

7             As to the fifth and sixth factors, the fee Dr. Nassos actually charges Defendants and the

8    fees he traditionally charges on related matters, his daily trial rate is $10,500.00 and his half-day

9    rate is $6,300.00, well over the $1,050.00 per hour for the deposition here.  Smith Decl. ¶ 2 & Ex.

10   B.  He charges a lower rate of $750.00 per hour for reviewing records, but as other court have

11   noted, it is reasonable to charge a higher fee for a deposition taken by adverse counsel.  *See*

12   *Jalowsky v. Provident Life & Accident Ins. Co.*, 336 F.R.D. 452, 454 (D. Ariz. 2020) (find a ratio

13   of 1.5:1 reasonable) (citing *Edin*, 188 F.R.D. at 547 ("[D]epositions of an adverse expert are, at

14   times, stressful and, unfortunately, usually adversarial in nature.  Moreover, depositions require

15   better preparation and more thoughtful and precise answers by the deponent than a casual office

16   visit with retaining counsel or a patient.  Thus, the Court finds it reasonable to charge a modestly

17   higher fee for a deposition taken by adverse counsel but not two or more times the cost for a

18   medical/legal consultation.")).

19            Finally, the Court may consider any other factor likely to assist in balancing the interests

20   implicated by Rule 26.  In her reply, Jones argues for the first time that she is a disabled individual

21   who should not have to pay more simply because Defendants chose a doctor with "exorbitant

22   rates."  Reply at 2.  However, as other courts have noted, Jones, "no doubt through the

23   advancement of costs by [her] attorney, ha[s] met the expense of the depositions [she] thought

24   helpful to the preparation of [her] case.  The election to depose the Defendants' experts is not

25   different in character from the election to pursue, and advance the costs of, other depositions for

26   [her] trial advantage."  *Marquez v. City of Phoenix*, 2010 WL 334627, at *2 (D. Ariz. Jan. 22,

27   2010) (noting that "Rule 26(b)(4) (C) requires parties generally to bear the expense of deposing

28   opposing parties' expert witnesses, and Plaintiffs obviously thought it to their benefit to do so in

United States District Court
Northern District of California

1   this case."); *Berry*, 2011 WL 2149088, at \*2 ("[T]he SEC cites no authority for its proposition that

2   'undue burden' exists when one party's experts collectively charge more than another party's

3   experts. . . . And, as for its argument that the SEC will have to choose how to allocate its

4   resources, this is no different than what nearly all litigants must do.").  Jones also notes that Dr.

5   Nassos stated in his deposition that he charges $1,500 per hour for depositions, Reply at 2, but,

6   given that Defendants seek less than this amount, it's unclear how this advances her argument that

7   he should be paid $600.

8          On balance, the Court finds that Defendants have established that Dr. Nassos's deposition

9   testimony fee is reasonable, and Jones's motion must therefore be denied.

10                              **V.    CONCLUSION**

11         For the reasons stated above, the Court **DENIES** Jones's motion.  Jones is **ORDERED** to

12   pay $2,100.00 as a reasonable expense for Dr. Nassos's deposition.[2]

13         **IT IS SO ORDERED.**

14

15   Dated: March 21, 2022

16   _____
       THOMAS S. HIXSON
17     United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27   [2] Defendants request that the Court order Jones to pay an additional $2,100 for two hours of
     preparation time.  Opp'n at 6.  As this issue is not before the Court as part of a motion brought by
28   Defendants under Civil Local Rule 7 or a joint discovery letter pursuant to the undersigned's
     Discovery Standing Order, the request is denied.