**HOWIE & SMITH, L.L.P.**
ATTORNEYS AT LAW
1777 BOREL PLACE, SUITE 1000
SAN MATEO, CA 94402-3539
TEL: (650) 685-9300
Fax (650) 212-0842

ROBERT G. HOWIE, SBN 057361
AUDREY SMITH, SBN 180836
ATTORNEYS FOR SANTA CRUZ METRO TRANSIT DISTRICT, NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMANDA JONES, | Civil Action No. 3:15-cv-02726-TSH |
| Plaintiff, | **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE REFERENCE TO OR EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES** |
| v. | **Defendants' Motion in Limine No. 5** |
| NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"), and SANTA CRUZ METROPOLITAN TRANSIT DISTRICT, | |
| Defendants. | Pre-Trial Conference Date: June 30, 2022<br>Final Pre-Trial Conference: July 28, 2022<br>Trial Date: August 8, 2022 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendants National Railroad Passenger Corporation (AMTRAK) and Santa Cruz Metropolitan Transit District ("Defendants") move for an order, in limine, precluding Plaintiff Amanda Jones from offering at trial any evidence of or reference to subsequent remedial measures. Defendants move to exclude this evidence on the grounds that it is inadmissible under Fed.R.Evid. 407, not relevant under Fed.R.Evid. 402, and its probative value is substantially outweighed by its prejudicial effect. Fed.R.Evid. 403.

///

---

1

## I. MOTION IN LIMINE STANDARD

Motions in limine are a "procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, motions in limine are "useful tools to resolve issues which would otherwise clutter up the trial." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1070 (9th Cir. 2017). A court may rule in limine "pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. Navellier v. Sletten, 262 F.3d 923, 941-42 (9th Cir. 2001). In addition, the Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the grounds specified in Rule 403." United States v. Hearst, 563 F.2d 1331, 1349 (9th Cir. 1977); see also United States v. Olano, 62 F.3d 1180, 1204 (9th Cir. 1995) ("trial courts have very broad discretion in applying Rule 403" (quoting Borunda v. Richmond, 885 F.2d 1384, 1388 (9th Cir. 1988)). Fed. R. Evid. 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." By resolving a motion in limine, potentially prejudicial evidence may be prevented from being presented to the jury, therefore avoiding the need for the trial judge to attempt to neutralize the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004–05 (9th Cir. 2003).

Defendants move for this order in limine because it is anticipated that plaintiff Jones will attempt to elicit testimony and provide evidence of subsequent remedial measures on the part of Defendants following the subject accident. Defendants move to exclude this evidence on the grounds that it is inadmissible under Fed.R.Evid. 407, irrelevant under Fed.R.Evid. 402, and its probative value is substantially outweighed by its prejudicial effect. Fed.R.Evid. 403.

## II. ALL DOCUMENTS OR TESTIMONY REGARDING SUBSEQUENT REMEDIAL MEASURES ARE INADMISSIBLE.

Under Rule 407, evidence of subsequent remedial measures is not admissible to prove culpable

conduct by the party taking those measures or "a defect in a product or its design," but is admissible for another purpose, such as impeachment. Fed. R. Evid. 407. The purpose of Rule 407 is to encourage parties to improve safety conditions "without fear that subsequent measures will be used as evidence against them." Gauthier v. AMF, Inc., 788 F.2d 634, 637 (9th Cir. 1986).

To the extent that either Defendant conducted any subsequent remedial measures following the subject accident, including re-training or penalizing the bus driver or issuing new policies, there is no evidence that would render these measures admissible under any exception of Rule 407, which allow the admission of evidence of subsequent measures when offered for another purpose, such as proving "ownership, control, or feasibility of precautionary measures, if controverted, or impeachment."

Evidence of subsequent remedial measures may also be highly prejudicial. Federal Rule of Evidence 403 allows the exclusion of relevant evidence if the probative value is substantially outweighed by its prejudicial effect. Although the probative value is minimal or non-existent, the prejudicial effect of admitting evidence of liability insurance would be substantial. Such evidence would be a prejudicial distraction and is wholly irrelevant to Plaintiffs' claims. Generally, all relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. See Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384-87, 128 S. Ct. 1140, 170 L. Ed. 2d 1 (2008). However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of" unfair prejudice. Fed. R. Evid. 403. Further, evidence may be excluded when there is a significant danger that the jury might base its decision on emotion, or when non-party events would distract reasonable jurors from the real issues in a case. See Tennison v. Circus Circus Enterprises, Inc., 244 F.3d 684, 690 (9th Cir. 2001); United States v. Layton, 767 F.2d 549, 556 (9th Cir. 1985).

## III. CONCLUSION

The Defendants move to exclude any evidence of any subsequent remedial measures on the part of either Defendant because they are inadmissible as evidence of subsequent remedial measures and

1  because it is inadmissible under Fed.R.Evid. 407, not relevant under Fed.R.Evid. 402, and its probative
2  value is substantially outweighed by it s prejudicial effect.  Fed.R.Evid. 403.

3  Dated: May 19, 2022                              **HOWIE & SMITH, L.L.P.**

5                                          By:    /s/ Audrey Smith
                                                  Audrey Smith, Robert G. Howie, Attorneys for
6                                                 SANTA CRUZ METROPOLITAN TRANSIT
                                                  DISTRICT, NATIONAL RAILROAD
7                                                 PASSENGER CORPORATION ("AMTRAK")

**CERTIFICATE OF SERVICE**

  I certify that a copy of this document was served electronically on May 26, 2022, on counsel of record in compliance with Federal Rule 5, Local Rule 5-6, by use of the Court's ECF system.

              /s/ *Audrey Smith*
              Audrey Smith, Esq.

MOTION IN LIMINE TO EXCLUDE REFERENCE TO OR EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES