Catherine Cabalo (SBN 248198)
PEIFFER WOLF CARR & CANE
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 766-3592
ccabalo@pwcklegal.com

Carla Aikens (*pro hac vice*)
CARLA D. AIKENS, P.L.C.
615 Griswold Street, Suite 709
Detroit, MI 48226
Telephone: (844) 835-2993
Facsimile: (877) 454-1680
carla@aikenslawfirm.com

Attorneys for Plaintiff Amanda Jones

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMANDA JONES,<br><br>                     Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK") and SANTA CRUZ METROPOLITAN TRANSIT DISTRICT,<br><br>                     Defendants. | Civil Action No.: 5:15-cv-02726<br><br>**PLAINTIFF'S CORRECTED MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR LAWSUITS AND ACCIDENTS**<br><br>Date: June 30, 2022<br>Time: 10:00 a.m.<br>Before: Hon. Thomas S. Hixson |

<u>**NOTICE OF MOTION AND CORRECTED MOTION TO EXCLUDE EVIDENCE OF PRIOR ACCIDENTS AND LAWSUITS INVOLVING PLAINTIFF**</u>

PLEASE TAKE NOTICE that on June 16, 2022 at 10:00 a.m. before the Honorable Thomas S. Hixson I will, and hereby do, move for an order granting this Motion *in limine* to Exclude the Reference of any Law Suits and Prior Accidents Involving Plaintiff. The motion will be based on this Notice and Motion, the Memorandum of Points and Authorities below, and the [Proposed] Order.").

NOTICE AND MOTION IN LIMINE TO PRECLUDE REFERENCES OF ANY PRIOR LAW SUIT OR ACCIDENT INVOLVING PLAINTIFF;
CASE NO.: 5:15-cv-02726;
1

# I. ISSUES TO BE DECIDED

Whether Defendant should be excluded from referencing or introducing evidence related to any prior accident and/or lawsuit involving Plaintiff.

# II. MEMORANDUM

NOW COMES Plaintiff, Amanda Jones, by and through her attorneys CARLA D. AIKENS, P.C., and moves *in limine* to exclude irrelevant evidence, testimony, or argument related to all prior accidents and litigation involving Plaintiff.

### A. Statement Of Facts

On August 25, 2014, our client, Ms. Amanda Jones, was a passenger on Amtrak's Highway 17 Express bus (#2310) from Santa Cruz to San Jose California. Ms. Jones was traveling by motorized scooter. When she boarded the bus, she informed the driver that the scooter had to be secured. The driver attempted to secure the scooter using the belts and hooks on the bus which were ordinarily used to serve disabled clientele.

The driver appeared to be confused about how to properly secure Ms. Jones' scooter. Ms. Jones attempted to suggest a method of securing the device, which she had observed in the past. The driver, however, insisted that he knew how to secure the device and used his own method. Obviously, the driver failed to properly secure the scooter, because as he sped around a curve in the road, the scooter tipped over, and Ms. Jones was thrown to the floor of the bus.

The driver and another passenger came to assist Ms. Jones after she fell. The passenger suggested to the driver that he improperly secured the scooter, and then assisted the driver in identifying the correct method of securing the scooter, which happened to be the same method suggested by Ms. Jones from the beginning. The driver summoned his supervisor to the scene

of the accident. After an argument in Spanish between the supervisor and the driver, the driver secured the scooter in the way that Ms. Jones and the assisting passenger had previously suggested.

Ms. Jones reported her injuries to Amtrak. Amtrak represented that it is not the operator of the bus at issue, but instead that Santa Cruz Metropolitan Transit District ("SCMTD") is the liable party in this case. SCMTD denied Ms. Jones' claim to recover for the damages she sustained as a result of the driver's negligence in this case. Therefore, Ms. Jones filed this suit in the Federal Court for the Northern District of California.

In 2012 and 2013, Ms. Jones was involved in accidents that led to lawsuits. It is Plaintiff's belief that Defendant will attempt to introduce evidence of these accidents and lawsuits at trial. These prior events are irrelevant to the current matter. Even if there was any relevance, the prejudicial value of that evidence far outweighs the probative value to this case because a jury could be misled and confused by multiple, unrelated legal issues. Plaintiff was injured while traveling in a motorized mobility device, and will stipulate to the fact that she had a previous injury that caused her to use the device.

Accordingly, Plaintiff requests that such evidence should be excluded.

### B. Legal Authority

Pursuant to the Federal Rules of evidence 402, evidence must be relevant in order to be admissible. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed.R.Evid. 401. FRE section 403 further states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

delay, wasting time, or needlessly presenting cumulative evidence."

Any evidence related to any prior suit is irrelevant as those suits involved entirely different set of facts and circumstances than the issues presented in this matter. Referencing Plaintiff's prior lawsuits and accidents will result in unfair prejudice, misleading the jury, and a waste of this court's time. Because Plaintiff's prior accidents and litigation involve different parties and were under completely different circumstances, they should be excluded during trial, as they do not relate to any of Defendants' claims or defenses here, namely that Plaintiff is the cause of her injuries when she fell out of the device. Introducing irrelevant cases is a tactic unfortunately used by defendants to confuse and mislead the jury. Although not binding on this Court, an 11th Circuit panel recently barred the introduction of evidence related to prior lawsuits. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19md2885, 2021 U.S. Dist. LEXIS 53167, at *26-27 (N.D. Fla. Mar. 22, 2021) ("[E]ven if [P]laintiff could demonstrate some probative value from allegations in other lawsuits, presenting evidence of these other cases would lead to a series of mini-trials that would likely confuse and mislead the jury from the task at hand of evaluating plaintiff's claims in this case and result in a waste of time and judicial resources." (*quoting Smith v. E-backgroundchecks.com, Inc.*, 2015 WL 11233453, at *2 (N.D. Ga. June 4, 2015)).

It is a common practice, for courts to hold that prior litigation is inadmissible in a later lawsuit. *See, e.g., Apple iPod iTunes Antitrust Litig.*, No. 05-CV-0037 YGR, 2014 WL 12719192, at *3 (N.D. Cal. Nov. 18, 2014) ("the parties are prohibited from eliciting evidence or referring to other courts' decisions, factual findings, or credibility assessments"); *Calloway v. Hayward*, No. 108CV01896LJOGSAPC, 2017 WL 363000, at *3 (E.D. Cal. Jan. 24, 2017) ("the Court finds that the probative value of this evidence is substantially outweighed by a

NOTICE AND MOTION IN LIMINE TO PRECLUDE REFERENCES OF ANY PRIOR LAW SUIT OR ACCIDENT INVOLVING PLAINTIFF;
CASE NO.: 5:15-cv-02726;

4

danger of unfair prejudice to Defendants."). This court should find the same. Even the mere mention of a prior lawsuit involving an accident with Plaintiff could prejudice the jury and cause it to question the merits of Plaintiff's claims, or have it believe that she is not deserving of a remedy because she happened to have the misfortune of being in prior accidents and filing lawsuits.[1]

Plaintiff will suffer serious and irreparable damage, notwithstanding any possible instructions from the court, if Defendant is permitted to mention, introduce, refer to, or in any way bring to the jury's attention evidence related to any prior lawsuits and/or accidents involving Plaintiff.

### C.  Conclusion

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court Grant her Motion to Exclude Evidence Related to Prior Lawsuits and Accidents involving Plaintiff.

Dated:  May 26, 2022

Respectfully submitted by:
CARLA D. AIKENS, P.C.

*/s/ Carla D. Aikens*
Carla D. Aikens (P69530)
Attorney for Plaintiff

---

[1] It should be noted that all of Plaintiff's prior claims resulted in recoveries in her favor – including one jury trial -- so it cannot be said that her claims are frivolous.