UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>          Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>          Defendants. | Case No.  15-cv-02726-TSH<br><br>**ORDER RE MOTIONS IN LIMINE** |

Pending before the Court are Plaintiff's Motion in Limine, ECF No. 273, and Defendants' Motions in Limine, ECF Nos. 256-263, 265-270, 272, 276.  On July 21, 2022, the Court heard oral argument on the motions in limine.  For the reasons stated below, the Court **DENIES** Plaintiff's Motion in Limine, **GRANTS** Defendants' Motions in Limine Nos. 1–7, **DENIES** Defendants' Motions in Limine Nos. 8–9, **GRANTS** Defendants' Motions in Limine 10–15, and **DENIES** Defendants' Motion in Limine No. 16.

**A.**   **Plaintiff's Motion in Limine**

Plaintiff moves to exclude evidence of Plaintiff's prior accidents and litigation as irrelevant under Federal Rules of Evidence 401 and 402 and unfairly prejudicial under Federal Rule of Evidence 403.  ECF No. 273.  Defendants argue the evidence may be used for impeachment and is relevant because the accidents and litigation involve the same or similar injuries as those claimed by Plaintiff in the present action.  ECF No. 278.

The Court finds prior accidents and litigation involving the same or similar injuries as the present case are relevant to Plaintiff's damages and may be used for impeachment.  *See Chaudry v. Smith*, Case No. 16-cv-1243, 2020 WL 869115, at * 25 (E.D. Cal. Feb. 21, 2020) (finding prior lawsuits relevant to plaintiff's damages claims).  Accordingly, the Court **DENIES** Plaintiff's

1  Motion in Limine. To the extent that Plaintiff alleges prejudice if the evidence is admitted,

2  Plaintiff may seek a limiting instruction addressing the proper use of evidence.

3  **B.       Defendants' Motions in Limine**

4      **1.       Defendants' Motion in Limine No. 1**

5      Defendants move to exclude all non-party witnesses who are not under examination from

6  the courtroom during trial under Federal Rule of Evidence 615. ECF No. 256. Plaintiff does not

7  oppose Defendants' motion. ECF No. 294 at 1.

8      The Court **GRANTS** Defendants' Motion in Limine No. 1.

9      **2.       Defendants' Motion in Limine No. 2**

10     Defendants move to exclude any evidence of settlement offers or negotiations. ECF No.

11 257. Plaintiff does not oppose Defendants' motion. ECF No. 294 at 1.

12     The Court **GRANTS** Defendants' Motion in Limine No. 2.

13     **3.       Defendants' Motion in Limine No. 3**

14     Defendants move exclude any evidence of Defendants' liability coverage. ECF No. 258.

15 Plaintiff does not oppose Defendants' motion. ECF No. 294 at 2.

16     The Court **GRANTS** Defendants' Motion in Limine No. 3.

17     **4.       Defendants' Motion in Limine No. 4**

18     Defendants move to exclude any evidence of Defendants' financial status, profits, or

19 wealth. ECF No. 259. Plaintiff does not oppose Defendants' motion. ECF No. 294 at 2.

20     The Court **GRANTS** Defendants' Motion in Limine No. 4.

21     **5.       Defendants' Motion in Limine No. 5**

22     Defendants move to exclude evidence of subsequent remedial measures as inadmissible

23 under Federal Rule of Evidence 407 and unfairly prejudicial under Federal Rule of Evidence 403.

24 ECF No. 260. Plaintiff argues subsequent remedial measures may demonstrate control,

25 ownership, and feasibility of precautionary measures, and may be used for impeachment. ECF

26 No. 286.

27     According to Federal Rule of Evidence 407,

28

> [w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures.

Here, Plaintiff fails to identify how subsequent remedial measures go to a disputed fact of ownership, control, or feasibility of precautionary measures. *See Cummings v. Amtrak National R.R. Passenger Corp.*, No. 98-35358, 1999 WL 980362, at *2 (9th Cir. 1999) ("The court acted within its discretion in excluding any reference to the Shannon & Wilson report . . . Cummings has not identified any reason to introduce the report other than to prove liability."). Plaintiff agues "Defendants may have performed an investigation, which if it were conducted, could demonstrate Defendants' control or ownership of Defendants' vehicles or employees." ECF No. 286 at 2. However, Defendants do not appear to dispute control or ownership in this case. *See* ECF No. 284 at 10 (Pretrial Conference Statement) ("This is a personal injury case based on claimed negligence by a SCMTD employee"); 284-4 at 1 (Defendants' trial brief) ("Defendants deny liability on the ground that their coach operator's conduct was compliant with the laws and regulations and met the standard of care. . ."). Accordingly, the Court **GRANTS** Defendants' Motion in Limine No. 5.

**6.     Defendants' Motion in Limine No. 6**

Defendants move to exclude evidence of Defendants' personal injury litigation. ECF No. 261. Plaintiff argues the evidence is relevant to witness credibility and may be used for impeachment. ECF No. 287.

Without knowing how Defendants' other litigation will be used to address Defendants' credibility, the Court **GRANTS** Defendants' Motion in Limine No. 6 without prejudice to Plaintiff raising her argument regarding impeachment at trial. *See Edwards Lifesciences Corp. v. Meril Life Sciences Pvt. Ltd.*, 2022 WL 254348, at *6 (N.D. Cal. 2022) ("[W]ithout knowing how Mr. Wagner will testify about his credibility or prior litigation experience, the Court is not prepared to categorically exclude any reference to any order that has ever excluded Mr. Wagner's expert testimony.").

3

**7.     Defendants' Motion in Limine No. 7**

Defendants move to exclude evidence of other accidents or incidents involving Defendants and the bus driver involved in the present case. ECF No. 262. Defendants argue Plaintiff's claims regarding (1) AMTRAK's delayed service in Illinois before the incident, (2) AMTRAK's delayed service and uncomfortable conditions after the incident, and (3) the bus driver's involvement in other driving accidents are not substantially related to the case. ECF No. 262 at 3-6. Plaintiff argues the other incidents are probative of the overall functioning and fundamental processes of Defendants' transportation system. ECF No. 288 at 3. Plaintiff further argues the other incidents may be used for impeachment purposes. *Id*.

"A showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect." *Cooper v. Firestone Tire and Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991). However, "evidence of dissimilar accidents may be admitted when relevant to the witness's credibility." *Id*.

Plaintiff fails to establish how the other alleged accidents or incidents are substantially similar to this case's incident. *See Pau v. Yosemite Park and Curry Co.,* 928 F.2d 880, 889 (9th Cir. 1991) ("The court excluded evidence concerning at least one previous accident. The court did not abuse its discretion because the Paus did not attempt to introduce such testimony in a proper manner, or for an appropriate purpose."). Accordingly, the Court **GRANTS** Defendants' Motion in Limine No. 7 to the extent that Plaintiff may not introduce other incidents as evidence of negligence. However, the evidence may be used for impeachment purposes if relevant to a witness's credibility. Either party may seek a limiting instruction addressing the proper use of evidence.

**8.     Defendants' Motion in Limine No. 8**

Defendants move to preclude Plaintiff from testifying about the speed of the bus. ECF No. 263. Defendants argue Plaintiff's testimony lacks foundation and is inadmissible lay witness opinion under Federal Rule of Evidence 701. *Id*. at 2-4. Plaintiff argues her testimony is admissible and involves her perceptions as a passenger of the bus. ECF No. 289.

4

The Court agrees with Plaintiff. Plaintiff does not offer herself as an expert and, as a lay witness, she may testify to "concrete facts within [her] own observation" and "facts perceived from [her] own senses" as a passenger on the bus. *United States v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006) (internal citations omitted). Plaintiff's testimony is relevant to whether the bus driver breached his duty to safely transport Plaintiff. *Cf.* ECF No. 221 at 4 ("Jones's declaration and deposition testimony were sufficient to establish a genuine dispute of material fact as to whether the bus driver breached his duty to safely transport her under California law.").

Accordingly, the Court **DENIES** Defendants' Motion in Limine No. 8.

### 9. Defendants' Motion in Limine No. 9

Defendants move to exclude evidence of medical causation linking Plaintiff's injuries to the alleged incident because Plaintiff allegedly failed to disclose experts on medical causation. ECF No. 265. Plaintiff argues she disclosed her treating physicians as experts. ECF No. 290 at 2-3.

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any expert witness and "this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." FRCP 26 (a)(2). "Generally speaking, treating physicians are excused from this requirement . . . they are hired to treat the patient and may testify to and opine on what they saw and did without the necessity of the proponent of the testimony furnishing a written expert report." *Goodman v. Staples the Office Superstore, LLC.*, 644 F.3d 817, 819 (9th Cir. 2011). However, "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826; *see also Sepe v. Gordon Trucking Inc.*, 755 Fed.Appx. 668, 670 (9th Cir. 2019) ("Causation testimony by a treating physician is expert opinion, subject to the disclosure and written report requirement detailed in Rule 26(a)(2) if the physician's opinion on causation was formed outside the course of treatment.")

The record indicates Plaintiff disclosed the names of her treating physicians. ECF Nos. 268-6, Exhibit E (Plaintiff's Third Amended Expert Witness Disclosures); 290-1, Exhibit A (Plaintiff's Supplemental Responses to Defendants' Interrogatories) at 6. Because Defendants do

1  not discuss the extent to which the treating physicians' opinions were formed during the course of
2  treatment, the Court **DENIES** Defendants' Motion in Limine No. 9 without prejudice to
3  Defendants objecting to testimony under *Goodman*. *See Mendoza v. Intuitive Surgical, Inc.*, 2021
4  WL 1910886, at 5 (N.D. Cal. May 12, 2021) ("Intuitive does not specify what testimony from
5  Mendoza's treating physicians is objectionable. The Court cannot apply the *Goodman* test without
6  more specificity. . . . At trial, Intuitive may object to specific testimony under *Goodman*.").

### 10. Defendants' Motion in Limine No. 10

Defendants move to exclude evidence related to Plaintiff's life care plan damages because the evidence is not supported by expert opinion. ECF No. 266. Plaintiff argues the evidence is supported by experts John McKinney and Nora Ostrofe. ECF No. 291.

Given the Court's finding that Plaintiff has failed to demonstrate the reliability of opinions by John McKinney and Nora Ostrofe, *see infra* Defendants' Motion in Limine No. 14, the Court **GRANTS** Defendants' Motion in Limine No. 10.

### 11. Defendants' Motion in Limine No. 11

Defendants move to exclude evidence of past medical damages because Plaintiff failed to designate an expert on past medical damages and failed to disclose a computation of her past treatment costs. ECF Nos. 267; 267-1 Smith Dec. ¶ 3 ("Plaintiff has never explained nor documented the claimed past medical losses").

Plaintiff did not file an opposition to Defendants' motion and fails to provide any declaration indicating Plaintiff met the disclosure requirements. The Court has found Plaintiff failed to demonstrate the reliability of opinions by John McKinney and Nora Ostrofe, *see infra* Defendants' Motion in Limine No. 14. The Court **GRANTS** Defendants' Motion in Limine No. 11.

### 12. Defendants' Motion in Limine No. 12

Defendants move to exclude Plaintiff's claim of damages resulting from her missed applications to grants, scholarships, and fellowships ("Missed Applications Chart"). ECF No. 268 at 2-3. Defendants argue Plaintiff failed to disclose a qualified expert and the damages calculations are speculative. *Id*. at 6-7. Plaintiff argues she "would be in best position to know

1 what opportunities she has missed" and that she disclosed Nora Ostrofe and John McKinney as

2 damages experts. ECF No. 292 at 1-2.

3 Plaintiff disclosed the Missed Applications Chart throughout the course of litigation and

4 disclosed Nora Ostrofe and John McKinney as damages experts. *See* ECF Nos. 268-1 Smith Decl.

5 ¶ 2; 268-4, Exhibit C (Plaintiff's Expert Witness Disclosures); 268-5, Exhibit D (Plaintiff's

6 Amended Disclosures). However, Plaintiff failed to demonstrate the reliability of her experts'

7 opinions, *see infra* Defendants' Motion in Limine No. 14, and neither expert addresses the Missed

8 Applications Chart or the specific damages calculations contained therein. *See* ECF No. 268-8,

9 Exhibit G (Ostrofe Depo.) at 46: 24-25, 47: 1-17; 292-1, Exhibit A (McKinney Opinion).

10 Plaintiff, as a lay witness, is limited to testimony based on her rationally based perceptions and

11 observations—she is not qualified to offer testimony on specific damages calculations relating to

12 her missed applications. *See Durham,* 464 F.3d at 298 ("opinion testimony of lay witnesses must

13 be predicated upon concrete facts within their own observation and recollection-that is facts

14 perceived from their own senses, as distinguished from their opinions or conclusions drawn from

15 such facts.") (internal citations and quotations omitted).

16 Accordingly, the Court **GRANTS** Defendants' Motion in Limine No. 12.

17 **13.     Defendants' Motion in Limine No. 13**

18 Defendants move to exclude substitute witness opinions that are outside the scope and

19 inconsistent with the original expert's opinion. ECF No. 269. Defendants request the Court limit

20 substitute expert Douglas Cross's testimony to the scope of former witness Ned Epstein's

21 testimony. *Id.* Plaintiff argues Cross is not limited to the scope of Einstein's testimony because

22 Cross is also a substitute expert for Plaintiff's former rebuttal expert, Barry Atwood. ECF No.

23 299.

24 The Court agrees with Defendants. Even if Cross is a substitute expert for rebuttal expert

25 Atwood, the Court has ruled that "while the Court finds good cause exists to permit a substitute in

26 place of Atwood to testify as a rebuttal expert witness, that substitute may not testify in place of

27 Einstein." ECF No. 245 at 7. Cross, as the substitute expert for Einstein, is "limited to the subject

28 matter and theories already espoused by [Einstein]." *Chien Van Bui v. City & Cty. of San*

7

1  *Francisco,* Case No. 11-cv-4189, 2018 WL 4959056, at *2 (N.D. Cal. Jan. 31, 2018). Therefore,

2  Cross "must limit his opinion[] to the subject matter covered in [Einstein]'s report and may not

3  testify in any manner that is contrary to or inconsistent with [Einstein]'s report. That is, [Cross's]

4  opinions must be 'substantially similar' to [Einstein]'s." *Fujifilm Corp. v. Motorola Mobility*

5  *LLC*, 2014 WL 8094582, at * 2 (N.D. Cal. Nov. 19, 2014) (internal citations and brackets

6  omitted).

7       The Court **GRANTS** Defendants' Motion in Limine No. 13.

8       **14.**     **Defendants' Motion in Limine No. 14**

9       Defendants move to exclude expert witness John McKinney and argue McKinney's

10  opinion is unreliable because it relies on Plaintiff's self-assessment of disability. ECF No. 270.

11  Plaintiff argues McKinney's opinion is reliable because it relies on a disability rating from a

12  therapist and experts are allowed to consider self-reports. ECF No. 298.

13       The Court's gatekeeping role under *Daubert* requires inquiry into the reliability of

14  McKinney's opinion. *Daubert v. Merrell Dow Pharmeceuticals, Inc.,* 43 F.3d 1311, 1316 (9th

15  Cir. 1995); *see Grodzitsky v. American Honda Motor Co., Inc.,* 957 F.3d 979, 984 (9th Cir. 2020)

16  ("Under *Daubert*, 'the district court judge must ensure that all admitted expert testimony is both

17  relevant and reliable.'") (internal citation omitted). "Scientific evidence is reliable if the principles

18  and methodology used by an expert are grounded in the methods of science." *Wendell v.*

19  *GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017). A "bald assurance of validity is not

20  enough." *Daubert*, 43 F.3d at 1317. The Court "must assure that the methods are adequately

21  explained," *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002), and the Court is

22  "vested with 'broad latitude' to 'decide *how* to test an expert's reliability' and '*whether or not* an

23  expert's relevant testimony is reliable." *Murray v. Southern Route Maritime SA*, 870 F.3d 915,

24  923 (9th Cir. 2017) (internal citation omitted).

25       The Court finds McKinney has failed to sufficiently explain his methodology in forming

26  his expert opinion and Plaintiff has failed to demonstrate the McKinney's opinion's reliability.

27  *See Bldg. Indus. Ass'n of Washington v. Washington State Bldg. Code Council*, 683 F.3d 1144,

28  1154 (9th Cir. 2012) ("The party offering expert testimony has the burden of establishing its

admissibility."). Notably, McKinney's opinion does not include an explanation of how he came to his conclusions and Plaintiff does not proffer an explanation. *See Daubert*, 43 F.3d at 1316 (factors of reliability may include "(1) whether the theory can be and has been tested, (2) whether the theory has been peer reviewed and published, (3) what the theory's known or potential error rate is, and (4) whether the theory enjoys general acceptance in the applicable scientific community."); *United States v. Rincon*, 28 F.3d 921, 924 (9th Cir.1994) (explaining that the methods used by the expert must be described "in sufficient detail" such that the district court can determine if they are reliable). Accordingly, the Court **GRANTS** Defendants' Motion in Limine No. 14.[1] *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

Defendants also argue Nora Ostrofe's opinions are unreliable because she relied on McKinney's opinion. ECF No. 270 at 10. Plaintiff argues Ostrofe's opinions are admissible because McKinney's opinion is admissible. ECF No. 298 at 8.

As discussed above, the Court finds McKinney's opinion to be unreliable because of a lack of explanation regarding his methodology. Because it is undisputed that Ostrofe's opinion relied on McKinney's, *see* ECF No. 298 at 8 ("Plaintiff acknowledges that her expert economist, Nora Ostrofe, relied upon the opinion of McKinney to find the proper amount of damages), this defect means that Plaintiff has also failed to demonstrate the reliability of Ostrofe's opinion. The Court **GRANTS** Defendants Motion in Limine No. 14 as it pertains to Ostrofe's opinion.

**15.    Defendants' Motion in Limine No. 15**

Defendants move to exclude Plaintiff's claim for professional losses damages because Plaintiff failed to disclose an expert and Plaintiff is not qualified to testify about job discrimination. ECF No. 276. Plaintiff argues her job discrimination claims do not require an

---

[1] Given the Court's finding that McKinney's opinion is unreliable, the Court declines to address Defendants' additional arguments for excluding McKinney's opinion.

9

expert opinion and, even if an expert is required, Plaintiff has expert witness Nora Ostrofe to testify on Plaintiff's job discrimination claims. ECF No. 297.

As discussed above, Plaintiff fails to demonstrate the reliability of Nora Ostrofe's opinion. *Supra* Defendants' Motion in Limine No. 14. Although Plaintiff may testify to her observations and rationally based perceptions, she is not qualified to offer the proposed testimony on a damages calculation resulting from job discrimination. *See Durham,* 464 F.3d at 298 ("opinion testimony of lay witnesses must be predicated upon concrete facts within their own observation and recollection-that is facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts."). To be clear, a victim of job discrimination can testify to what she had previously been earning and what she earns now, and other matters within her observation. The proposed testimony here is a market analysis that attempts to measure Plaintiff's economic loss occasioned by job discrimination and delayed entry into the workforce; this is not lay testimony.

The Court **GRANTS** Defendants' Motion in Limine No. 15.

### 16. Defendants' Motion in Limine No. 16

Defendants move to exclude evidence of Plaintiff's psychological records because Plaintiff failed to timely produce her mental health records and failed to provide psychological damages in her computation of damages. ECF No. 272 at 2, 8; ECF No. 272-1 ¶ 5. Plaintiff argues she timely disclosed Dr. June Parks as an expert and signed a release for Defendants to obtain her records. ECF No. 300.

The Court **DENIES** Defendants' Motion in Limine No. 16. The record indicates Plaintiff disclosed June Parks as a witness, ECF No. 268-4, Exhibit C (Plaintiff's Expert Witness Disclosures), and Defendants concede that Plaintiff "agreed to allow Defendants to obtain copies of her mental health care treatment records by providing a release." ECF No 272 at 2. Defendants fail to explain why Defendants did not subpoena Plaintiff's psychological medical records. *Cf. Karnazes v. County of San Mateo*, Case No. 09-cv-767, 2010 WL 1910522, at *6 (N.D. Cal. May 11, 2010) (resolving discovery dispute over production of medical records by ordering defendants

to provide plaintiff a release, plaintiff to sign the release and return to defendants, and defendants submitting release to the plaintiff's doctor for production of records.)

**IT IS SO ORDERED.**

Dated: July 21, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge