UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>            Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>            Defendants. | Case No. 15-cv-02726-TSH<br><br>**ORDER RE: JURY INSTRUCTIONS AND VERDICT FORMS** |

On June 10, 2022, the parties submitted proposed jury instructions and verdict forms. ECF Nos. 284-6, 284-7. On July 21, 2022, the Court heard oral argument on the proposed jury instructions and verdict forms. The Court addresses the jury instructions and verdict forms in this order.

**A.    Jury Instructions**

The parties jointly proposed preliminary instructions, instructions for the course of trial, and instructions for the end of the case. ECF No. 284-6.

The Court will use preliminary instructions, to be read at the beginning of trial after voir dire and before opening statements, and final instructions, to be read at the close of evidence. The parties' proposed instructions for the course of trial should be addressed with the final instructions.

Preliminary Jury Instructions

The Court will not provide the jury with a written set of instructions at the beginning of trial. The Court will use instruction 1.3 and not instruction 1.2.[1]

---

[1] Unless otherwise stated, all instructions are from the Ninth Circuit's Model Civil Jury Instructions.

The parties' proposed instruction 1.5 contains grammatical errors. The Court will use the following:

> To help you follow the evidence, I will give you a brief summary of the positions of the parties:
>
> This is a negligence case. Plaintiff Amanda Jones asserts that she was injured by the negligence of defendants Santa Cruz Metropolitan Transit and National Railroad Passenger Corporation (AMTRAK). The plaintiff has the burden of proving these claims.
>
> The defendants deny those claims and contends the plaintiff was negligent and did not mitigate or avoid her damages. The defendant has the burden of proving these affirmative defenses.
>
> The plaintiff denies defendants' affirmative defenses.

The Court will use instructions 4.1, 4.2, 4.4, 4.8, and 4.10.

For instruction 1.9, the parties' proposed instruction includes the following paragraph:

> A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

However, this paragraph is not in the model jury instructions. The Court will not use this paragraph in instruction 1.9.

For instruction 1.12, the Court will use the instruction's illustrative example to aid the jury. The instruction's example states:

> By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

The Court will use instructions 1.13, 1.15 and 1.21.

For instruction 1.14, the parties' proposed instruction states jurors may consider "(3) the witness's manner while testifying (although keep in mind that different people react differently to testifying in court)." The model jury instruction does not include "(although keep in mind that

different people react differently to testifying in court)." The Court will not use this additional language in the instruction.

The Court will use instruction 2.4 in the preliminary instructions:

> You may hear from a deposition during the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.
>
> Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.
>
> Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

For instruction 1.17, the parties' proposed instruction includes the following:

> If, during your deliberations, you determine that you want to review the testimony of a witness again, you can request to have that witness's testimony, or a portion of that witness's testimony, read back to you in the courtroom, with all of us present It is up to me whether to permit a readback, and I may require that more of the witness's testimony be read back into the record, rather than just the portion that you requested. The readback could contain errors. The readback will not reflect the witness's demeanor, tone of voice, or other aspects of the live testimony. The way you remember and understand the live testimony controls. Finally, in your exercise of judgment, the testimony read back cannot be considered in isolation, but must be considered in the context of all the evidence presented.

This language is not included in the model jury instruction and will be not be used in the instructions.

The Court will not use instruction 3.4.

For instruction 1.18, the Court will use the following language:

> If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.
>
> Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

For instruction 1.19, the Court will use Option 1 and not Option 2.

3

1   At the end of the preliminary instructions, the Court will read the following before opening
2   statements: "Now is the time for opening statements.  And I will invite counsel for plaintiff, if you
3   would like, to make an opening statement."

Final Jury Instructions

The Court will read final jury instructions at the close of evidence.

The Court will begin final jury instructions with instruction 1.4.  The Court will not use instruction 2.0.

The Court will use instructions 1.6, 1.7, 1.8, 1.9, 1.10, 1.11, 1.12, 1.14, 4.1, 4.2, 4.4, 4.8, and 4.10.

For instruction 2.1, the parties must provide the name of a witness's stipulated testimony. If the parties do not stipulate to testimony in trial, the Court will not use instruction 2.1.

For instruction 2.2, the Court will use the following facts, as stated in the parties' pretrial conference statements, unless the parties indicate otherwise: "The plaintiff was riding in a Santa Cruz Metropolitan Transit District bus on August 25, 2014.  She was sitting in her motorized mobility device (scooter) on the bus. The mobility device (scooter) has three wheels."

For instruction 2.3, the parties must provide the facts subject to judicial notice.  If the Court does not take judicial notice of facts in trial, the Court will not use this instruction.

For instruction 2.4, the parties must provide the deposed witness's name and deposition date. The Court will not use this instruction if deposition in lieu of live testimony is not used in trial.

The Court will not use instruction 2.9 if impeachment evidence was not introduced in trial.

For instruction 2.13, the parties' proposed instruction uses the word "experts."  However, comment to instruction 2.13 states that the Court should avoid labeling any witness as an expert. Accordingly, if an expert testifies at trial, the Court will use the experts' name in the instruction.

The Court will use instruction 2.14.

The Court will use CACI instructions 400, 401, and 403.  CACI instruction 400 will state:

> Plaintiff Amanda Jones claims that she was harmed by Defendants' negligence.  To establish this claim, Plaintiff must prove all of the following:

4

       1.       That Defendants were negligent;
       2.       That Plaintiff was harmed; and
       3.       That Defendants' negligence was a substantial factor in causing Plaintiff's harm.

The Court will not use the parties' proposed "ADA Application" instruction because the Court dismissed Plaintiff's ADA claims.

The parties submitted five proposed jury instructions that cite to either the Code of Federal Regulations ("CFR") or the U.S. Department of Transportation's Disability Law Guidance ("DOT Guidance"). The proposed instructions include excerpts from the CFR and DOT Guidance Authority. The Court will not use the excerpts in the jury instructions. The Court will use the following instructions to address the CFR and DOT Guidance authorities:

### DEFINITION OF "WHEELCHAIR"

Certain regulations address wheelchairs and transportation vehicles. A "wheelchair" means a mobility aid belonging to any class of three- or more-wheeled devices, usable indoors, designed or modified for and used by individuals with mobility impairments, whether operated manually or powered.

### REQUIREMENT OF SEAT BELT AND HARNESS

A transit operator is not permitted to mandate the use by wheelchair users of seat belts and shoulder harnesses, unless the operator mandates the use of these devices by all passengers, including those sitting in vehicle seats.

### ACCOMODATION OF WHEELCHAIRS

If a transit operator has a policy that requires securement, or if a rider asks that the wheelchair be secured, transit personnel must use their best efforts to secure the device. Transit operators cannot refuse to accommodate a wheelchair because the device cannot be secured to the driver's satisfaction. Given the diversity of wheelchairs, transit operators should consult with the owner of the wheelchair to determine the best means of securement.

### LIFT AND SECUREMENT USE

A vehicle driver may recommend to a user of a wheelchair that the individual transfer to a vehicle seat. The vehicle driver may not require the individual to transfer.

### REQUIREMENT TO TRANSFER SEAT

Persons who use wheelchairs may transfer to a vehicle seat if one is available. Such a move is the rider's decision and the operator cannot force a rider to transfer to a vehicle seat, although the operator can suggest a transfer in a non-coercive way.

CACI instruction 405 contains grammatical errors. The Court will use the following instruction:

**COMPARATIVE FAULT OF PLAINTIFF**

> Defendants claim that plaintiff's own negligence contributed to her harm. To succeed on this claim, defendants must prove both of the following:
>
> 1. That plaintiff was negligent; and
> 2. That plaintiff's negligence was a substantial factor in causing her harm.
>
> If defendants prove the above, plaintiff's damages are reduced by your determination of the percentage of plaintiff's responsibility. I will calculate the actual reduction.

The Court will include CACI instructions 411 and 430.

Instruction 5.1 contains grammatical errors. The Court will use the following language:

> It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.
>
> If you find for the plaintiff on her negligence claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:
>
> The nature and extent of the injuries;
>
> The disability, disfigurement, loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;
>
> The physical pain and suffering experienced and that with reasonable probability will be experienced in the future;
>
> The reasonable value of necessary medical care, treatment, and services received to the present time;
>
> The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;
>
> It is for you to determine what damages, if any, have been proved.

> Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

The parties proposed a "compensatory damages" instruction. However, given instruction 5.1 and the parties' failure to cite additional authority supporting the additional instruction, the Court will not use the compensatory damages instruction. The Court will not use Instruction 5.2.

The Court will use instructions 5.3.

The Court will use instruction 5.5. *See Meier v. City of Brisbane,* Case No. 21-cv-5504-DMR, 2022 WL 523327, at *6 (N.D. Cal. Feb. 2, 2022) ("Regarding the negligence claim against Sevilla, punitive damages are available under California law if a plaintiff proves 'by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice.'") (citing Cal. Civ. Code § 3294(a)).

The Court will not use instruction 5.6. *See Adkins v. Facebook, Inc.,* 424 F.Supp.3d 686, 695 (N.D. Cal. 2019) ("California has long held that '[i]t is fundamental that a negligent act is not actionable unless it results in injury to another.' California also holds that '[n]ominal damages, to vindicate a technical right, cannot be recovered in a negligence action, where no actual loss has occurred.'") (internal citations omitted).

The Court will use instructions 3.1, 3.2, 3.3, and 3.5.

The Court will not use instruction 3.4 unless the jury requests a readback of a witness's testimony. *See* Instruction 3.4 Comment ("If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed.")

The Court will not use instruction 3.7 unless the jury is unable to agree upon a verdict.

The Court will not use instruction 3.8 unless a juror is discharged from service.

The Court will use instruction 3.9.

**B.      Verdict Forms**

The parties submitted separate proposed verdict forms.  ECF No. 284-7.  The Court will use the attached verdict form.[2]

---

[2] The parties did not object to the attached verdict form during the July 21, 2022 pretrial conference hearing.

8

**[PROPOSED] VERDICT FORM**

We, the jury in the above-entitled action, unanimously find the following on the questions submitted to us:

1. Do you find by a preponderance of evidence that Defendant Santa Cruz Metropolitan Transit District was negligent and that the negligence was a substantial factor in causing harm to Plaintiff Amanda Jones?

   Yes _____                                         No _____

   *If yes, proceed to question 2.*
   *If no, skip questions 2 and 3. Proceed to question 4.*

2. What is the amount of damages that you award Plaintiff Amanda Jones to compensate her for her claim against Defendant Santa Cruz Metropolitan Transit District?

   $_____

   *Proceed to question 3.*

3. Do you find by clear and convincing evidence that punitive damages should be awarded against Defendant Santa Cruz Metropolitan Transit District?

   Yes _____                                         No _____

   If "Yes," what is the amount of punitive damages?  $_____

   *Proceed to question 4.*

4. Do you find by a preponderance of evidence that Defendant National Railroad Passenger Corporation ("AMTRAK") was negligent and that the negligence was a substantial factor in causing harm to Plaintiff Amanda Jones?

   Yes _____                                         No _____

   *If yes, proceed to question 5.*
   *If no, skip questions 5 and 6. Proceed to question 7.*

5. What is the amount of damages that you award Plaintiff Amanda Jones to compensate her for her claim against Defendant National Railroad Passenger Corporation ("AMTRAK")?

   $_____

   *Proceed to question 6.*

6. Do you find by clear and convincing evidence that punitive damages should be awarded against AMTRAK?

9

Yes _____                                                      No _____
If yes, what is the amount of punitive damages?  $_____

*Proceed to question 7.*

7.     If you found either Defendants Santa Cruz Metropolitan Transit District or AMTRAK negligent, do you also find by a preponderance of the evidence that Plaintiff Amanda Jones was negligent and that the negligence was a substantial factor in causing her own harm?

Yes _____                                                      No _____

*If yes, proceed to question 8.*
*If no, skip question 8 and sign and date this form.*

8.     If you find Plaintiff Amanda Jones was negligent, what percentage of damages is Plaintiff responsible for?

_____ % of damages by Santa Cruz Metropolitan Transit District
_____ % of damages by AMTRAK

_____                    _____
Signature of Jury Foreperson                                                            Date

**IT IS SO ORDERED.**

Dated: July 21, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge

10