UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>   Plaintiff,<br><br>   v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>   Defendants. | Case No. 15-cv-02726-TSH<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 331 |

## I.   INTRODUCTION

Pending before the Court is Plaintiff's Motion for Leave to File Motion for Reconsideration. ECF No. 331. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## II.   BACKGROUND

This case arises from Defendants' alleged negligence when Plaintiff and her scooter fell during transit on an AMTRAK Highway 17 Express Bus #2310.

On July 21, 2022, the Court held a pretrial conference and issued an Order re Motions in Limine. ECF Nos. 319, 321. In the Order, the Court granted Defendants' Motion in Limine No. 14 and found Plaintiff failed to demonstrate the reliability of John McKinney's expert opinion. ECF No. 321 at 8-9. Plaintiff requested a stay in the case given the Court's exclusion of McKinney. Defendants did not object to Plaintiff's request, and the Court issued an order staying the case. ECF No. 323. On September 1, 2022, Plaintiff filed a Motion for Leave to File Motion for Reconsideration.

## III.   LEGAL STANDARD

"No party may notice a motion for reconsideration without first obtaining leave of Court to

file the motion." Civ. L. R. 7-9(a). Under Civil Local Rule 7-1(b), a motion for leave to file a motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments.

Motions for reconsideration are generally disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider." Civ. L. R. 7-9(d).

## IV. DISCUSSION

Plaintiff seeks to file a motion for reconsideration regarding the Court's order excluding John McKinney as an expert. ECF No. 331. Plaintiff argues Defendants did not raise the argument of unreliability in their motion in limine and McKinney has testified as an expert in prior cases. *Id.* at 4-6.

The Court denies Plaintiff's request for leave to file a motion for reconsideration. Defendants moved to exclude McKinney's opinion under Federal Rule of Evidence 702 and argued McKinney's opinion was unreliable. ECF No. 270. "As a prerequisite to making the Rule 702 determination that an expert's methods are reliable, the court must assure that the methods are adequately explained." *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002). The Court has evaluated the record and finds Plaintiff still fails to adequately explain McKinney's methods in the present action. Plaintiff offers McKinney's deposition from a 2017 case filed in the Circuit Court for Hamilton County, Tennessee to argue McKinney's opinion is reliable and adequately explained. ECF Nos. 331-1, Aikens Decl. ¶ 6; 331-3, Exhibit B. However, McKinney's deposition testimony from a separate 2017 case in Tennessee does not establish the

reliability of McKinney's opinion as it applies to facts and circumstances of this case. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) ("[T]he expert's bald assurance of validity is not enough. Rather, the party presenting the expert must show that the expert's findings are based on sound science, and this will require some objective, independent validation of the expert's methodology."). The 2017 Tennessee case involves different facts, plaintiffs, and defendants. Therefore, Plaintiff has failed to meet her burden of establishing the reliability of McKinney's opinion. *See Bldg. Indus. Ass'n of Washington v. Washington State Bldg. Code Council*, 683 F.3d 1144, 1154 (9th Cir. 2012) ("The party offering expert testimony has the burden of establishing its admissibility.").

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Leave to File Motion for Reconsideration.

**IT IS SO ORDERED.**

Dated: September 13, 2022

THOMAS S. HIXSON
United States Magistrate Judge