**EXHIBIT A**

Catherine Cabalo (SBN 248198)
ccabalo@pwcklegal.com
PEIFFER WOLF CARR & KANE, APLC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94104
Tel: (415) 766-3592
Fax: (415) 402-0058

Carla Aikens (*Pro Hac Vice*)
CARLA D. AIKENS, P.C.
615 Griswold St., Suite 709
Detroit, MI 48226
Telephone: (844) 835-2993
Facsimile: (877) 454-1680
carla@aikenslawfirm.com

Attorney for Plaintiff Amanda Jones

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, *et al.*,<br><br>　　　Defendants. | Case No.: 15-cv-02726-TSH<br><br>Civil Rights<br><br>***THIRD AMENDED* COMPLAINT** |

COMES NOW Plaintiff, Amanda Jones, by and through her attorneys, CARLA D. AIKENS, P.C. and PEIFFER WOLF CARR & KANE, APLC, and alleges as follows:

**PARTIES**

1. At the time of the incident, Ms. Jones was a resident of the City of Chicago, County of Cook, State of Illinois, and was a passenger on the #2310 bus at the time of the incident and sustained injuries as a result of Defendant's conduct.

2. Ms. Jones is a "qualified individual with a disability" under both the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973 (Section 504) because she has a physical impairment that substantially limits her in the major life activity of walking.

3. At the time of the accident, Ms. Jones traveled by a common wheeled apparatus (scooter) to get around the city due to injuries sustained in a previous accident.

4. Defendant National Railroad Passenger Corporation ("AMTRAK"), is a corporation organized and existing under the laws of the United States of America with its principal place of business located in Washington, D.C.

5. At all times relevant and material hereto, Defendant AMTRAK has carried out, and continues to carry out, substantial, continuous and systematic activities in the State of California and have purposely established significant contacts within the State of California.

6. The injuries and damages alleged in this lawsuit arise out of, and are related to, Defendant AMTRAK's contacts and activities in the State of California.

7. Defendant Santa Cruz Metropolitan Transit District ("SCMTD") is a political subdivision of the State of California. It was created pursuant to Cal. Pub. Util. Code § 98000, *et seq.*, and is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. Part 35. SCMTF receives federal financial assistance and has its principal place of business in Santa Cruz,

California. SCMTD operates a "fixed route system" within the meaning of 42 U.S.C. § 12141(3). Metro is engaged as a common carrier in the business of transporting members of the general public.

8. At all relevant times, Defendants SCMTD and AMTRAK (collectively, "Defendants") were acting by and through their employees, servants, agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of Defendants.

## JURISDICTION and VENUE

9. This Court has jurisdiction over Ms. Jones' claims pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 12133, 29 U.S.C. § 794a, 28 U.S.C. § 1349 (as to Defendant AMTRAK) and supplemental jurisdiction over any claims brought under California law.

10. This Court also has jurisdiction over Ms. Jones' claims pursuant to 28 U.S.C. § 1332 because the amount in controversy threshold is met and diversity of citizenship exists.

11. Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. § 1391(b) because the causes of action upon which the Complaint is based arose in Santa Cruz County, California, which is within the Northern District of California.

## FACTUAL AVERMENTS

12. At the time of the incident, Ms. Jones was a Ph.D. student at the University of Chicago.

13. In August of 2014, Ms. Jones traveled to California for a conference.

14. At approximately 10 a.m. on or about August 25, 2014, while Ms. Jones was traveling on the "AMTRAK Highway 17 Express bus" (#2310), which is, upon information and belief, operated by the Santa Cruz Metropolitan Transit District ("SCMTD") and AMTRAK, from Santa Cruz to San Jose, California.

15. Due to her disability, Ms. Jones traveled by a wheeled apparatus (scooter) at the time of the accident.

16. The Defendant knew or should have known that Ms. Jones was a disabled person with a federally protected right of equal access to a public entity's services pursuant to the ADA and Section 504.

17. Ms. Jones informed the driver of the vehicle that she needed to be secured to avoid falling.

18. Based upon the occasions in which Plaintiff rode the bus, Defendants have failed to properly train their employees on disabled passengers.

19. The driver attempted to secure Ms. Jones' scooter using the belts and hooks on the bus which were ordinarily used to serve disabled clientele.

20. The driver was confused about how to properly secure Ms. Jones' scooter.

21. The driver was unable to properly secure Ms. Jones' scooter due to a lack of training by Defendants.

22. Upon information and belief, Defendants knew of their driver's lack of training due to prior incidents.

23. Ms. Jones attempted to inform the driver of how other bus drivers had secured her scooter in the past.

24. Although the Defendant knew or should have known that he did not know how to properly secure Ms. Jones' scooter, the driver ignored Ms. Jones' instructions and also failed to figure out how to properly secure Ms. Jones' scooter and proceeded to secure Ms. Jones' scooter in a way that was not secure.

25. By ignoring Ms. Jones' instructions and by failing to figure out how to properly secure Ms. Jones' scooter, Defendant acted with deliberate indifference to the substantial likelihood that

Ms. Jones, a qualified individual with a disability, would suffer harm to her federally protected right of safe and equal access to a public entity's services, under the ADA, if he failed to properly secure her scooter.

26. After improperly securing Ms. Jones' scooter, the driver sped around a curve, the scooter tipped over, and Ms. Jones was thrown to the floor of the bus.

27. Defendants caused Ms. Jones' injuries, as a direct and proximate result of Defendants' deliberate indifference to the substantial likelihood of harm to Ms. Jones' federally protected right of equal and safe access to a public entity's services, in the manner as alleged above, causing Ms. Jones to suffer serious injuries including, but not limited to, injuries to her knee and back.

28. Following the fall, the driver and another passenger came to assist Ms. Jones, and the passenger assisted the driver in identifying the correct way to secure Ms. Jones.

29. A supervisor was called to the scene of the incident where an argument ensued in Spanish between the driver and the supervisor.

30. As a direct and proximate result of the injuries caused by Defendant's driver's careless actions, Ms. Jones has incurred expenses for medical treatment for her injuries.

31. Following the incident, Ms. Jones reported the incident to both Defendants.

32. Defendant AMTRAK stated that it did not operate the bus in question and referred Ms. Jones to Defendant SCMTD.

33. Defendant SCMTD denied Ms. Jones' claim by letter dated December 16, 2014, which was received by Ms. Jones' counsel on December 26, 2014. (Exhibit A – SCMTD Claim Denial Letter).

34. After the incident, due to her inability to heal from her injuries, Ms. Jones relocated to California to pursue her Ph.D. remotely and is likely to use Defendants' bus system in the future.

35. Since the incident in question, Ms. Jones has traveled on Defendants' transportation system on other occasions.

36. During one such incident, in attempting to travel to the courthouse for the present litigation, the bus was significantly delayed because the wheelchair lift was not working properly and the driver did not know how to operate it.

37. During this incident, the driver had to call a supervisor for instructions on how to operate the lift.

38. After finally being loaded onto the bus, Ms. Jones was forced to wedge herself in between regular seats and the bathroom of the bus.

39. Due to this arrangement, the bathroom door would hit Ms. Jones in the legs every time it was opened, which caused Ms. Jones' legs to swell significantly and become sore.

## COUNT I – VIOLATION OF AMERICANS WITH DISABILITIES ACT (AMTRAK)

40. All preceding paragraphs are incorporated herein by reference.

41. Defendant AMTRAK is specifically identified in Section 201(1)(C) of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12131(1)(C), as a public entity for purposes of Title II of the ADA, 42 U.S.C. §§ 12131 *et seq.*

42. Title II of the ADA prohibits, inter alia, public entities from discriminating against individuals with disabilities on the basis of disability by subjecting them to discrimination, excluding them from participation in, or denying or otherwise limiting them in the benefits of the services, programs or activities of the public entity.

43. Upon information and belief, Defendant AMTRAK's employees were not trained adequately to handle Ms. Jones' disability, as shown by the multiple occasions where Ms. Jones was forced to suffer due to the Defendant's employees' inability to handle her disability.

44. In failing to provide staff proficiently trained in operating the securement technology on the vehicle in question, Ms. Jones, an individual with a disability, was denied equal and safe access to Defendant's services, by reason of her disability, in violation of Title II of the ADA and the federal regulations promulgated pursuant to Title II, 28 C.F.R. part 35, and 49 C.F.R. parts 27, 37 and 38 by, inter alia, failing to operate its services, programs and activities, including its Bus services, on a nondiscriminatory basis; failing to afford individuals with mobility disabilities who use common wheeled apparatuses the structural and program access required as necessary to ensure that AMTRAK services, programs and activities, including AMTRAK Bus services, are readily accessible to and usable by individuals with disabilities; and to the extent that AMTRAK services, including AMTRAK Bus services, are provided through contractual, licensing or other arrangement with other entities providing public transportation services, failing to ensure that such entities comply with disability civil rights and access laws.

45. Pursuant to 42 U.S.C. § 12133, and the remedies, procedures, and rights set forth in 29 U.S.C. § 794a incorporated therein, Ms. Jones prays for judgment as set forth below.

46. In doing the acts and omissions alleged herein, Defendant AMTRAK knew or should have known that its conduct was directed to persons with disabilities, thereby entitling Ms. Jones to recover treble damages, penalties and/or other such remedies pursuant to California Civil Code § 3345, in addition to remedies provided as detailed in the paragraph above.

6

THIRD AMENDED COMPLAINT
*JONES V. NATIONAL RAILROAD PASSENGER CORPORATION, ET AL.*
CASE NO.: 15-CV-02726-TSH

## COUNT II – VIOLATION OF AMERICANS WITH DISABILITIES ACT (SCMTD)

47. All preceding paragraphs are incorporated herein by reference.

48. Title II of the ADA provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132, *et seq.*; 28 C.F.R. pt. 35; 49 C.F.R. pts. 37 and 38.

49. Ms. Jones is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2).

50. Defendant SCMTD is a public entity within the meaning of 42 U.S.C. § 12131(1).

51. Defendant SCMTD has violated the ADA by denying Ms. Jones the benefits of its services, programs, and activities, as more fully set forth above.

52. Furthermore, upon information and belief, Defendant's employees were not trained adequately to handle Ms. Jones' disability, as shown by the multiple occasions where Ms. Jones was forced to suffer due to Defendant's employees' inability to handle her disability.

53. Defendant SCMTD's violations of the ADA have harmed and will continue to harm Ms. Jones in the future, as she will continue to need to use this public transportation system.

54. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12133, Ms. Jones prays for judgment as set forth below.

55. In doing the acts and omissions alleged herein, Defendant SCMTD knew or should have known that its conduct was directed to persons with disabilities, thereby entitling Ms. Jones to recover treble damages, penalties and/or other such remedies pursuant to Cal. Civ. Code § 3345.

# COUNT III – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973
## (ALL DEFENDANTS)

56. All preceding paragraphs are incorporated herein by reference.

57. Defendants receive federal financial assistance and as such are subject to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) ("Section 504"), and the federal regulations promulgated thereunder.

58. The conduct previously alleged violates Section 504, and the federal regulations promulgated thereunder.

59. Section 504 prohibits, inter alia, recipients of federal financial assistance from discriminating against individuals with disabilities on the basis of disability by subjecting them to discrimination, excluding them from participation in, or denying or otherwise limiting them in any benefits, services, programs or activities offered by the recipient.

60. Defendants have violated Section 504, inter alia, by failing to operate their services, programs and activities on a nondiscriminatory, safe basis; failing to afford individuals with mobility disabilities who use common wheeled apparatuses the structural and program access required as necessary to ensure that public bus transportation services are readily accessible to and usable by individuals with disabilities; and failing to ensure that personnel are trained to proficiency regarding the safe operation of vehicles and equipment and the provision of respectful and courteous service to passengers with disabilities.

61. To the extent that Defendant AMTRAK provides AMTRAK services, including AMTRAK Bus services, through contractual, licensing or other arrangement with other entities, Defendant AMTRAK has further violated Section 504 by failing to ensure that such entities comply with disability civil rights and access laws.

8

THIRD AMENDED COMPLAINT
*JONES V. NATIONAL RAILROAD PASSENGER CORPORATION, ET AL.*
CASE NO.: 15-CV-02726-TSH

62. Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Ms. Jones prays for judgment as set forth below.

63. In doing the acts and omissions alleged herein, Defendants knew or should have known that their conduct was directed to persons with disabilities, thereby entitling Ms. Jones to recover treble damages, penalties and/or other such remedies pursuant to California Civil Code § 3345, in addition to remedies provided as detailed in the paragraph above.

## COUNT IV – VIOLATION OF CALIFORNIA UNRUH CIVIL RIGHTS ACT
## (ALL DEFENDANTS)

64. All preceding paragraphs are incorporated herein by reference.

65. Defendants AMTRAK and SCMTD, and each of them, operate business establishments within the jurisdiction of the State of California, and as such are obligated to comply with the provisions of the California Unruh Civil Rights Act, Civil Code §§ 51 *et seq.* ("the Unruh Act").

66. The conduct previously alleged violates the Unruh Act.

67. The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. The Unruh Act further provides that a violation of the rights of any individual under the ADA, 42 U.S.C. §§ 12101, *et seq.*, shall also constitute a violation of the Unruh Act. Defendants AMTRAK and SCMTD, and each of them, have violated the Unruh Act by, inter alia, denying persons with disabilities the full and equal accommodations, advantages, facilities, privileges or services offered by Defendants. Defendant SCMTD has further violated the Unruh Act by violating Title II of the ADA, and the regulations promulgated thereunder, as alleged in Ms. Jones' second claim for relief above. Defendant AMTRAK has further

violated the Unruh Act by violating Title II of the ADA, and the regulations promulgated thereunder, as alleged in Ms. Jones' First Claim for Relief above.

68. Defendants AMTRAK and SCMTD, and each of them, have violated the Unruh Act by, inter alia, failing to operate their services on a nondiscriminatory basis; failing to ensure that individuals with mobility disabilities who use common wheeled apparatuses have nondiscriminatory, safe access to bus services; and failing to ensure that personnel are trained to proficiency regarding the safe operation of vehicles and equipment and the provision of respectful and courteous service to passengers with disabilities.

69. To the extent that Defendant AMTRAK provides AMTRAK services, including AMTRAK Bus services, through contractual, licensing or other arrangement with other entities, Defendant AMTRAK has further violated the Unruh Act by failing to ensure that such entities comply with disability civil rights and access laws.

70. The Unruh Act violations of Defendants have been intentional in that Defendants, and each of them, have engaged in acts, practices or omissions that have the foreseeable effect of discriminating against bus passengers who use wheeled apparatuses.

71. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Ms. Jones prays for judgment as set forth below.

72. In doing the acts and omissions alleged herein, Defendants, and each of them, knew or should have known that their conduct was directed to persons with disabilities, thereby entitling Ms. Jones to recover treble damages, penalties and/or other such remedies pursuant to California Civil Code § 3345, in addition to remedies provided as detailed in the paragraph above.

## COUNT V – NEGLIGENCE (ALL DEFENDANTS)

73. All preceding paragraphs are incorporated herein by reference.

74. The bus in question was owned and/or operated by Defendants at the time of the incident above.

75. Defendants owed their passengers the highest duty to ensure their safety during their travels.

76. Ms. Jones trusted that the driver of Bus #2310 had adequately secured her wheeled apparatus prior to departing on its route to San Jose.

77. Defendants controlled the route taken by Bus #2310.

78. Defendants, by and through their employees and/or agents, caused the injuries and damages sustained by Ms. Jones and acted carelessly, negligently, grossly negligently, recklessly, and outrageously through the following actions and/or inactions:

    a. Failing to properly secure Ms. Jones' wheeled apparatus;

    b. Failing to adhere to a proper speed to prevent Ms. Jones from falling over in her wheeled apparatus;

    c. Failing to slow down when entering the curve where Ms. Jones fell;

    d. Failing to adequately train the driver of the bus;

    e. Hiring an incompetent driver to operate the bus;

    f. Failing to provide adequate equipment to safely transport Failing to properly maintain and/or repair the railroad tracks/track system in question;

    g. Violating governmental statutes, regulations and requirements with respect to the bus in question;

    h. Failing to properly inspect, maintain, and repair the signal system associated with the train and train tracks in question;

    i. Failing to comply with the Defendants' own safety, operating, and other rules, procedures and regulations;

j. Allowing improperly trained and unqualified personnel to operate the bus in question;

k. Failing to provide nondiscriminatory, safe access to bus services;

l. Failing to ensure that its personnel were trained to proficiency regarding the safe operation of vehicles and equipment and the provision of respectful and courteous service to passengers with disabilities; and

m. Failing to comply with federal and state disability rights statutes.

79. Defendants knew or should have known that the actions and/or inactions noted in the paragraph above created an unreasonable risk of injury to persons with disabilities such as Ms. Jones.

80. Defendants knew or should have known that persons with disabilities such as Ms. Jones would attempt to use its passenger bus services.

81. As a direct and proximate result of the conduct alleged above, Ms. Jones sustained damages, including painful physical injuries to her knee and back. These injuries have still not resolved, and it was and continues to be necessary for Ms. Jones to receive medical care and treatment and incur expenses relating thereto.

82. As a result of these injuries, Ms. Jones is entitled to damages in an amount to be ascertained according to proof at trial.

## **PRAYER**

WHEREFORE, Ms. Jones prays for judgment as follows:

1. Issue a declaratory judgment that Defendants' actions, omissions, and failures, including but limited to: failing to provide staff proficiently trained to secure persons with mobility assistive devices in Defendants' vehicles safely, violate the rights of Ms. Jones and other similarly situated persons under 42 U.S.C. §§ 12101

*et seq.* and the regulations promulgated thereunder; and California Civil Code §§ 51 *et seq.*

2. An order enjoining Defendants, and each of them, and their employees, agents, and any and all other persons acting on Defendants' behalf or under Defendants' control from violating the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); the Unruh Civil Rights Act, California Civil Code §§ 51 *et seq.*; and California Civil Code § 3345;

3. An order that Defendants, and each of them, institute and implement policies and practices that provide persons with mobility disabilities who use common wheeled apparatuses nondiscriminatory, safe access to public bus transportation services consistent with federal and state law;

4. An order awarding Ms. Jones actual, compensatory, and statutory damages, for violations of her civil rights and for restitution, and a trebling of these damages pursuant to California Civil Code § 3345;

5. An order awarding Ms. Jones actual and compensatory damages in compensation for negligent causation of personal injury and negligent infliction of emotional distress.

6. An order awarding Ms. Jones reasonable statutory attorney's fees litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. § 12205; the Unruh Civil Rights Act, Cal. Civil Code § 52; and "public interest" attorney fees pursuant to the provisions of California Code of Civil Procedure § 1021.5.; and

7. For such other and further relief as the Court deems just and proper.

WHEREFORE, Ms. Jones demands judgment against Defendant AMTRAK and SCMTD for such damages as may be permitted pursuant to applicable law, including all statutory, compensatory, and punitive damages, together with interest, costs, litigation expenses, and attorney's fees.

## **DEMAND FOR JURY TRIAL**

Ms. Jones hereby demands a jury trial on all issues.

Respectfully Submitted By,

Dated: January 16, 2019         PEIFFER WOLF CARR & KANE

*/s/ Catherine Cabalo*
BY: Catherine Cabalo
Catherine Cabalo 248198
Peiffer Wolf Carr & Kane, APLC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94104
Tel: (415) 766-3592
Fax: (415) 402-0058

Carla Aikens (*Pro Hac Vice*)
CARLA D. AIKENS, P.C.
615 Griswold St., Suite 709
Detroit, MI 48226
Telephone: (844) 835-2993
Facsimile: (877) 454-1680
carla@aikenslawfirm.com

Attorneys for Plaintiff