UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>        Plaintiff,<br><br>      v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>        Defendants. | Case No. 15-cv-02726-TSH<br><br>**ORDER RE: MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 378 |

    This is a strange sanctions motion, in which the Plaintiff who committed misconduct seeks to recover from Defendants the costs she incurred in engaging in the misconduct.

    As you may recall, Federal Rule of Civil Procedure 16 provides that in categories of cases not exempted by local rule, the Court "must issue a scheduling order," (Rule 16(b)(1)), which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Rule 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4). The Court may issue sanctions "[o]n motion or on its own . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Rule 16(f)(1)(C).

    The Court issued a Rule 16 scheduling order in this case, setting deadlines for the close of fact and expert discovery. ECF No. 125. The Court reminded the parties that "[f]ailure to comply with this Order is cause for sanctions under Rule 16(f)." *Id*. The Court's original scheduling order set the close of fact discovery at December 31, 2018 and the close of expert discovery at March 21, 2019. Pursuant to the parties' requests, the Court has extended the expert deadlines several times. ECF Nos. 153, 159, 161, 165, 233. Ultimately, the parties stipulated, and the Court ordered, that "expert depositions shall be completed by March 25, 2022." ECF Nos. 247 (stipulation), 248 (order).

In February and March 2023, 11 and 12 months after the deadline to complete expert depositions, Plaintiff noticed the depositions of four of her treating physicians for shortly before the March 13, 2023 trial date. ECF Nos. 355-14, 356-14, 357-15, 358-14. Defendants promptly served written objections, including that the depositions were untimely. ECF Nos. 355-15, 356-15, 357-16, 358-15.

What happened next is disputed. Plaintiff's counsel says in her declaration under penalty of perjury that she had several conversations with defense counsel, and "[d]uring one of the conversations [he] told me that he would agree to go forward with the video depositions if the Court was going to allow these witnesses – all located in the Chicago, IL area – to appear via Zoom, but that he wanted to hear from the Court because he did not want to give up an advantage." ECF No. 378 (Declaration ¶ 4). Alas, in defense counsel's declaration – also under penalty of perjury – he says that's not true. ECF No. 384-1 ¶ 4. In any event, no one alerted the Court to the dispute, and the depositions all went forward. ECF Nos. 361-64.

The day before trial, Defendants filed objections to the depositions, including the timeliness objection. ECF Nos. 355-58. The Court agreed with Defendants that the depositions were untimely under the scheduling order and sustained their objections to the use of them at trial. ECF No. 368. Ultimately, two of the treating physicians testified at trial by video conference. The Court excluded the third treating physician from testifying because she could not provide a sufficient causal link between her treatment and the Plaintiff's injury in this case. As to the fourth, the Court found that if he could provide a sufficient foundation for his opinions, he would be able to testify, but Plaintiff didn't end up calling him.

Plaintiff now moves for sanctions, seeking the expenses associated with the four depositions the Court excluded. She seeks $7,606.29 in sanctions for the witness fees and video and transcription costs she incurred. ECF No. 378. The Court denies the motion.

Plaintiff is not entitled to recover any of these costs because she was not allowed to take these depositions. The last day to complete expert depositions was March 25, 2022. The parties stipulated to that, and the Court ordered it. The four depositions Plaintiff took in March 2023

occurred approximately one year after the deadline.[1]  If you have a witness whose testimony you want to present at trial, but you don't want to pay their witness fees and travel costs to attend or you can't make them show up because they are outside the subpoena power of the Court, you take their deposition during discovery.  This is a traditional use of discovery.  It's not true that the discovery portion of the case should be used only to depose adverse witnesses.  It's also for deposing favorable witnesses who you don't plan to or can't call as trial witnesses.  Plaintiff engaged in misconduct by taking these depositions in violation of the Court's scheduling order, and no, she can't hoist these expenses on her opponents who properly and timely objected.

Neither is Latin the answer.  Plaintiff noticed these depositions *de bene esse*, a Latin term meaning that these were trial depositions.  It is true that "[p]rior to the revision of the Federal Rules of Civil Procedure in 1970, Rule 26(a) provided that depositions could be taken 'for the purpose of discovery or for use as evidence in the action or for both purposes.'" *United States v. IBM Corp.*, 90 F.R.D. 377, 381 n.7 (S.D.N.Y. 1981) (quoting the former rule).  But even back then, "Rule 26(d), the predecessor of Rule 32(a), which governed the use of depositions at trial, did not . . . state any distinction between discovery and evidentiary depositions.  Recognizing a possible ambiguity in the rule, courts . . . refused to recognize a distinction between discovery and evidentiary depositions with regard to admissibility at trial." *Id*. (citations and quotation marks omitted).  "When the subject matter of Rule 26(a) was transferred to Rule 30(a) in the 1970 revision of the rules, the language authorizing depositions 'for the purpose of discovery or for use as evidence in the action or for both purposes' was omitted." *Id*.  Accordingly, "[t]he Federal Rules of Civil Procedure make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial (*de bene esse*)." *Tatman v. Collins*, 938 F.2d 509, 510 (4th Cir. 1991).

The Court realizes that the issue here is the timeliness of the depositions, not the admissibility of a so-called "discovery" deposition at trial.  However, the point is that the Federal Rules of Civil Procedure do not draw a distinction between discovery and trial depositions, and

---

[1] Plaintiff has at times suggested these might be considered fact witness depositions.  If that is true, then the depositions were untimely by more than four years.

3

1    neither do this District's local rules, *see* Civil Local Rule 37-3 ("Unless otherwise ordered, as used
2    in any order of this Court or in these Local Rules, a 'discovery cutoff' is the date by which all
3    responses to written discovery are due and by which *all* depositions must be concluded.")
4    (emphasis added), nor did the Court's scheduling orders.

5        You don't have to be a genius to see the problems that would arise if slapping a Latin term
6    on a deposition notice exempted it from the deadlines in the scheduling order: "If trial depositions
7    are not governed by standard discovery deadlines required by Rule 16 and the procedures for
8    depositions set forth in Rule 30 and 32, parties could wait until after discovery closes to take
9    depositions by merely designating the depositions for trial use. Consequently, permitting parties
10   as a matter of course to take depositions after the close of discovery would undermine the Court's
11   ability to manage its docket." *Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 692 (S.D.
12   Fl. 2014) (quotation marks omitted). The better rule is that "the Plaintiff, who is engaged in
13   standard civil litigation, represented by counsel, in a routine civil case like those pending in every
14   court in the country, has no right to take a trial deposition of any witness contrary to the schedule
15   set forth by the Court's Rule 16 scheduling orders." *Id.* at 693; *see also White v. Novartis*
16   *Pharmaceuticals Corp.*, 2010 WL 2557198, *1 (E.D. Cal. June 21, 2010) ("Plaintiff's assumption
17   that *de bene esse* depositions . . . are not governed by scheduling orders is erroneous."); *United*
18   *Food Group, LLC v. Cargill, Inc.*, 2014 WL 12925562, *3 (C.D. Cal. Oct. 27, 2014) ("[T]he Court
19   agrees with the majority of courts holding that depositions taken for any purpose are subject to the
20   same rules of discovery.") (collecting cases).

21       Plaintiff tries to shift blame to defense counsel, arguing that he unfairly duped her into
22   incurring these deposition costs. But there are two flaws with that argument. The major flaw is
23   that it ignores the fact that the scheduling order is issued by the Court and can be changed only
24   "with the judge's consent." Rule 16(b)(4). Nobody ever asked the Court to extend the expert
25   deposition deadline past March 25, 2022. No matter what you think your opponent told you, when
26   you have a deadline that only the Court can change, and no one has asked the Court to change it,
27   you can't reasonably think the deadline has somehow disappeared.

28       The minor flaw is that the duping story also doesn't make sense on its own terms. The

4

parties disagree about whether Defendants' counsel told Plaintiff's counsel on a phone call that he would proceed with the depositions if the Court were otherwise going to permit the witnesses to testify by video conference. Let's assume for the sake of argument that Plaintiff's version of events is correct. The parties didn't know if the Court was going to permit witnesses to testify by video conference until the first day of trial, yet all of these depositions took place before then. In Plaintiff's version of events, therefore, she took these depositions and incurred all the deposition costs before the Defendants' objection was resolved. That means she incurred those costs in the face of a known risk, which is the opposite of duping.

The most that can be said for this sanctions motion is that Defendants did not drop everything and immediately file an emergency motion to stop these depositions. And there is something to be said about that. Because these witnesses were treating physicians, they were not required to and didn't provide written reports under Rule 26. Attending these depositions under protest therefore gave Defendants the best of both worlds, allowing them to discover the experts' opinions and cross examine them, while preserving their objections to the depositions as a whole. It is clear that Defendants' simultaneous objection to and beneficial use of these depositions is at the heart of the unfairness Plaintiff sees here. However, just because a rule violation is also a tactical mistake doesn't mean it wasn't a rule violation. Plaintiff was not entitled to take these depositions, and though Defendants might have tried harder to stop her, she, not they, violated the Court's scheduling order.

Accordingly, Plaintiff's motion for sanctions is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 30, 2023

THOMAS S. HIXSON
United States Magistrate Judge