UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>        Defendants. | Case No. 15-cv-02726-TSH<br><br>**ORDER RE: MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Re: Dkt. No. 413 |

## I. INTRODUCTION

Pending before the Court is National Railroad Passenger Corporation's ("Amtrak's") Motion for Judgment as a Matter of Law. ECF No. 413. Plaintiff Amanda Jones filed an Opposition (ECF No. 420) and Amtrak filed a Reply (ECF No. 421). The Court finds this matter suitable for disposition without oral argument and **VACATES** the June 8, 2023 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the motion for the following reasons.[1]

## II. BACKGROUND

The Court borrows the following summary of the facts from its October 10, 2019 summary judgment order. ECF No. 197.

On August 25, 2014, Plaintiff, then a resident of Chicago, was in Santa Cruz to attend a three- to four-day research conference for their PhD program.[2] At some point during the day, Plaintiff took the Highway 17 Express Bus #2310 (the "Hwy 17 Bus" or "Bus #2310"), from

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 8, 12, 16.
[2] It is the Court's understanding from the presentation at trial that Plaintiff prefers the use of they/them pronouns. The Court will thus utilize those pronouns to refer to Plaintiff.

Santa Cruz to San Jose. The bus was operated by Santa Cruz Metropolitan Transit District ("SCMTD") in contract with Amtrak. At that time, Plaintiff was traveling with a motorized scooter because they were recovering from knee surgery. Plaintiff boarded the bus with their scooter. Once onboard, the coach operator, Sergio Lona-Gonzalez, tried to help Plaintiff secure their scooter in place using securement equipment on the bus. Plaintiff remained seated on their scooter while on the bus. At some point during the journey to San Jose, the scooter (with Plaintiff on it) fell over, and Plaintiff fell to the floor.

Plaintiff's Third Amended Complaint ("TAC") included five causes of action, alleging Violation of the Americans with Disabilities Act against Amtrak and SCMTD, violation of Section 504 of the Rehabilitation Act of 1973 against all Defendants, violation of California Unruh Civil Right Act against all Defendants, and negligence against all Defendants. After Defendants' Motion for Summary Judgment, and Plaintiff's appeal to the Ninth Circuit, the only outstanding claim was for negligence against both Defendants. *See* ECF Nos. 197, 221.

The parties proceeded to trial on March 13, 2023. ECF No. 368. Amtrak moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure ("Rule") 50(a) and on March 17, 2023, the Court denied Amtrak's Rule 50(a) motion without prejudice. *See* ECF No. 385. After an eight-day trial, a twelve-person jury was unable to render a verdict, and, on March 23, 2023, this Court declared a mistrial. *See* ECF No. 401.

### III.  LEGAL STANDARD

"A motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor." *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005). "This standard largely 'mirrors' the summary-judgment standard, the difference being that district courts evaluate Rule 50(a) motions in light of the trial record rather than the discovery record." *Dupree v. Younger*, No. 22-210, 2023 WL 3632755, at *2 (U.S. May 25, 2023). "The evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." *LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000). "If conflicting inferences may be drawn from the facts, the case must go to the jury." *Id.* "Judgment as a matter of law is proper when the evidence permits only one

2

reasonable conclusion and the conclusion is contrary to that reached by the jury." *Lakeside-Scott v. Multnomah Cnty.*, 556 F.3d 797, 802 (9th Cir. 2009) (quoting *Ostad v. Oregon Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir.2003)). "Nevertheless, a reasonable inference 'cannot be supported by only threadbare conclusory statements instead of significant probative evidence.'" *Id.* (quoting *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 680–81 (9th Cir. 1985)). "A jury's inability to reach a verdict does not necessarily preclude a judgment as a matter of law." *Shum v. Intel Corp.*, 633 F.3d 1067, 1076 (Fed. Cir. 2010) (citing *Headwaters Forest Def. v. Cnty. of Humboldt*, 240 F.3d 1185, 1197 (9th Cir. 2000) *cert. granted, judgment vacated,* 534 U.S. 801 (2001)).

## IV.   DISCUSSION

### A.   Evidentiary Objections

Plaintiff's opposition refers to a contract between Amtrak and SCMTD, a consent judgment, and Amtrak's website. *See* ECF Nos. 420 at 4, 6; 420-1. Amtrak objects to Plaintiff's use of this evidence as it was not admitted at trial. ECF No. 421-1. The Court agrees that none of this evidence was admitted at trial, and therefore cannot be relied upon for determination of this motion. *See Dupree*, 2023 WL 3632755, at *2 ("[D]istrict courts evaluate Rule 50(a) motions in light of the trial record rather than the discovery record."); *United States v. J-M Mfg. Co., Inc.,* No. EDCV 06-55-GW-PJWX, 2020 WL 4196880, at *4 (C.D. Cal. June 5, 2020) ("Indeed, the court must look at the record 'as it existed when the trial was closed.'") (quoting *Elbert v. Howmedica, Inc.*, 143 F.3d 1208, 1209 (9th Cir. 1998)); *Citcon USA, LLC v. RiverPay, Inc.*, No. 18-CV-2585-NC, 2020 WL 5365980, at *1 (N.D. Cal. Sept. 8, 2020), *aff'd,* No. 20-16929, 2022 WL 287563 (9th Cir. Jan. 31, 2022) (excluding evidence not admitted at trial in order on post-verdict briefing). Amtrak's objections are thus SUSTAINED.

### B.   Direct Negligence Liability

Amtrak argues that the evidence at trial related almost exclusively to SCMTD, and that there was insufficient evidence to establish that Amtrak owed Plaintiff a duty of care or breached a duty causing Plaintiff's injury. *See* ECF No. 413 at 7-8. Plaintiff argues that they presented evidence Amtrak owed a duty to its fixed route bus passengers and that Plaintiff presented

3

evidence of breach and causation. ECF No. 420 at 4-5.

To establish negligence, a party must prove "a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury." *Vasilenko v. Grace Family Church*, 3 Cal. 5th 1077, 1083 (2017) (citations and internal quotations omitted). The "fundamental element" for every negligence cause of action is "the existence of a legal duty of care running from the defendant to the plaintiff." *Lichtman v. Siemens Indus. Inc.*, 16 Cal. App. 5th 914, 920 (2017) (quoting *Taylor v. Elliott Turbomachinery Co.,* 171 Cal.App.4th 564, 593 (2009)). "A duty may arise through statute, contract, or the relationship of the parties." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 171 Cal. App. 4th 35, 45 (2009). "Whether a duty is owed is simply a shorthand way of phrasing what is 'the essential question – whether the plaintiff's interests are entitled to legal protection against the defendant's conduct.'" *Id.* (quoting *J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 803 (1979)).

The Court finds Plaintiff did not present evidence to infer Amtrak owed Plaintiff a relevant duty of care. "To assess whether a duty exists, a court must first identify[ ] the specific conduct by [the defendant] which [the plaintiff] claims was negligent so to limit our analysis the specific action the plaintiff claims the particular [defendant] had a duty to undertake in the particular case." *Pemberton v. Nationstar Mortg. LLC*, 331 F. Supp. 3d 1018, 1056 (S.D. Cal. 2018) (citations omitted). Plaintiff produced evidence that the driver was driving too fast. *See, e.g.*, ECF No. 413-7 at 38:5-8. There was also evidence the driver did not properly secure the scooter, did not offer Plaintiff a seat belt, and did not advise of the risks associated with sitting on a scooter on a moving bus. *See, e.g.*, ECF No. 413-6 at 21:17-23:18. There was testimony related to whether the driver was trained properly on scooter securement. *See, e.g.*, ECF No. 413-5 at 81:19-82:1. There was no corresponding evidence, however, of Amtrak's relationship to operation of the bus or bus driver for a jury to find Amtrak owed a duty of care to prevent any of this conduct. The bus operator, Lona-Gonzalez, testified that he worked for SCMTD. ECF No. 413-2 at 84:9-13. There is no testimony or evidence to indicate that he was an employee of Amtrak to find Amtrak liable for his negligence. *See* Cal. Veh. Code § 17001 ("A public entity is liable for death or injury to person or property proximately caused by a negligent or wrongful act or omission in the operation

4

of any motor vehicle by an employee of the public entity acting within the scope of his employment.").

Plaintiff argues that they presented evidence by questioning SCMTD witnesses regarding Amtrak's duty to its fixed route bus passengers.[3] Daniel Zaragoza, who was an assistant operations manager at SCMTD, agreed in his testimony that the Amtrak service is part of Highway 17, that it is a contracted route, and that it is not part of Santa Cruz's particular bus service. ECF No. 413-2 at 153:21-24. Shonoa Ruddick, who was a safety and security manager at SCMTD, agreed that "it's an Amtrak Highway 17 bus." ECF No. 413-4 at 4:10-12. He also testified there was a contract with Santa Cruz and Amtrak. ECF No. 413-4 at 4:18-20. Reliance on such threadbare testimony to establish Amtrak bore responsibility for SCMTD employee Lona-Gonzalez's conduct or his lack of training requires a jury to "resort to speculation." *Lakeside-Scott*, 556 F.3d at 802. *See also Van Maanen v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232, 1247–48 (E.D. Cal. 2012), *aff'd sub nom. Van Maanen v. Univ. of the Nations, Inc.*, 542 F. App'x 581 (9th Cir. 2013) (declining to find a special relationship between defendant and plaintiff and, in turn, a duty of care where there was no evidence defendant had any control over the third-party's safety policies, or the hiring, training, and supervision of third-party's staff). The reference to a contract provides no assistance to find Amtrak liable where no contract was entered into evidence. Plaintiff cites to 49 C.F.R. § 37 and argues that Amtrak may not contract away its duty to fixed route bus passengers. ECF No. 420 at 4. However, this argument assumes that Plaintiff has put forth facts to infer Amtrak had a duty regarding Lona-Gonzalez's conduct or his lack of training. The Court finds the evidence lacking for a jury to make such a finding.

**C.    Negligence Liability Based on Agency**

Amtrak additionally argues that, to the extent Plaintiff is alleging an agency relationship between Amtrak and SCMTD, its bus, or its bus driver, such a theory was not pled in Plaintiff's TAC and was insufficiently supported by the evidence produced at trial.[4] *See* ECF No. 413 at 8-

---

[3] Plaintiff argues that Shonoa Ruddick and Leonard Pena confirmed the duties under the agreement were shared by the entities. ECF No. 420 at 4. Plaintiff did not provide any citation to relevant testimony, and the Court could not locate testimony by Pena referring to Amtrak.
[4] Whether or not Amtrak sufficiently raised these issues in its Rule 50(a) motion, the Court finds

5

10. Plaintiff argues that the TAC includes pleading for agency liability, and that SCMTD witnesses attested that SCMTD acted as Amtrak's agent for purposes of operating the bus line, and the bus itself had the Amtrak symbol. *See* ECF No. 420 at 5-6.

### 1. Sufficient Pleadings of Agency in the TAC

Plaintiff argues that the TAC puts Amtrak on notice they are pleading an agency relationship by the following: "At all relevant times, Defendants SCMTD and AMTRAK (collectively, 'Defendants') were acting by and through their employees, servants, agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of Defendants." ECF No. 420 at 5-6 (quoting ECF No. 155 ¶ 8). The TAC further alleges "Ms. Jones was traveling on the 'AMTRAK Highway 17 Express bus' (#2310), which is, upon information and belief, operated by the Santa Cruz Metropolitan Transit District ("SCMTD") and AMTRAK." *Id.* (quoting ECF No. 155 ¶ 14).

"[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Prod., Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (quoting *Fleming v. Lind–Waldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990)); *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000) ("T]he standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–251 (1986)). "Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (quotation omitted) (finding on motion for summary judgment that plaintiff's complaint did not sufficiently provide notice of the grounds upon which it was based where she provided a list of hypothetical possible barriers a disabled person might confront). A complaint must contain "[t]he necessary factual averments . . . with

---

them sufficiently raised here, as Plaintiff does not argue Amtrak waived them. "[A] 'party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion.'" *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1016 (9th Cir. 2018) (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)). "But if a party fails to object to a Rule 50(b) motion on the basis of waiver, then the party waives its waiver defense." *Id.*

6

respect to each material element of the underlying legal theory." *Wasco*, 435 F.3d at 992.

The Court does not consider Plaintiff's allegations in the TAC to put Amtrak on notice under Rule 8(a)(2) that Plaintiff was alleging SCMTD was an agent of Amtrak, either as an ostensible agent or an actual agent. The TAC provides few allegations related to the relationship between Amtrak and SCMTD, and the allegation that Amtrak and SCMTD both operated the bus does not suppose that SCMTD was Amtrak's agent. Nor does the boilerplate allegation that Defendants were acting through their employees put Amtrak on notice that Plaintiff is alleging Amtrak is liable for SCMTD's conduct as its principle. Plaintiff may not adopt a theory of liability at trial not provided for in the TAC. *See Hill Phoenix, Inc. v. Classic Refrigeration Socal, Inc.*, No. 819CV00695DOCJDEX, 2021 WL 8820873, at *2 (C.D. Cal. July 14, 2021) (granting judgment as a matter of law, in part, because the "counterclaim fails to plead an agency relationship between [plaintiff] and [third party], and may not do so in the first instance at trial.").

### 2. Evidence Supporting Agency

Even were the TAC sufficient to put Amtrak on notice of Plaintiff's theory that SCMTD was Amtrak's agent, the evidence at trial was insufficient for a jury to find agency. "[A] person is liable for the torts committed by her agent within the scope of the agency. *Pereda v. Atos Jiu Jitsu LLC*, 85 Cal. App. 5th 759, 768 (2022) (citing *Perkins v. Blauth*, 163 Cal. 782, 787 (1912)). "There are two types of agency—actual and ostensible. Actual agency is based on *consent*, and turns on whether the principal has the right to control the agent's conduct." *Id*. "Ostensible agency is based on *appearances*, and turns on whether the 'the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent' even though the third person is not *actually* an agent." *Id.* (quoting Cal. Civ. Code § 2300).

#### a. Actual Agency

"An agency is actual when the agent is really employed by the principal." *Van Den Eikhof v. Hocker*, 87 Cal. App. 3d 900, 905 (Cal. Ct. App. 1978) (citing Cal. Civ. Code § 2299). "The 'essential elements necessary to establish an agency relationship are manifestation of consent by one person to another that the other shall act on his [or her] behalf and subject to his [or her] control, and consent by the other so to act.'" *Hoffmann v. Young*, 13 Cal. 5th 1257, 1274 (2022)

7

(quoting *Church Mut. Ins. Co., S.I. v. GuideOne Specialty Mut. Ins. Co.*, 72 Cal. App. 5th 1042, 1061-62 (2021), *as modified on denial of reh'g* (Jan. 11, 2022)) (additional quotations omitted). "Typically, an agency is created by an express contract or authorization," but it "may also be created informally, based on the circumstances and the parties' conduct." *Id.* (citing Cal. Civ. Code § 2307; *Brand v. Mantor*, 6 Cal. App. 2d 126, 130 (1935)). "Agency exists when a principal engages an agent to act on the principal's behalf and subject to its control." *Church Mut.*, 72 Cal. App. 5th at 1061.

Here, there is testimony of some kind of contract or agreement between SCMTD and Amtrak related to operation of the Hwy 17 Bus, but the contents of the agreement are not in evidence. Without evidence of the express agreement and what the agreement included, there is insufficient evidence of conduct or words creating an agency relationship for purposes of finding Amtrak liable for the negligence of SCMTD or its employees. Plaintiff has produced very little evidence of Amtrak's involvement, and no evidence to suggest Amtrak had a right to control SCMTD's management of the bus or its employees. *See van't Rood v. Cnty. of Santa Clara*, 113 Cal. App. 4th 549, 572 (2003) (quoting *Edwards v. Freeman*, 34 Cal. 2d 589, 592 (1949)) ("In the absence of the essential characteristic of the right of control, there is no true agency . . . ."); *Van Maanen*, 852 F. Supp. 2d at 1249 (finding no actual agency, in part, where "there is no indication that Defendant had the right to hire or supervise YWAM–Bishop's staff, or to control the activities of YWAM–Bishop."). Without evidence suggesting a right to control, a jury cannot find SCMTD to be the actual agent of Amtrak.

### b. Ostensible Agency

Three elements of ostensible agency must be met: "The person dealing with an agent must do so with a reasonable belief in the agent's authority, such belief must be generated by some act or neglect by the principal sought to be charged and the person relying on the agent's apparent authority must not be negligent in holding that belief." *J.L. v. Children's Inst., Inc.*, 177 Cal. App. 4th 388, 403–04 (2009). "'Liability of the principal for the acts of an ostensible agent rests on the doctrine of 'estoppel,' the essential elements of which are representations made by the principal, justifiable reliance by a third party, and a change of position from such reliance resulting in

8

injury." *Id.* at 404 (quoting *Kaplan v. Coldwell Banker Residential Affiliates, Inc.*, 59 Cal. App. 4th 741, 747 (1997)); *Patterson v. Domino's Pizza, LLC*, 60 Cal. 4th 474, 494, n.18 (2014). "[T]here is rarely any basis on which the principal may be held liable in tort [for the acts of an ostensible agent]. The essential element of reliance on the representations or conduct of the principal is usually lacking." *J.L.*, 177 Cal. App. 4th at 405 (quoting 3 Witkin, Summary 10th Agency and Employment § 175 (2005)).

There is evidence that Plaintiff believed Amtrak was involved in the operation of the bus. *See* ECF No. 413-7 at 36:2-12, 45:21-22. How and when she formed such a belief is not stated. There was testimony by Ruddick that most of the Hwy 17 buses say "Amtrak" on their sides. *See* ECF No. 413-4 at 4:18-5:8. To the extent Plaintiff argues this signage shows ostensible agency, there is caselaw indicating signage is insufficient to establish such a relationship. *See Pereda*, 85 Cal. App. 5th at772 ("The League's display of Atos's banner in its studio is not enough because, as noted above, the mere use of a 'trade name' is insufficient to 'create' even an 'ostensible' 'agency relationship[ ].'") (quoting *Beck v. Arthur Murray, Inc.*, 245 Cal. App. 2d 976, 981 (1966)).

Most pertinently, there is no evidence that Plaintiff relied upon an understanding that Amtrak was responsible for bus operation and such reliance caused her injury. *See Van Maanen*, 852 F. Supp. 2d at 1252 ("[T]he court finds that there is no evidence from which a reasonable jury could find that Plaintiff relied on the representations by University in deciding to enroll in the SOAR course."); *Hart v. Delta Air Lines, Inc.*, No. CV 17-4695-R, 2018 WL 1087846, at *3 (C.D. Cal. Feb. 22, 2018) ("Even if Plaintiff's belief that Delta operated the flight were reasonable, Plaintiff has not proffered evidence that she relied on Delta's representations and changed her position to her detriment in reliance on that representation."); *Van Den Eikhof*, 87 Cal. App. 3d at 906 (finding no ostensible agency in tort case based on car accident where there was no evidence plaintiff relied upon signs advertising defendant's business and the signs had nothing to do with causing the accident that injured him). *Cf. Kaplan*, 59 Cal. App. 4th at 748 (determining there was a question of fact where plaintiff relied on the "large print" advertising that franchisee was a Coldwell Banker member and plaintiff believed that he was dealing with Coldwell Banker, which

plaintiff alleged had an established reputation for honesty, integrity and expertise).  The evidence presented at trial thus could not support a conclusion of an ostensible agency relationship between Amtrak and SCMTD.

## V.   CONCLUSION

For the reasons stated above, the Amtrak's Motion for Judgment as a Matter of Law is **GRANTED**.

**IT IS SO ORDERED.**

Dated:  June 5, 2023

THOMAS S. HIXSON
United States Magistrate Judge