UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>             Plaintiff,<br><br>        v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, et al.,<br><br>             Defendants. | Case No.  15-cv-02726-TSH<br><br>**ORDER RE: MOTION TO AMEND<br>JUDGMENT AND/OR FOR LEAVE TO<br>FILE MOTION FOR<br>RECONSIDERATION**<br><br>Re: Dkt. No. 425 |

## I.    INTRODUCTION

Pending before the Court is Plaintiff Amanda Jones' Motion to Amend Judgment and/or for Leave to File Motion for Reconsideration.  ECF No. 425.  Defendant Amtrak filed an Opposition (ECF No. 428), and Plaintiff did not file a Reply.  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Plaintiff's motion for the following reasons.[1]

## II.    BACKGROUND

The Court summarized the facts in its order granting Amtrak's motion for judgment as a matter of law (the "Order"):

> On August 25, 2014, Plaintiff, then a resident of Chicago, was in Santa Cruz to attend a three- to four-day research conference for their PhD program.  At some point during the day, Plaintiff took the Highway 17 Express Bus #2310 (the "Hwy 17 Bus" or "Bus #2310"), from Santa Cruz to San Jose.  The bus was operated by Santa Cruz Metropolitan Transit District ("SCMTD") in contract with Amtrak. At that time, Plaintiff was traveling with a motorized scooter because they were recovering from knee surgery.  Plaintiff boarded the bus with their scooter.  Once onboard, the coach operator, Sergio Lona-

---

[1]  It is the Court's understanding from the presentation at trial that Plaintiff prefers the use of they/them pronouns.  The Court will thus utilize those pronouns to refer to Plaintiff.

> Gonzalez, tried to help Plaintiff secure their scooter in place using securement equipment on the bus.  Plaintiff remained seated on their scooter while on the bus.  At some point during the journey to San Jose, the scooter (with Plaintiff on it) fell over, and Plaintiff fell to the floor.

ECF No. 422.

Plaintiff's Third Amended Complaint ("TAC") included five causes of action, alleging Violation of the Americans with Disabilities Act ("ADA") against Amtrak and SCMTD, violation of Section 504 of the Rehabilitation Act of 1973 against all Defendants, violation of California Unruh Civil Right Act against all Defendants, and negligence against all Defendants.  After Defendants' Motion for Summary Judgment, and Plaintiff's appeal to the Ninth Circuit, the only outstanding claim was for negligence against both Defendants.  *See* ECF Nos. 197, 221.

The parties proceeded to trial on March 13, 2023.  ECF No. 368.  Amtrak moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure ("Rule") 50(a) and on March 17, 2023, the Court denied Amtrak's Rule 50(a) motion without prejudice.  *See* ECF No. 385.  After an eight-day trial, a twelve-person jury was unable to render a verdict, and, on March 23, 2023, this Court declared a mistrial.  *See* ECF No. 401.

On April 19, 2023, Amtrak filed a motion for judgment as a matter of law under Rule 50(b).  ECF No. 413.  The Court granted Amtrak's motion.  ECF No. 422.  The Court found that "Plaintiff did not present evidence to infer Amtrak owed Plaintiff a relevant duty of care."  *Id.* at 4. The Court found that there was evidence that the driver was driving too fast, as well as evidence that he did not properly secure the scooter, offer Plaintiff a seat belt, or advise of the risks of sitting on a scooter on a moving bus.  *Id.*  Further, there was testimony related to whether the driver was properly trained on scooter securement.  *Id.*  However, there was no corresponding evidence to suggest that Amtrak owed a duty of care related to any of this conduct.  *Id.*  The driver was an employee of SCMTD.  *Id.*  While there was some testimony regarding a contract between Amtrak and SCMTD, and perhaps evidence of some kind of relationship between Amtrak and that bus route, there was no evidence suggesting Amtrak was responsible for the bus driver or his conduct.  *Id.* at 5.  Further, Plaintiff did not properly plead an agency relationship between Amtrak and SCMTD to move forward with a trial under this theory of liability and, even if they had, they

1   did not put forth sufficient evidence for a jury to make such a finding.  *Id.* at 5-10.

2         On July 3, 2023, Plaintiff filed a Motion to Alter Judgment pursuant to Rule 60(b), and/or

3   for leave to file a Motion for Reconsideration.  ECF No. 425.  Amtrak filed an opposition on July

4   17, 2023.  ECF No. 428.  Plaintiff did not file a reply.

5                **III.   LEGAL STANDARD**

6         The Court first must determine the legal standard to apply for Plaintiff's Motion.  Plaintiff

7   moves for relief under Rule 60(b) and/or under Civil Local Rule 7-9.

8         Rule 60(b) provides relief from "a final judgment, order, or proceeding."  Fed. R. Civ. Pro.

9   60(b)(3).  "A 'final decision' generally is one which ends the litigation on the merits and leaves

10   nothing for the court to do but execute the judgment."  *Catlin v. United States*, 324 U.S. 229, 233

11   (1945); *see also United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232 (1958)

12   (holding that a pronouncement amounts to a final judgment where it "clearly evidences the judge's

13   intention that it shall be his final act in the case.").  "What essentially is required is some clear and

14   unequivocal manifestation by the trial court of its belief that the decision made, so far as it is

15   concerned, is the end of the case."  *Nat'l Distribution Agency v. Nationwide Mut. Ins. Co.*, 117

16   F.3d 432, 434 (9th Cir. 1997) (quoting *Fiataruolo v. United States*, 8 F.3d 930, 937 (2d Cir.

17   1993)).  Civil Local Rule 7-9(a), in contrast, provides that a motion for reconsideration may be

18   granted before entry of judgment adjudicating all of the claims and rights and liabilities of all the

19   parties in a case.  Civ. L.R. 7-9(a).  Civil Local Rule 7-9(a) refers to Rule 54(b), which provides

20   that a court may revise any order "that adjudicates fewer than all the claims or the rights and

21   liabilities of fewer than all the parties" "at any time before the entry of a judgment adjudicating all

22   the claims and all the parties' rights and liabilities."  Fed. R. Civ. Pro. 54(b).

23         Here, while the Court granted Amtrak's motion for judgment as a matter of law, there still

24   remains a pending negligence claim against SCMTD.  Thus, it cannot be said that the Court has

25   granted a final judgment.  *See Goodwin v. United States*, 67 F.3d 149, 151 (8th Cir. 1995) (for an

26   order to constitute a final judgment, there must be "some clear and unequivocal manifestation by

27   the [district] court of its belief that the decision made, so far as the court is concerned, is the end of

28   the case.").  The proper vehicle for Plaintiff's relief then is not Rule 60(b), which allows relief

United States District Court
Northern District of California

1  from final judgments or orders.  Nor can it be said that there has been entry of judgment

2  adjudicating all claims and all parties' rights and liabilities to preclude relief under Civil Local

3  Rule 7-9(a) and Rule 54(b).  As such, the Court construes Plaintiff's Motion as a Motion for Leave

4  to File a Motion for Reconsideration pursuant to Civil Local Rule 7-9 and Rule 54(b).

5        Amtrak argues that the Court's Order is, in fact, a "judgment" and therefore Plaintiff's

6  relief must come through Rule 60(b).  ECF No. 428 at 2-3.  Amtrak's argument is that Rule

7  58(a)(1) does not require a separate document for entry of judgment disposing of a motion under

8  Rule 50(b), and thus judgment has in fact been entered as to Amtrak's claim.  *Id.*  This

9  interpretation would render superfluous the language of Rule 54(b), which states that "[w]hen an

10  action presents more than one claim for relief . . . or when multiple parties are involved, the court

11  may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if

12  the court expressly determines that there is no just reason for delay."  Fed. R. Civ. Pro. 54(b).

13  That Rule 58(a) does not require a separate document does not supersede the requirements of Rule

14  54(b) related to actions with multiple parties.  *Cf. In re Forstner Chain Corp.*, 177 F.2d 572, 576

15  (1st Cir. 1949) ("[T]he rules differentiate between a judgment and the entry of the judgment, with

16  the implication that the judgment must pre-exist before the clerk can perform the ministerial act of

17  entering it."); *Diaz-Reyes v. Fuentes-Ortiz*, 471 F.3d 299, 301 (1st Cir. 2006) ("It is important to

18  distinguish between the judgment itself under Fed. R. Civ. P. 54(a) and the entry of the judgment

19  under Fed. R. Civ. P. 58.  The judgment is the act of the court.  The entry of the judgment is the

20  ministerial notation of the judgment by the clerk of the court.") (citations and quotations omitted).

21  The Court has not determined that there is no just reason for delay and directed entry of final

22  judgment in favor of Amtrak, and thus there is no final judgment for purposes of Rule 60(b).  *See*

23  *United States v. Ettrick Wood Prod., Inc.*, 916 F.2d 1211, 1217 (7th Cir. 1990) ("Absent proper

24  entry of judgment under Rule 54(b), an order that determines one claim in a multi-claim case, or

25  disposes of all claims against one or more parties in a multi-party case, is not final and

26  appealable.").  Civil Local Rule 7-9(a) and Rule 54(b) are therefore the proper vehicles for relief.

27        Under Civil Local Rule 7-9, a party must seek leave to file a motion for reconsideration

28  before judgment has been entered.  Civ. L.R. 7-9(a).  A motion for reconsideration may be made

United States District Court
Northern District of California

4

on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Further, the moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

## IV.   DISCUSSION

Plaintiff requests leave to file a motion for reconsideration pursuant to Local Civil Rule 7-9(b)(3), which provides for relief where there has been "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3). Plaintiff argues that the Court did not fully consider that the question of duty was a legal question and that Plaintiff attempted to submit facts and authority to the jury to support that Amtrak had a direct duty to Plaintiff to keep them safe. ECF No. 425 at 4-5.

The Court finds Plaintiff does not point to a "manifest failure by the Court to consider material facts or dispositive legal arguments" based on the Court's rulings during trial. Civ. L.R. 7-9(b)(3). Plaintiff argues the Court erred in declining to take judicial notice of a consent decree between Amtrak and the United States of America dated December 2, 2020, ruling that Plaintiff must subpoena a named person at Amtrak to testify at trial and could not subpoena an unnamed corporate representative for trial, and declining to use Plaintiff's proposed jury instructions related

to the consent decree.  ECF No. 425 at 5-9.  Although Plaintiff makes these assertions in their

Motion, Plaintiff does not advance any particular arguments as to why these determinations were

erroneous.  That Plaintiff still disagrees with the Court's rulings during trial is not on its own a

basis to reconsider the Court's prior Order.  *See Lizarraga-Davis v. Transworld Sys. Inc.*, No. 18-

CV-04081-BLF, 2022 WL 4485813, at *2 (N.D. Cal. Sept. 27, 2022) ("Transworld simply

disagrees with the Court's ruling.  However, Transworld's disagreement with the Court's

evidentiary ruling is not a basis for reconsideration under any of the subsections of Civil Local

Rule 7-9(b).").  Further, as the Court noted previously, the consent decree Plaintiff sought to admit

and rely upon for the jury instructions is from 2020, five years after the relevant events in this

proceeding.  Plaintiff cites to no caselaw, and the Court is not aware of any, which supports the

proposition that a duty or standard of care can be imposed retroactively based on a contract or

agreement.  Without any caselaw or specific arguments to consider, the Court finds Plaintiff has

not raised a manifest failure to consider material facts or dispositive legal arguments.

Plaintiff's argument that the Court did not properly assess Amtrak's legal duty to Plaintiff

also fails to point to a manifest failure by the Court.  Plaintiff argues the existence of a duty is

generally decided by the trial court as a matter of law.  ECF No. 425 at 5-6.  While correct, this

argument does not contradict the Court's Order, which determined "Plaintiff did not present

evidence to infer Amtrak owed Plaintiff a relevant duty of care."  ECF No. 422 at 4.  "A duty may

arise through statute, contract, or the relationship of the parties."  *Lichtman v. Siemens Indus. Inc.*,

16 Cal. App. 5th 914, 920 (2017)) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v.

Cambridge Integrated Servs. Grp., Inc.*, 171 Cal. App. 4th 35, 45 (2009)).  For SCMTD, there was

evidence that the driver of the bus was its employee and thus it had a duty of care related to the

driver's conduct.  *See, e.g.*, Cal. Veh. Code § 17001 ("A public entity is liable for death or injury

to person or property proximately caused by a negligent or wrongful act or omission in the

operation of any motor vehicle by an employee of the public entity acting within the scope of his

employment.").  Contrastingly, Plaintiff did not produce evidence that Amtrak had a relationship

with the bus driver.  There was testimony regarding a contract between SCMTD and Amtrak, but

no evidence regarding the specifics of that contract to determine that Amtrak owed a duty of care

United States District Court
Northern District of California

1   to Plaintiff pursuant to the contract.  There was also testimony that "Amtrak" was on the side of

2   some of the buses and was involved in some manner in the route, but no other evidence to

3   understand Amtrak's relationship to the bus to establish the existence of a duty of care and that

4   any duty of care included responsibility for the bus driver's actions.  *See Lakeside-Scott v.*

5   *Multnomah Cty.*, 556 F.3d 797, 803 (9th Cir. 2009) ("JMOL is appropriate when the jury could

6   have relied only on speculation to reach its verdict.").

7        Plaintiff argues Amtrak owed them a duty under the ADA.[2]  ECF No. 425 at 6-7.

8   Plaintiff's reliance on the ADA is misplaced here, as courts have declined to find that the ADA is

9   a statute establishing a duty of care to maintain an independent negligence claim.  *See, e.g.*,

10  *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1344 (E.D. Cal. 2020)

11  ("Plaintiff provides no authority, nor is the Court aware of any, to show that Congress enacted the

12  ADA as a separate duty of care to give rise to an independent negligence claim under state laws.");

13  *Strojnik v. R.F. Weichert V, Inc.*, No. 20-CV-00354-VKD, 2021 WL 5085977, at *8 (N.D. Cal.

14  Nov. 2, 2021) ("Mr. Strojnik has not identified an independent duty, outside that imposed by the

15  ADA, to support a negligence claim."); *Doe v. Lees-McRae Coll.*, No. 1:20 CV 105 MR WCM,

16  2021 WL 1096285, at *7 (W.D.N.C. Feb. 4, 2021) ("It is not clear, however, that either the

17  Rehabilitation Act or the ADA create an independent duty of care for purposes of a negligence

18  claim."*), report and recommendation adopted,* No. 1:20-CV-00105-MR-WCM, 2021 WL

19  1093635 (W.D.N.C. Mar. 22, 2021).  Plaintiff points to no caselaw to suggest the ADA does

20  impose a duty of care upon Amtrak to sustain a negligence claim.  Without any other independent

21  basis to find a duty of care owed by Amtrak to Plaintiff in the operation of the bus, Plaintiff has

22  not established a duty of care to maintain an action for negligence.  *See Ghadiri v. Hayward*

23

24  _____

2  Plaintiff cites to 49 C.F.R. § 37.23 to argue that Amtrak has a duty to Plaintiff.  Pursuant to 49
25  C.F.R. § 37.23 "when a public entity enters into a contractual or other arrangement . . . or
    relationship with a private entity to operate fixed route or demand responsive service, the public
26  entity shall ensure that the private entity" complies with the ADA.  The Court would be remiss not
    to point out that SCMTD is not a "private entity" under the ADA and thus this regulation does not
27  seem applicable.  *See* 49 C.F.R. § 37.3 (defining public entity to include local government, any
    department, agency or instrumentality of local government, and any commuter authority).  If
28  Plaintiff's argument that Amtrak owed Plaintiff a duty of care to comply with the ADA rests on
    this regulation, it would seem not to support such a conclusion.

United States District Court
Northern District of California

1  *Liquor & Grocery*, No. 20-CV-01797-DMR, 2021 WL 4980071, at *7 (N.D. Cal. June 15, 2021)

2  (finding a negligence claim cannot be premised on violations of the ADA and comparing a

3  negligence claim premised on a breach of duty of care owed to a business invitee where the duty

4  arose independent of the ADA).

5       Further, even if the ADA imposed upon Amtrak a duty of care to maintain a claim of

6  negligence, Plaintiff's claim would still fail.  Here, Plaintiff argues Amtrak's duty to Plaintiff was

7  to enforce compliance with the ADA.  ECF No. 425 at 7.  However, even if true, this Court

8  already determined, and the Ninth Circuit affirmed, that, as matter of law, Plaintiff could not

9  establish that Defendants violated the ADA.  *See Jones v. Nat'l R.R. Passenger Corp., Amtrak*,

10  848 F. App'x 293, 294 (9th Cir. 2021).  Plaintiff cannot now relitigate their ADA compliance

11  claim under the guise of a negligence claim.  Accordingly, the Court finds Plaintiff has failed to

12  point to a "manifest failure" by the Court to consider material facts or a dispositive legal

13  argument.  Civ. L.R. 7-9(b)(3).

14  ## V.    CONCLUSION

15       For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Amend Judgment

16  and/or for leave to file a Motion for Reconsideration.

17       **IT IS SO ORDERED.**

18

19  Dated:  October 2, 2023

20

21

22  THOMAS S. HIXSON
United States Magistrate Judge

23

24

25

26

27

28