UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>        Defendants. | Case No. 15-cv-02726-TSH<br><br>**ORDER TO SHOW CAUSE** |

November 29, 2023 was the first day of an anticipated two-week trial in the above-captioned matter. The scheduled trial was a retrial, following a trial in March 2023 in which the jury was unable to reach a verdict. Prior to trial, both Plaintiff and Defendant confirmed they were not planning to call any witnesses who did not testify in the previous trial. ECF No. 461 (Pretrial Conf. Tr.) at 12-13. On the first day of trial, following voir dire by the Court and Plaintiff's counsel, counsel for Defendant Santa Cruz Metropolitan Transit District (SCMTD), Robert G. Howie, began voir dire for the defense. Before asking the prospective jurors any questions, Mr. Howie informed the entire pool of prospective jurors that the Plaintiff 1) had multiple sclerosis (MS), and 2) was "confined to a wheelchair for reasons that have nothing to do with" the lawsuit. ECF No. 460 (Trial Tr.) at 12-13.

In its oral ruling granting Plaintiff's motion for a mistrial, the Court stated the following:

> The major issue in dispute in this case is causation, and Mr. Howie's statement in front of the prospective jurors that the plaintiff has MS goes directly to the issue of causation in a way that is prejudicial to Plaintiff's case. In the previous trial I do not recall there was any mention of MS, and both sides have told me that they were planning to call the same witnesses to testify at this trial as in the previous trial, and so I have no basis to think that evidence regarding MS would be admissible. I do think it is massively prejudicial the way that it was told to the prospective jurors, and, again, it goes directly to the core issue in this case, which is causation. Accordingly, the plaintiff's motion for a mistrial is granted.

1    *Id.* at 17.

2    Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in
3    any court of the United States or any Territory thereof who so multiplies the proceedings in any
4    case unreasonably and vexatiously may be required by the court to satisfy personally the excess
5    costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §
6    1927. A finding of recklessness is sufficient to justify an award of sanctions under § 1927. *See,*
7    *e.g.*, *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1218–19 (9th Cir.
8    2010).

9    As a direct result of the statements Mr. Howie made during voir dire, the Court declared a
10   mistrial, and now another trial will need to be scheduled, which will result in delay, yet another
11   jury selection process, and some duplication of trial preparation efforts.

12   The Court incurred $3,294.35 in costs to bring potential jurors to the Court, all of which
13   was wasted because of Mr. Howie's conduct. These costs include the following:

- Juror attendance for 29 jurors (statutorily mandated): $1450
- Juror mileage (individually computed using IRS rate using round-trip point-to-point as mandated by Guide to Judiciary Policy): $1180.60
- Bridge tolls reimbursed (form completed by those driving to the courthouse selecting which bridge was crossed): $129.75
- Juror parking: $387
- Juror coffee service: $147

The Court also sent out and processed 50 prospective jurors' questionnaires and staffed an additional jury clerk on site for jury selection. In ECF No. 456, Plaintiff Amanda Jones moved for sanctions for attorneys' fees and costs incurred as a result of the mistrial.

It appears Mr. Howie's behavior was reckless. No witness at the previous trial ever mentioned such a diagnosis, and Mr. Howie had confirmed he was not planning to call any new witnesses. ECF No. 461 at 13. As Mr. Howie was aware, the only claim remaining at issue for trial is negligence, for which causation of Plaintiff's injuries is a central issue. When Plaintiff moved for a mistrial, Mr. Howie stated that he did not think his statement was prejudicial because

he "believe[d] the evidence [would] be consistent with the statement that [he] made." ECF No. 460 at 17. However, Mr. Howie did not indicate that any witness would be called to testify either that Plaintiff had received such a diagnosis or that such an illness caused the injuries Plaintiff alleges, nor did he indicate that any such evidence would be admitted—or even admissible—at trial. *Id.* Although Mr. Howie claimed that there is a doctor who "would" testify that Plaintiff has MS, in the same breath he acknowledged that doctor "was not going to be called," *id*. Moreover, the conduct in question was extremely prejudicial, and it is frankly incredible that an attorney would taint the entire venire by making an inflammatory factual assertion that goes to the heart of the case when he had no reason to think his assertion would be supported by admitted evidence.

Accordingly, the Court **ORDERS** Defendant and Mr. Howie to show cause why the Court should not sanction them for this misconduct, including by imposing monetary sanctions for the Court expenses described above and the expenses incurred by Plaintiff and Plaintiff's counsel as set forth in their declarations. Defendant's and Mr. Howie's response to this OSC shall be filed no later than January 4, 2024.

**IT IS SO ORDERED.**

Dated: December 18, 2023

THOMAS S. HIXSON
United States Magistrate Judge

3