UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>        Defendants. | Case No. 15-cv-02726-TSH<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. 505 |

On September 27, 2024, the Court granted in part Plaintiff Amanda Jones's motion for sanctions and ordered Robert G. Howie, counsel for Defendant Santa Cruz Metropolitan Transit District, to pay monetary sanctions in the amount of $46,363.29. ECF No. 483. Plaintiff now requests the Court order Mr. Howie to show cause why he should not be held in contempt for failure to comply with the Court's order. ECF No. 505.

A district court also has the inherent authority to enforce compliance with its orders through a civil contempt proceeding. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827–28 (1994). A contempt sanction is considered civil if it "is remedial, and for the benefit of the complainant." *Id*. A contempt fine is considered civil and remedial if it either "coerce[s] the defendant into compliance with the court's order, [or] . . . compensate[s] the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the [non-moving party] violated a specific and definite order of the court." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir. 1992)). The contempt "need not be willful, and there is no good faith exception to the requirement of obedience to a court order." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *Id*.

(cleaned up). Thus, the Court may grant a motion for an order of contempt if it finds that Defendants (1) violated a court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence. *Id*. Once the moving party has met its burden, the burden "shifts to the contemnors to demonstrate why they were unable to comply" with the court order. *Stone*, 968 F.2d at 856 n. 9 (citing *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983)). "They must show they took every reasonable step to comply." *Id*. (citing *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976)).

Here, the Court finds Plaintiff has shown Mr. Howie violated the Court's sanctions order by failing to pay the sanctions as ordered, and he has failed to provide any explanation for this failure. Initially, Mr. Howie filed a Notice of Appeal to the Ninth Circuit (ECF No. 485), but he subsequently filed a motion to dismiss the appeal, which the Ninth Circuit granted on November 5, 2024 (ECF No. 489). Since that time, Plaintiff's counsel reached out to Mr. Howie to inquire as to whether he intends to pay the amount ordered. According to Plaintiff, Mr. Howie had a conversation with her counsel, Catherine Cabalo, about payment of the sanctions, and Ms. Cabalo advised him that Plaintiff would file a motion if the amount was not tendered by January 24, 2025. ECF No. 505 at 2. Mr. Howie has not responded further. *Id.*

Accordingly, the Court **ORDERS** Robert G. Howie to show cause why he should not be held in contempt for failure to comply with the Court's September 27, 2024 sanctions order. Mr. Howie shall file a response by February 20, 2025. If Mr. Howie files a response, Plaintiff may file any reply by February 27, 2025. The Court shall either issue an order based on the parties' filings or conduct a hearing on March 13, 2025 at 10:00 a.m. in Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.

Plaintiff is directed to serve this Order on Mr. Howie by February 7, 2025 and file proof of service thereafter.

**IT IS SO ORDERED.**

Dated: February 6, 2025

THOMAS S. HIXSON
United States Magistrate Judge