UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>        Defendants. | Case No. 15-cv-02726-TSH<br><br>**FINAL PRETRIAL ORDER** |

On November 27, 2023, the Court held a pretrial conference in this matter. This Order summarizes the Court's rulings and information about how the trial will be conducted.

1. The Court shall conduct a hearing on March 3, 2025 at 9:30 a.m. in Courtroom E, 15th Floor, to discuss juror hardship excusals. Following that hearing, the parties shall do a tech check on any equipment they plan to use at trial. The parties should bring any such equipment with them. For any equipment other than a laptop computer, the parties will need a court order authorizing them to bring it into the building. Accordingly, the parties shall file proposed orders authorizing them to bring their trial technology equipment into the building, specifically listing each item they wish to bring.

2. The trial will proceed in Courtroom E as follows: The parties will appear at 9:00 a.m. on Monday, March 4, 2025. Jury selection will commence at 9:30 a.m. The trial will start after a break following jury selection. Each day thereafter, the parties will appear at 9:00 a.m., trial will begin at 9:30 a.m., and trial will conclude at 3:30 p.m. There will be a 15-minute break at 11:00 a.m., a 45-minute lunch at 12:30 p.m., and a 15-minute afternoon

break at 2:30 p.m.

3. Each side has 20 total hours to present their case in chief. The 20 hours include opening and closing statements, as well as any rebuttal. Opening statements must be limited to 30 minutes per side and closing statements must be limited to one hour per side, including rebuttal.

4. The Court will follow the normal rule regarding objections to evidence and other legal points which the Court must decide: No lengthy arguments in front of the jury. No sidebars. Any such argument should occur before 9:30 a.m. or after 3:30 p.m. unless it is unavoidable. Objections should consist of a citation to the Federal Rule(s) of Evidence at issue and the applicable generic description (e.g. "relevance.").

5. The parties must rise when making an objection.

6. The parties must seek leave to approach witnesses.

7. At the close of each trial day, counsel must disclose to the opposing party the witnesses to be called the following two days and the exhibit numbers of the documents that counsel plans to use on direct (other than for impeachment). Within 24 hours of such disclosure, counsel shall exchange exhibit numbers to be used in cross of the witnesses (other than for impeachment). Parties will not be allowed to call witnesses or use documents other than those that have been previously disclosed in the pretrial conference statement <u>and</u> in the daily witness lists.

8. The Court will empanel an eight-person jury with no alternates. The Court will first present questions for voir dire. Each side will get 10 minutes for follow-up voir dire. Thereafter, the parties may make for-cause challenges and then peremptory challenges. Each side shall have three peremptory challenges.

9. Preliminary jury instructions will be read before opening statements. The Court will not provide a copy of the instructions to the jury at the beginning of the case. The Court will not instruct the jury on substantive law applicable to the claims until the close of evidence when final instructions are given. The Court will hear argument and settle final jury instructions before closing arguments.

2

10. The parties are reminded to comply with Civil Local Rule 5-1(g) regarding the electronic filing of exhibits within ten days of a trial verdict.

**IT IS SO ORDERED.**

Dated: February 14, 2025

THOMAS S. HIXSON
United States Magistrate Judge