UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>          Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>          Defendants. | Case No. 15-cv-02726-TSH<br><br>**ORDER DISCHARGING SHOW CAUSE ORDER**<br><br>Re: Dkt. 506 |

On September 27, 2024, the Court granted in part Plaintiff Amanda Jones's motion for sanctions pursuant to 28 U.S.C. § 1927 and ordered Robert G. Howie, former counsel for Defendant Santa Cruz Metropolitan Transit District, to pay Plaintiff and her counsel $46,363.29. ECF No. 483. On February 5, 2025, Plaintiff requested the Court order Mr. Howie to show cause why he should not be held in contempt for failure to comply with the Court's order. ECF No. 505. On February 6 the Court ordered Mr. Howie to show cause. ECF No. 506.

In his response, Mr. Howie states he believes he has not defied the September 2024 sanctions order for two reasons: (1) it does not reflect a payment due date; and (2) he intends to appeal the order at the conclusion of the case. ECF No. 542. Although Mr. Howie did initially file an appeal (*see* ECF No. 485), the Ninth Circuit subsequently granted his motion to dismiss the appeal (ECF No. 489). Mr. Howie states he dismissed the appeal based on his understanding that orders imposing sanctions may not immediately be appealed, but he intends to renew his appeal at the end of the proceedings in this case.

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (cleaned up). "The contempt 'need not be

willful;' however, a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the court's order.'" *Id*. (quoting *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987)). The party alleging civil contempt must demonstrate by clear and convincing evidence that (1) the contemnor violated a court order, (2) the noncompliance was more than technical or de minimis, and (3) the contemnor's conduct was not the product of a good faith or reasonable interpretation of the violated order. *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010). The burden then shifts to the contemnors to demonstrate why they were unable to comply. *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir. 1992) (citations omitted).

Based on Mr. Howie's response, the Court finds he has not disobeyed a specific and definite court order. Although the Court awarded sanctions against him, it did not set a date by which Mr. Howie was required to pay. As such, Plaintiff would be unable to present any evidence that Mr. Howie is overdue on his payment. *See Open Text Inc. v. Beasley*, 2022 WL 1443335, at *2 (N.D. Cal. May 6, 2022) (denying motion for contempt where court did not set a date by which defendant was required to pay attorneys' fees). Accordingly, the Court **DISCHARGES** the show cause order.

Although the Court did not set a deadline for payment in its September 2024 order, it finds it appropriate to do so now. Accordingly, Mr. Howie shall pay the $46,363.29 sanctions award within 60 days of entry of judgment in this case.

**IT IS SO ORDERED.**

Dated: March 14, 2025

THOMAS S. HIXSON
United States Magistrate Judge

2