UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>        Defendants. | Case No. 15-cv-02726-TSH<br><br>**ORDER STRIKING DEFENDANT SCMTD'S PURPORTED EXHIBITS NOT ADMITTED**<br><br>Re: Dkt. No. 606 |

Civil Local Rule 5-1(g)(1) says:

> Mandatory Electronic Filing. Unless otherwise ordered by the Court, exhibits offered during trial shall be filed on the docket within ten days of a trial verdict.
>
> (A) The parties shall file through the CM/ECF event "Admitted Exhibits" those exhibits admitted for review by the trier of fact. These exhibits shall be accompanied by a Joint Certification of Counsel that the exhibits are true and correct copies of the exhibits submitted to the trier of fact in the matter.
>
> (B) The parties may file any exhibits that were offered but not admitted by the judge using the CM/ECF event "Exhibits Not Admitted," which will automatically file the documents under seal. These exhibits shall be accompanied by a Joint Certification of Counsel that the exhibits are true and correct copies of the exhibits offered but not admitted by the judge.

In ECF No. 606, Defense counsel filed a purported "Exhibits Not Admitted," attaching two versions of a proposed redacted Exhibit 14, as well as Exhibits EEE, RR, SS, TT, UU and VV. Plaintiff's counsel refused to join the certification. In ECF No. 607, Plaintiff filed objections, arguing that the two redacted versions of Exhibit 14 and Exhibits RR, SS, TT, UU and VV were not offered in evidence. Plaintiff also objected to Exhibit EEE until SCMTD could identify where it was offered but not admitted.

1  SCMTD responded in ECF No. 614. SCMTD does not argue that any of these exhibits
2  were offered in evidence. Rather, SCMTD vaguely argues that these exhibits were "before" the
3  Court in some sense other than being offered in evidence.

4  SCMTD did not offer the redacted versions of Exhibit 14 into evidence. Rather, SCMTD
5  objected to the admission of the unredacted Exhibit 14 and provided the Court with a version of
6  Exhibit 14 that had the redactions SCMTD proposed. The Court overruled SCMTD's objections
7  and admitted Exhibit 14 without redactions. Trial Transcript ("TT") at 45:8-50:3, 323:7-15.
8  SCMTD never actually offered to admit the redacted Exhibit 14. The redactions were just
9  illustrative of what SCMTD was objecting to in the unredacted version. Separately, SCMTD is
10  correct that it used the wrong ECF event for ECF No. 539. The document filed at ECF No. 539 is
11  the redacted Exhibit 14, but SCMTD wrongly used the ECF event "Admitted Exhibits," when that
12  was not an admitted exhibit.

13  SCMTD argues that Exhibits RR, SS and TT (Dr. Nassos's written reports) were "before"
14  the Court. Well, sure, the Court had Nassos's written reports so it could rule on objections that
15  any of his opinions at trial had not been properly disclosed in a timely expert report. TT 1315:7-8
16  ("The Court: Can you direct me to where in Dr. Nassos's report this information is contained?");
17  TT 1316:19-1318:20 (discussion of whether part of Nassos's expected testimony at trial was
18  disclosed in one of his reports). That doesn't mean that SCMTD offered Exhibits RR, SS and TT
19  in evidence. It didn't.

20  SCMTD argues that Exhibit UU (Rishel's report) and Exhibit VV (Einstein's report) were
21  "before" the Court in a similar sense, namely that both reports were lodged with the Court so the
22  Court could rule on evidentiary objections. Again, that's not the same thing as moving to admit
23  these exhibits. Nobody offered these exhibits in evidence.

24  Exhibit EEE is a closer case. Here is what happened with Exhibit EEE:

25  THE COURT: THANK YOU. IT LOOKS LIKE YOU'VE HANDED
26  UP PROPOSED TRIPLE E.

26  MR. PAINTER: CORRECT.
27
28  THE COURT: IS THIS SOMETHING THAT YOU ANTICIPATE
     DR. NASSOS TO TESTIFY ABOUT?

|   |   |
|---|---|
| 1 | MR. PAINTER: CORRECT. |
| 2 | THE COURT: AND DID HE DISCLOSE OR REFER TO THIS IN HIS REPORT SOMEPLACE? |
| 3 | |
| 4 | MR. PAINTER: HE DID NOT. I FOUND THAT OVER THE WEEKEND, YOUR HONOR. |

TT 1319:15-24.

> THE COURT: I'M GOING TO GRANT THE PLAINTIFF'S MOTION IN PART AND DENY THE MOTION IN PART.
>
> I'M GOING TO ALLOW DR. NASSOS TO PRESENT THE PROFFERED TESTIMONY CONCERNING RANGES IN THE TT-TG THAT HE BELIEVES ARE ABNORMAL.
>
> I THINK THE SURREBUTTAL TESTIMONY IS APPROPRIATE. PLAINTIFF CALLED A REBUTTAL EXPERT, DR. PRIMUS, WHO GAVE TESTIMONY ON THAT ISSUE, AND SO I THINK A SURREBUTTAL TO ADDRESS THAT IS WARRANTED.
>
> AND IF PLAINTIFF WANTED TO CALL A FURTHER WITNESS IN FURTHER REBUTTAL OF THE SURREBUTTAL, THAT WOULD BE FINE WITH ME AS WELL. THAT'S UP TO PLAINTIFF. SO I'M NOT SAYING THAT THE DEFENSE GOES LAST, BUT I AM SAYING THAT THEY CAN RESPOND TO A REBUTTAL CASE AND THEN PLAINTIFF CAN RESPOND TO THE RESPONSE.
>
> SO I WILL ALLOW THE TESTIMONY.
>
> HOWEVER, I AM GOING TO GRANT THE MOTION AS TO PROPOSED EXHIBIT TRIPLE E. AS DEFENSE COUNSEL HAS ACKNOWLEDGED, THIS WAS NOT REFERRED TO IN DR. NASSOS'S REPORT. IN FACT, DEFENSE COUNSEL SAID HE LOCATED IT OVER THE WEEKEND. THAT DOES NOT CONSTITUTE A SUFFICIENT EXPERT DISCLOSURE.
>
> SO I'M NOT GOING TO ALLOW DR. NASSOS TO TESTIFY AS TO THAT PARTICULAR DOCUMENT.
>
> BUT I WILL ALLOW HIM TO GIVE THE PROFFERED SURREBUTTAL TESTIMONY.

TT 1322:21-1323:19.

Obviously, the Court excluded Exhibit EEE. But this was an in limine ruling based on inadequate disclosure. We never got to the point of SCMTD offering Exhibit EEE in evidence. Local Rule 5-1(g)(1)'s reference to exhibits that were offered but not admitted does not mean every piece of evidence that was excluded at trial. A litigant has to get to the point of actually

1  offering the exhibit in evidence before that local rule is triggered. Accordingly, Exhibit EEE was
2  not offered in evidence.
3      In ECF No. 614, SCMTD also asks the Court to include the entirety of Douglas Cross's
4  expert report (Exhibit 12) as an exhibit not admitted because it was "before" the Court in the sense
5  that the Court had the expert report so it could rule on objections about whether testimony at trial
6  had been timely disclosed in a report. Again, that has nothing to do with offering something in
7  evidence, and Exhibit 12 was never offered in evidence.
8      SCMTD argues that "the plaintiff's argument that Local Rule 5-1(g)(1)(B) must be defined
9  to include only those exhibits which were offered to the jury rather than being offered as part of
10 the record at trial for other reasons is given no support." ECF No. 614 at 3. But Plaintiff is
11 exactly correct about what the rule means.
12     Accordingly, the Court **STRIKES** SCMTD's filing at ECF No. 606 (entitled "Exhibits Not
13 Admitted") from the record because none of those exhibits were offered but not admitted at trial.
14 **IT IS SO ORDERED.**

Dated: April 9, 2025

THOMAS S. HIXSON
United States Magistrate Judge