UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>    Defendants. | Case No. 15-cv-02726-TSH<br><br>**ORDER RE: MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 610 |

## I.  INTRODUCTION

Pending before the Court is a motion for sanctions in the form of attorney's fees and costs brought by Defendant National Railroad Passenger Corporation ("Amtrak"). ECF No. 610. Defendant Amtrak moves the Court to sanction Plaintiff's counsel Carla Aikens and the law firm of Carla Aikens, PC, and Catherine Cabalo and the law firm of Peiffer Wolf Carr & Kane[1] pursuant to 28 U.S.C. section 1927 and the Court's inherent power. Plaintiff filed an Opposition (ECF No. 626) and Amtrak filed a Reply (ECF No. 633). For the reasons stated below, the Court **DENIES** Amtrak's motion for sanctions.[2]

## II.  BACKGROUND

In Plaintiff's operative Third Amended Complaint ("TAC"), Plaintiff alleged five claims for relief: (1) violation of the Americans with Disabilities Act ("ADA") against Defendant Amtrak, (2) violation of the ADA against Defendant Santa Cruz Metropolitan Transit District

---

[1] Amtrak's motion refers to Ms. Cabalo's law firm as "Peiffer Rosca Wolf Abdullah Carr & Kane." Plaintiff's counsel's opposition, and this Order, refer to the firm as "Peiffer Wolf Carr & Kane."

[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 8, 12, 16.

1   ("SCMTD"), (3) violation of Section 504 of the Rehabilitation Act of 1973 against both
2   Defendants, (4) violation of the California Unruh Civil Right Act against both Defendants, and (5)
3   negligence against both Defendants.  ECF No. 155, TAC.  Plaintiff's claims all stem from an
4   August 25, 2014 incident on the Highway 17 bus en route from Santa Cruz to San Jose, when
5   Plaintiff's motorized scooter tipped over while Plaintiff was on it.  TAC ¶¶ 12–39.  Following an
6   order on cross-motions for summary judgment and a subsequent appeal by Plaintiff to the Ninth
7   Circuit, Plaintiff's lone remaining claim for trial was for negligence against both Defendants.  *See*
8   ECF Nos. 197, 221.  Plaintiff alleged that the bus driver failed to properly secure their[3] scooter so
9   that it would not fall over during the bus ride.  TAC ¶¶ 17-24, 26, 74–82.

10  The parties proceeded to the first jury trial on March 13, 2023.  ECF No. 368.  At the close
11  of Plaintiff's case, Amtrak moved for judgment as a matter of law pursuant to Federal Rule of
12  Civil Procedure ("Rule") 50(a) and on March 17, 2023, the Court denied Amtrak's Rule 50(a)
13  motion without prejudice.  *See* ECF No. 385.  At the conclusion of the first jury trial, the jury was
14  unable to reach a unanimous verdict, and the Court declared a mistrial.  ECF Nos. 399, 401.
15  Following the first trial, Amtrak filed a renewed motion for judgment as a matter of law.  ECF No.
16  413.  The Court granted Amtrak's motion on June 5, 2023.  ECF No. 422.  On July 3, 2023,
17  Plaintiff filed a motion under Federal Rule of Civil Procedure 60(b) and Civil Local Rule 7-9 to
18  set aside judgment and/or leave to file a motion for reconsideration of the Court's order granting
19  Amtrak's motion for judgment as a matter of law.  ECF No. 425.  The Court denied Plaintiff's
20  motion on October 2, 2023.  ECF No. 431.  The construed Plaintiff's motion as a motion for leave
21  to file a motion for reconsideration, rather than a motion to set aside judgment, because the Court
22  "ha[d] not . . . directed entry of final judgment in favor of Amtrak[.]"  *Id.* at 4.

23  On November 29, 2023, during voir dire at the start of the second trial, defense counsel
24  tainted the entire venire, and the Court declared a mistrial.  ECF Nos. 453, 454, 483.

25  On March 19, 2025, the third trial concluded in a unanimous jury verdict in favor of
26  Plaintiff and against SCMTD.  ECF No. 586.  The Court entered judgment as to both Defendants

---

[3] It is the Court's understanding from the presentation at trial that Plaintiff prefers the use of they/them pronouns.  The Court will thus utilize those pronouns to refer to Plaintiff.

United States District Court
Northern District of California

1   the same day.  ECF No. 589.

2         On April 2, 2025, Defendant Amtrak filed the instant motion for sanctions pursuant to 28

3   U.S.C. § 1927 and the Court's inherent power.  ECF No. 610.  On April 16, 2025, Plaintiff filed an

4   opposition.  ECF No. 626.  On April 23, Amtrak filed a reply.  ECF No. 633.

### III. LEGAL STANDARD

A district "court has the inherent power to sanction a party or its lawyers if it acts in 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' as well as for 'willful[ ] abuse [of the] judicial processes.'" *Gomez v. Vernon*, 255 F.3d 1118, 1133–34 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766 (1980)).  "[T]he district court may not sanction mere 'inadvertent' conduct." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).  Rather, the imposition of sanctions under the court's inherent powers requires "a finding of bad faith, or conduct tantamount to bad faith." *Vernon*, 255 F.3d at 1134.  "[R]ecklessness, of itself, does not justify the imposition of sanctions" under the Court's inherent power.  *Id.*  However, "sanctions are available when recklessness is 'combined with an additional factor such as frivolousness, harassment, or an improper purpose.'" *Id.* (quoting *Fink*, 239 F.3d at 994).  "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." *Fink*, 239 F.3d at 992 (quoting *In re Itel Securities Litigation,* 791 F.2d 672, 675 (9th Cir. 1986)).

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  "[A] finding that the attorney[] recklessly raised a *frivolous* argument which resulted in the multiplication of the proceedings' justifies § 1927 sanctions." *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1155 (9th Cir. 2024) (quoting *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010)) (emphasis in

3

original); *see also In re Keegan Mgmt. Co., Secs. Litig.,* 78 F.3d 431, 436 (9th Cir. 1996) ("Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument.") (cleaned up). Sanctions under § 1927 may only be imposed upon individual attorneys, rather than against the client or law firm. *Kaass Law Firm v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293–94 (9th Cir. 2015).

## IV.    DISCUSSION

### A.    Timeliness of Amtrak's Motion

Amtrak brought this motion on April 2, 2025, fourteen days after the Court entered judgment in this action. *See* ECF Nos. 589 (Judgment), 610 (Mot.). Plaintiff argues that Amtrak's motion is untimely because it was served within 14 days after entry of judgment with respect to the entire case, rather than 14 days after the Court granted judgment as a matter of law as to Amtrak.

Civil Local Rule 7-8 provides that "[u]nless otherwise ordered by the Court, no motion for sanctions may be served and filed more than 14 days after entry of judgment by the District Court." Civ. L.R. 7-8(d). Civil Local Rule 54-1 requires that a bill of costs be filed "[n]o later than 14 days after entry of judgment or order under which costs may be claimed[.]" Civ. L.R. 54-1. On June 5, 2023, the Court granted Amtrak's Rule 50(b) renewed motion for judgment as a matter of law. ECF No. 422. Plaintiff argues that Local Rule 7-8's reference to "entry of judgment" and Local Rule 54-1's reference to "entry of judgment or order" mean that Amtrak was required to file a bill of costs no later than June 19, 2023, 14 days after the Court entered judgment as a matter of law in Amtrak's favor. Opp'n at 9. Plaintiff' argues that when the Court entered final judgment in this case, judgment was thus entered "only against Defendant Santa Cruz Metropolitan Transit District[.]" Opp'n at 9 (citing ECF No. 586, Jury Verdict). This timeliness argument fails on multiple grounds.

As a preliminary matter, Plaintiff fails to explain why Local Rule 54-1 applies to Amtrak's motion for sanctions, which Amtrak brings under 28 U.S.C. § 1927 and the Court's inherent power. Mot. at 1. Plaintiff contends that Local Rule 54-1's application to orders as well as judgments supports Plaintiff's reading of the rule. Opp'n at 8. Local Rule 54-1 refers to Federal

4

1   Rule of Civil Procedure 54(d), which concerns the filing of a bill of costs and "do[es] not apply to
2   claims for fees and expenses . . . as sanctions under 28 U.S.C. § 1927." Fed. R. Civ. P.
3   54(d)(2)(E); Civ. L.R. 54-1(b) ("Service of bill of costs shall constitute notice pursuant to Fed. R.
4   Civ. P. 54(d), of a request for taxation of costs by the Clerk."). Amtrak separately filed a bill of
5   costs on April 2, 2025. ECF No. 609. Plaintiff offers no authority to explain why Local Rule 54-1
6   should apply to a motion for sanctions under 28 U.S.C. § 1927 when Federal Rule of Civil
7   Procedure 54(d), which the local rule expands upon, does not. In the absence of any such
8   authority, the Court finds that Local Rule 54-1 cannot bar Amtrak's motion for sanctions under 28
9   U.S.C. § 1927.
10   Plaintiff's timeliness argument also fundamentally ignores that the Court did not enter final
11  judgment in favor of Amtrak until March 19, 2025. *See* ECF No. 589 (entering judgment "in
12  favor of Defendant National Railroad Passenger Corporation and against Plaintiff Amanda
13  Jones."). Moreover, on July 3, 2023, Plaintiff moved under Rule 60(b) to set aside the Court's
14  judgment in favor of Amtrak. ECF No. 425 at 4. The Court denied Plaintiff's motion and found
15  that Rule 60(b) was not a "proper vehicle for Plaintiff's relief[,]" as the Court had not yet granted
16  a final judgment. ECF No. 431 at 3–4. *See* Fed. R. Civ. P. 60(b) (providing that "on motion . . .
17  the court may relieve a party or its legal representative from a final judgment, order, or
18  proceeding" and setting forth grounds for relief). Plaintiff cites *Black v. City of Honolulu* to
19  support the argument that the relevant date to determine the timeliness of Amtrak's motion is the
20  date the Court granted Amtrak's motion for judgment as a matter of law, rather than the date final
21  judgment was entered. *See Black v. City & Cnty. of Honolulu*, No. 07-cv-299 DAE-LEK, 2010
22  WL 653026 (D. Haw. Feb. 22, 2010), *amended sub nom. Black v. City & Cnty. of Honolulu*, No.
23  07-cv-299 DAE, 2010 WL 3940979 (D. Haw. Sept. 29, 2010), *aff'd*, 512 F. App'x 666 (9th Cir.
24  2013). *Black* is wholly inapposite. This argument appears to be based entirely on the fact that the
25  court in *Black* counted the number of days a party had to file a bill of costs from the date the court
26  had denied a motion for a new trial, rather than from the date final judgment was entered. Opp'n
27  at 8–9. But the court's analysis in *Black* concerned the local rules of the District of Hawai'i.
28  *Black*, 2010 WL 653026, at *7 ("According to the current Local Rules . . . a party has fourteen

days from an order denying a Rule 59 motion to serve a bill of costs."). Plaintiff fails to explain why the court's analysis in *Black* has any bearing on the Court's interpretation of the Local Rules of this district. Plaintiff does not dispute that Amtrak brought its motion for sanctions within fourteen days of the Court's entry of judgment, and offers no other authority to explain why Amtrak would not have fourteen days from the Court's entry of judgment to bring a motion for sanctions.

Accordingly, the Court finds Amtrak's motion is timely.

**B.  Evidentiary Objections**

In support of their opposition, Plaintiff asks the Court to consider a copy of a written contract Plaintiff describes as a "partnership agreement" between Amtrak and SCMTD, a photograph of a bus labeled as "Amtrak California Highway 17 Express," and a screenshot of what appears to be a portion of the Amtrak website.[4] Opp'n at 10–11. Plaintiff also provides a link to the federal government's archived website on the ADA regarding a settlement agreement related to ADA compliance, which Plaintiff argues indicates that Amtrak could potentially be held "responsible for what happens on routes in which it is a partner with a municipality." Opp'n at 11-13. Amtrak objects to the introduction of this evidence on several grounds. ECF No. 633-1. Amtrak contends that Plaintiff's counsel's inclusion of these materials in their opposition "demonstrate[s] subjective bad faith" because Plaintiff's counsel did not request that the Court take judicial notice of the documents. Amtrak further contends that these materials are inadmissible to show liability by Amtrak under Federal Rules of Evidence 106, 401, 901, 602, 701, 703 and 801.

The Court **OVERRULES** the objections. The objections violate Civil Local Rule 7-3(c) ("Any evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum."). Also, the objections do not make sense. The Court is not deciding the question of Amtrak's liability; that has already been decided. The Court is instead deciding

---

[4]  As to the screenshot, Plaintiff's counsel provides no source information, such as a web address or access date. Although the screenshot appears to be from the Amtrak website, the Court gleaned this from context.

6

whether Plaintiff's counsel should be sanctioned, and there is no particular reason why the analysis of sanctions should be confined to evidence that would be admissible in court on the merits of a claim against Amtrak.  For example, in the discussion below the Court considers the fact that Plaintiff's negligence claim against Amtrak made it past summary judgment.  This is a proper fact to consider, even though the Ninth Circuit decision so holding could not be admitted as an exhibit at trial against Amtrak.

### C. Sanctions Motion

#### 1. Scope of Conduct At Issue in Amtrak's Motion

Plaintiff argues that it may have constituted malpractice for Plaintiff not to have included Amtrak as a defendant "[g]iven the relationship" between Amtrak and SCMTD.  Opp'n at 13.  However, Amtrak's motion does not concern Plaintiff's initial decision to include Amtrak as a defendant in Plaintiff's initial complaint.  Rather, Amtrak's motion concerns the decision by Plaintiff and Plaintiff's counsel to proceed with Plaintiff's case against Amtrak through the March 2023 trial and post-trial motions practice vis-à-vis Amtrak.  Mot. at 2, 7; Reply at 6 (contending "Plaintiff's counsel . . . proceeded to hold [Amtrak] in the case through trial where no evidence supporting liability against Defendant Amtrak was listed as an exhibit or elicited via testimony, and post-trial when spurious materials were improperly submitted to support 'liability.'").  The Court's thus considers whether sanctions are warranted for Plaintiff's counsel's decision to continue the case against Amtrak to trial and through post-trial motions practice, rather than whether Plaintiff's case against Amtrak would have been sanctionable from the outset.

#### 2. Propriety of Sanctions Under 28 U.S.C. § 1927 and Court's Inherent Power

Amtrak argues that sanctions are warranted under the Court's inherent power and 28 U.S.C. § 1927 because Plaintiff's counsel's decisions to pursue Plaintiff's case against Amtrak through trial and post-trial motions related to Amtrak were made in bad faith, unreasonably and vexatiously multiplied the proceedings in the case, and caused Amtrak and its counsel to incur additional fees and costs.  Plaintiff's counsel argues that Amtrak's motion should be denied because Plaintiff did not act in bad faith in declining to dismiss their case against Amtrak prior to the first trial.  Plaintiff's counsel contend they believed they could elicit trial testimony to establish

7

a relationship between Amtrak and SCMTD that could support a finding of liability against Amtrak. Opp'n at 13.

In support of Amtrak's motion, Amtrak offers a declaration from Amtrak's counsel, Robert G. Howie. ECF No. 610-1 ("Howie Decl."). Mr. Howie avers that he "repeatedly advised . . . Plaintiff's counsel throughout the case that Amtrak was a superfluous defendant in this case." *Id.* ¶ 2. Mr. Howie attempted to get Plaintiff to dismiss Amtrak as a defendant during a telephone call with Plaintiff's counsel on February 20, 2023, prior to the first trial. Howie Decl. ¶ 5 & Ex. 1 to Howie Decl., ECF No. 610-2 (emails between Plaintiff's counsel and Mr. Howie re "availability this Monday (2/20) for a call RE: AMTRAK."). Mr. Howie further avers that Amtrak produced its contract with SCMTD during discovery. Howie Decl. ¶ 6. This contract was not admitted at trial, nor did Plaintiff include the contract in any pre-trial exhibit list. *See* ECF Nos. 284-2 at 2–5, 360, 422 at 3. In their June 10, 2022, pre-trial brief, Defendants argued that Plaintiff's remaining claim for trial did not concern Amtrak and maintained that Plaintiff's case against Amtrak ought to be dismissed. *See* ECF Nos. 284 at 10, 285 at 10.[5] Plaintiff maintained that they "would oppose any request to have AMTRAK dismissed when no dispositive motion was filed." ECF Nos. 284 at 10, 285 at 10. Plaintiff does not dispute any of the facts set forth in Mr. Howie's declaration and does not submit a declaration in response. *See generally* Opp'n, ECF No. 626.

Plaintiff's counsel contend that the fact that Plaintiff succeeded on Plaintiff's negligence claim against SCMTD, but not against Amtrak, supports Plaintiff's reasonableness in bringing claims against Amtrak. Opp'n at 14. However, this argument disregards the basic elements of a negligence claim. "The 'fundamental element' for every negligence cause of action is 'the existence of a legal duty of care running from the defendant to the plaintiff.'" *Lichtman v. Siemens Indus. Inc.*, 16 Cal. App. 5th 914, 920 (2017) (quoting *Taylor v. Elliott Turbomachinery Co., Inc.*, 171 Cal. App. 4th 564, 593 (2009)). The fact that Plaintiff prevailed on Plaintiff's negligence claim against one defendant has no bearing on whether some other defendant owed a

---

[5] In ECF No. 284, Defendants filed a pretrial brief that contained some, but not all, of Plaintiff's positions on the issues. That same day, Plaintiff filed a copy of the pretrial brief including Plaintiff's additions. ECF No. 285.

duty to Plaintiff in the first instance. *See Pemberton v. Nationstar Mortg. LLC*, 331 F. Supp. 3d 1018, 1056 (S.D. Cal. 2018) ("To assess whether a duty exists, a court must first identify the specific conduct by the defendant which the plaintiff claims was negligent so to limit our analysis [to] 'the specific action the plaintiff claims *the particular defendant* had a duty to undertake in the particular case.") (quoting *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 899 (2013)) (internal quotations and alterations omitted) (emphasis added).

Amtrak argues that Plaintiff's counsel "recklessly failed to elicit any evidence at trial" to support a theory of liability as to Amtrak. Reply at 3. Amtrak disputes Plaintiff's counsel's contention that they believed they could elicit trial testimony that would establish a relationship between SCMTD and Amtrak that would support a finding of liability against Amtrak. As a basis for this argument, Amtrak points to the Court's decision granting Amtrak's Rule 50(b) renewed motion for judgment as a matter of law, including the Court's findings that Plaintiff did not plead an agency theory of liability or present evidence of an agency relationship between SCMTD and Amtrak and that "there was no evidence of Amtrak's relations to the operation of the bus or bus driver for a jury to find Amtrak owed a duty of care to prevent any of the claimed negligent conduct[,]" and the fact that the contract between SCMTD and Amtrak was not offered as evidence at trial. *See* Reply at 4 (citing ECF No. 422 at 4). Amtrak thus likens Plaintiff's decision to pursue the case through trial and post-trial motions practice to cases where plaintiffs or their counsel were sanctioned for willfully pursuing meritless claims. Mot. at 6 (citing *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990)) (upholding sanctions imposed under section 1927 where plaintiff's counsel had "recklessly proceeded with the litigation despite a complete lack of factual support or proper service of his opponent."). But Plaintiff's negligence claim against Amtrak ultimately survived summary judgment. Plaintiff's failure at trial to produce any evidence sufficient for a jury to find Amtrak liable is a far cry from willful continuation of a suit Plaintiff's counsel knew to be meritless. *See Dupree v. Younger*, 598 U.S. 729, 731–32 (2023) (noting the standard for deciding motions for judgment as a matter of law "largely 'mirrors' the summary-judgment standard, the difference being that district courts evaluate Rule 50(a) motions in light of the trial record rather than the discovery record.").

1    Moreover, a defendant who prevails on a Rule 50 motion is not thereby entitled to
2  monetary sanctions in the form of attorney's fees. *See* Fed. R. Civ. P. 50. Amtrak's reiteration of
3  Court's reasoning for granting Amtrak's motion for judgment as a matter of law is thus
4  insufficient to demonstrate that Plaintiff's presentation of evidence at the March 2023 trial was
5  sanctionable, rather than merely insufficient to withstand a Rule 50(b) motion. To determine
6  otherwise would effectively make sanctionable a plaintiff's failure to present sufficient evidence at
7  trial even where, like Plaintiff's negligence claim against Amtrak, the plaintiff's claims survived
8  summary judgment.
9    Defendant contends in its reply that the Court can infer from Plaintiff's conduct that
10 Plaintiff continued its case against Amtrak through trial "for the improper purposes of harassment
11 and to impose upon Defendant Amtrak the additional expense and effort of trying the case
12 knowing that there was no evidence of Defendant Amtrak's alleged liability and that the claim
13 against Defendant Amtrak was not warranted." Reply at 3. The Court declines to draw such an
14 inference. In the Court's June 5, 2023 order granting judgment as a matter of law to Amtrak, the
15 Court found there was insufficient evidence presented at trial for the jury "to infer Amtrak owed
16 Plaintiff a relevant duty of care" to support Plaintiff's negligence claim against Amtrak. ECF No.
17 422 at 4. The Court further found that Plaintiff failed to adequately allege that SCMTD was an
18 agent of Amtrak and presented insufficient evidence at trial for a jury to find agency. *Id.* at 7.
19 However, Shonoa Ruddick, a former safety and security manager at SCMTD, presented testimony
20 at the March 2023 trial that most of the Highway 17 buses say "Amtrak" on their sides and
21 confirmed that the Highway 17 bus was "an Amtrak Highway 17 bus." *See* ECF No. 413-4 at
22 4:10-12, 4:13-17. Ruddick also testified to the existence of a contract between Santa Cruz and
23 Amtrak regarding the bus service. *Id.* at 4:16-20. Plaintiff testified that they believed Amtrak was
24 involved in the operation of the bus and that the courtesy cards distributed after the incident were
25 "something Amtrak has for people to fill out for complaints and things of that nature." ECF No.
26 413-7 at 36:2-9, 47:21-22. In granting Amtrak's motion for judgment as a matter of law, the
27 Court found that "[r]eliance on such threadbare testimony to establish Amtrak bore responsibility
28 for [an] SCMTD employee[']s] . . . conduct or lack of training requires a jury to 'resort to

10

speculation.'" ECF No. 422 at 5. Still, there is considerable daylight between a frivolous argument that constitutes conduct tantamount to bad faith and one that is merely insufficient to withstand a motion for judgment as a matter of law. Although the evidence presented at trial was insufficient to support a jury finding of negligence as to Amtrak, the testimony of multiple witnesses – however threadbare – connecting Amtrak to the events that gave rise to Plaintiff's claim indicates that Plaintiff did not act in bad faith or vexatiously multiply the proceedings by proceeding to trial with Plaintiff's claims.

Defendant further argues that Plaintiff's counsel's post-trial motions practice vis-à-vis Amtrak indicates bad faith because Plaintiff retroactively attempted to come up with a basis of liability for Amtrak using evidence that was not presented at trial. Reply at 3. In the Court's decision granting Amtrak's motion for judgment as a matter of law, the Court sustained Amtrak's objections to evidence Plaintiff sought to admit that was not presented at trial. ECF No. 422 at 3. Although Defendant describes this conduct as "vexatious[]" (Reply at 3), Defendant Amtrak offers no authority to support the notion that such conduct is sanctionable under either the court's inherent power or 28 U.S.C. § 1927, rather than simply a basis for the Court to exclude such evidence. Thus, the Court does not find that Plaintiff's counsel's post-trial motions practice regarding Amtrak was made in bad faith or tantamount to bad faith or abuse of the judicial process. Nor does the Court find that these decisions by Plaintiff's counsel unreasonably and vexatiously multiplied the proceedings.

Accordingly, Defendant's motion must be denied.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant Amtrak's motion for sanctions.

**IT IS SO ORDERED.**

Dated: May 13, 2025

THOMAS S. HIXSON
United States Magistrate Judge