UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-02726-TSH<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR STAY OF EXECUTION OF JUDGMENT AND TO WAIVE REQUIREMENT OF BOND**<br><br>Re: Dkt. No. 655 |

## I.　INTRODUCTION

Plaintiff Amanda Jones filed this diversity action against Defendant Santa Cruz Metropolitan Transit District ("SCMTD"). ECF No. 155 (Third Amended Complaint). Following a jury trial, the Court entered the Amended Judgment on June 20, 2025, in favor of Jones and against SCMTD. ECF No. 652. Pending before the Court is SCMTD's Motion for Stay of Execution of Judgment and To Waive Requirement of Bond. ECF No. 655 ("Mot."). For the reasons stated below, the Court **GRANTS** the motion.[1]

## II.　BACKGROUND

On March 19, 2025, a jury returned a unanimous verdict in favor of Jones and against SCMTD in the amount of $12,999,250. ECF No. 586. That same day, the Court entered judgment in favor of Jones and against SCMTD for the jury verdict amount. ECF No. 589. On June 13, 2025, Jones accepted the Court's remittitur of economic damages to $27,000. ECF No. 649; *see* ECF No. 647 (Corrected Order on SCMTD's Motion for New Trial), at 39 ("the Court

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 8, 12, 16.

1  remits Plaintiff's economic damages to $27,000"). The Court then denied SCMTD's motion for a
2  new trial. ECF No. 650.

3  On June 20, 2025, the Court entered the Amended Judgment in favor of Jones and against
4  SCMTD in the amount of $12,658,250 and ordered that post-judgment interest be calculated from
5  March 19, 2025, at the rate of 4.04%. ECF No. 652. On July 18, 2025, SCMTD filed its Notice
6  of Appeal to the Ninth Circuit Court of Appeals. ECF No. 654.

7  On July 25, 2025, SCMTD filed its instant Motion for Stay of Execution of Judgment and
8  To Waive Requirement of Bond. ECF No. 655 ("Mot."). On August 8, 2025, Jones filed an
9  Opposition. ECF No. 666 ("Opp."). On August 15, 2025, SCMTD filed a Reply. ECF No. 667
10 ("Reply").

### III. LEGAL STANDARD

Rule 62 of the Federal Rules of Civil Procedure ("Rule 62") provides for an automatic stay of proceedings to enforce a judgment as follows:

> (a) Automatic Stay. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.

Fed. R. Civ. P. 62(a). Rule 62(c) and Rule 62(d) apply to injunctions which are not at issue in this case. *Id.* at 62(c)–(d). Once the automatic stay expires, "a prevailing plaintiff is entitled to execute upon a judgment." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001).

A supersedeas bond—or supersedeas for short—is "[a] writ or bond that suspends a judgment creditor's power to levy execution, usually pending appeal." *Supersedeas*, Black's Law Dictionary (12th ed. 2024). One way that a party may obtain a stay under Rule 62(b), which provides a mechanism for obtaining a stay at any time after judgment is entered, is by posting a supersedeas bond:

> (b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b); *see Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S.

Ct. 1, 3 (1966) ("With respect to a case arising in the federal system it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d) and 73(d).").[2] The 2018 amendment to Rule 62(b) "makes explicit the opportunity to post security in a form other than a bond." 2018 Adv. Comm. Notes, Fed. R. Civ. P. 62. Thus, under Rule 62(b), a party may obtain a stay without posting a supersedeas bond. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990) ("we have held that the district court may permit security other than a bond").

"While the Federal Rules are silent on the amount of a supersedeas bond," the predecessor to Rule 62

> had directed that the amount of the bond be computed by the district court to include the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.

*Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, No. 2:10-cv-02414-KJM-KJN, 2019 WL 2715616, at *3 n.4 (E.D. Cal. June 28, 2019) (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). But "[d]istrict courts have inherent discretionary authority in setting supersedeas bonds[.]" *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). "This includes the discretion to allow other forms of judgment guarantee, and broad discretionary power to waive the bond requirement if it sees fit." *Viavi Sols. Inc. v. Platinum Optics Tech. Inc.*, No. 20-cv-05501-EJD, 2025 WL 673637, at *1 (N.D. Cal. Mar. 3, 2025) (citation omitted).

## IV.   DISCUSSION

The Court entered the Amended Judgment on June 20, 2025. ECF No. 652. Under Rule 62, the automatic stay for execution of the judgment expired on July 21, 2025. *See* Fed. R. Civ. P. 62(a) (staying enforcement proceedings on judgment "for 30 days after its entry, unless the court orders otherwise"). The parties' dispute turns on whether California state law entitles SCMTD to

---

[2] In the current version of Rule 62, "[s]ubdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." 2018 Adv. Comm. Notes, Fed. R. Civ. P. 62.

3

a further stay without the need to post a supersedeas bond, and if not, whether the Court should waive the bond requirement under Rule 62(b).

SCMTD requests the Court issue "an order staying execution [of the judgment in this case] pending disposition of SCMTD's appeal and waiving the requirement of posting a supersedeas bond." Mot. at 1:16–19. SCMTD argues that it is entitled to this relief because (1) California law on bond waiver "is a substantive law provision that controls over Rule 62 and supports waiver of a bond," either on its own or pursuant to Rule 62(f); and (2) alternatively, SCMTD "satisfies each of the relevant factors" that "district courts consider when deciding whether to waive or modify supersedeas bond requirements under Rule 62(b)." *Id.* at 1:19–2:3.

Jones responds that SCMTD's Motion "should be denied outright, or at a minimum, [SCMTD] should be required to post a full bond." Opp. at 3. Jones contends that (1) SCMTD is not entitled to supersedeas bond waiver because the California Rules of Civil Procedure do not supplant Rule 62; and (2) SCMTD has not demonstrated that it is entitled to waiver of the bond requirement.[3] *Id.* at 4–5.

In sum, the Court concludes that California state law entitling public entities to bond waiver does not apply in these proceedings and that SCMTD is not entitled to bond waiver under Rule 62(f). However, the Court concludes that SCMTD demonstrates that under Rule 62(b), waiver of the supersedeas bond requirement is warranted in this case.

**A.     Controlling Law**

SCMTD first argues that as a government entity, it would not be required under California law to post a bond to obtain a stay—because "this policy is an outgrowth of public entity immunity, it is a substantive law provision that controls over Rule 62 and supports waiver of a bond." Mot. at 1:17–23. Jones contends that "California Rules of Civil Procedure do not supplant [Rule 62]." Opp. at 4.

---

[3] Jones argues that SCMTD does not meet the factors for bond waiver "[e]ven if Rule 62(b) applied, which it does not." Opp. at 5; *see also* Reply at 4:6–7 ("As a threshold matter, [Jones] argues without support that Rule 62(b) does not apply. Not so."). It is unclear if this was error by Jones. In any case, because Rule 62(b) applies here, the Court construes Jones's second argument to be that SCMTD is not entitled to bond waiver under Rule 62(b) and its associated caselaw.

4

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *In re Cnty. of Orange*, 784 F.3d 520, 523–24 (9th Cir. 2015) (quoting *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427 (1996)); *see Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Thus, when a situation is covered by one of the Federal Rules of Civil Procedure," the court must "apply the Federal Rule, even [if] it is in direct collision with the law of the relevant State." *Vacation Vill., Inc. v. Clark Cnty.*, 497 F.3d 902, 913–14 (9th Cir. 2007) (citing *Hanna v. Plumer*, 380 U.S. 460, 471–72 (1965)) (cleaned up).

Here, the parties dispute the relevance of California state law that mandates a stay without the requirement of posting a bond. California law exempts public entities from the bond requirement, stating in relevant part:

> Notwithstanding any other statute, if a statute provides for a bond in an action or proceeding, including but not limited to a bond for . . . stay of enforcement of a judgment on appeal, the following public entities and officers are not required to give the bond and shall have the same rights, remedies, and benefits as if the bond were given:
> . . .
> (b) A county, city, or district, or public authority, public agency, or other political subdivision in the state, or an officer of the local public entity in an official capacity or on behalf of the local public entity.

Cal. Civ. Proc. Code § 995.220(b) ("section 995.220"). SCMTD argues that "section 995.220 is a substantive law provision, which is not preempted by Rule 62's procedures." Mot. at 6:11–12. SCMTD asserts that it is entitled to the same bond waiver in these proceedings that it would receive in California's state courts under section 995.220. *Id.* at 5:17–6:16. Jones counters that section 995.220 cannot override the bond requirement under Rule 62. Opp. at 5.

The Court concludes that controlling Ninth Circuit precedent forecloses the Court from treating section 995.220 as substantive state law. The parties disagree on the extent that the Ninth Circuit has weighed in on whether section 995.220 entitles a public entity to a stay under Rule 62(b) without posting a bond. *Compare* Mot. at 3:3–6 ("[T]he effect of these principles of immunity is an open question: the Ninth Circuit has yet to weigh in on whether section 995.220 applies to stay enforcement of a federal court judgment against a state or county government entity.") (citing Initiating Appellate Process and Immediate Steps on Appeal (Overview), Rutter Group Prac. Guide Fed. Ninth Cir. Civ. App. Prac. Ch. 1-E, 1:163.1) *with* Opp. at 4 ("[T]he Ninth

5

1  Circuit squarely addressed that the federal rules supersede state court rules of civil procedure, and
2  specifically addressed this issue as to Federal Rule 62.") (citing *Vacation*, 497 F.3d at 913–14).
3      Jones has the better argument.  In *Vacation Village, Inc. v. Clark County*, the Ninth Circuit
4  analyzed whether the county could obtain a stay under Rule 62(d) by posting a supersedeas bond
5  in the face of a state law requiring the county to post the full amount of the judgment prior to
6  disputing a money judgment on appeal.  *Vacation*, 497 F.3d at 913–14.  The Ninth Circuit stated:

> Rule 62(d) is a purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision and creates no choice of law concerns.  The County's monetary obligations on appeal is a situation 'covered by' Rule 62(d).

*Id.* at 914 (cleaned up).  As such, the county complied with its "monetary obligations on appeal" by posting a supersedeas bond and was not required to comply with state law to obtain a stay in federal court.  *Id.*  The Ninth Circuit's holding in *Vacation Village*—that a public entity's *monetary obligations on appeal* is a situation covered by the federal rules—applies equally to present-day Rule 62(b).  Rule 62 was amended in 2018—the current "[s]ubdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d)."  2018 Adv. Comm. Notes, Fed. R. Civ. P. 62.  Therefore, Rule 62(b), *not* section 995.220, covers SCMTD's monetary obligations on appeal.

SCMTD asserts that *Vacation Village* "does not apply here."  Reply at 2:1–2.  The Court disagrees.  While SCMTD posits that there are "several key ways" that *Vacation Village* differs from this case, they amount to distinctions without differences.  *Id.* at 2:17–28.  As in this case, the *Vacation Village* court analyzed whether a federal court must follow state law regarding bond requirements or whether the federal court should follow Rule 62.  *Vacation*, 497 F.3d at 913–14.  Because the *Vacation Village* court held that Rule 62 "creates no choice of law concerns," the state whose law is at issue and the substance of the state law at issue are immaterial.  *Id.* at 914.  Under *Vacation Village*, the Court must disregard any state law that speaks to bond requirements.  Finally, SCMTD asserts that "the most important distinction is that *Vacation Village* did not address the issue of waiver of bond at all, but rather whether the appeal should be dismissed because of noncompliance with Nevada law."  Reply at 2:25–28.  But a state law mandating bond

6

1  waiver and a state law mandating deposit of the full amount of judgment are two sides of the same
2  coin.  In other words, depositing *none* of the judgment amount and depositing *all* of the judgment
3  amount are both actions that concern a public entity's "monetary obligations on appeal."
4  *Vacation*, 497 F.3d at 914.  Thus, the Ninth Circuit's holding in *Vacation Village* applies to both
5  types of state laws.
6        Moreover, federal district courts across California have concluded that section 995.220
7  does not supplant Rule 62.  *See, e.g., Leuzinger v. Cnty. of Lake*, 253 F.R.D. 469, 470 (N.D. Cal.
8  2008) (holding section 995.220 preempted by Rule 62); *Lewis v. Kern Cnty.*, No. 1:21-cv-00378-
9  KES-CDB, 2025 WL 1865995, at *2 (E.D. Cal. July 7, 2025) (holding "Section 995.220 does not
10 apply as it is a procedural rule and the applicable procedural mechanisms at Federal Rule of Civil
11 Procedure 62 apply instead"); *Hardesty*, 2019 WL 2715616, at *2 (holding "California Civil
12 Procedure Code section 995.220(b) is a procedural rule, so it does not apply in federal court when
13 a federal rule is on point"); *In re Hassan Imports P'ship*, No. 2:13-cv-07532-CAS, 2013 WL
14 6384649, at *1 (C.D. Cal. Nov. 5, 2013) (holding "Cal. Code P. § 995.220 is preempted by Fed. R.
15 Civ. P. 62, which sets forth the procedures governing supersedeas bonds in federal court").  In
16 short, the Court agrees with other district courts that section 995.220 "does not supplant Rule 62's
17 procedural provisions regarding bond setting."  *Lewis*, 2025 WL 1865995, at *2.
18       SCMTD's cited cases do not compel a different conclusion.  First, SCMTD's cited cases
19 from outside the Ninth Circuit are immaterial.  *See* Mot. at 7:3–12.  The Court is bound by Ninth
20 Circuit precedent holding that Rule 62 controls SCMTD's "monetary obligations on appeal."
21 *Vacation*, 497 F.3d at 914; *see Gamino v. USA*, No. 19-cv-01881-HSG, 2022 WL 1524983, at *1
22 (N.D. Cal. May 13, 2022) (explaining that Ninth Circuit authority is binding on courts in this
23 district "unless it is clearly irreconcilable with intervening higher authority").  Second, the Court
24 does not read *Ramirez v. Escondido Unified School District* or *Cotton ex rel. McClure v. City of*
25 *Eureka* as holding that section 995.220 mandates bond waiver in federal stay proceedings.  *See*
26 Mot. at 3:8–11, 6:17–7:15 (citing *Ramirez*, No. 11-cv-1823-DMS(BGS), 2014 WL 12675341, at
27 *1 (S.D. Cal. Apr. 17, 2014); *Cotton*, 860 F. Supp. 2d 999, 1026–27 (N.D. Cal. 2012)).  Indeed,
28 the *Ramirez* court's holding that bond waiver was appropriate was based on the public entity's

ability to pay the judgment. *See Ramirez*, 2014 WL 12675341, at *2 ("Because the evidence shows that the school district has access to more than sufficient funds to satisfy the judgment against all Defendants, posting a supersedeas bond is unnecessary to secure payment of judgment to Plaintiffs."). And the *Cotton* court did not pass on the issue of whether section 995.220 exempts a public entity from bond requirements in federal stay proceedings. *See Cotton*, 860 F. Supp. 2d at 1027 ("Thus, *even if* the City were exempted from the bond requirement under § 995.220(b), the officers remain potentially liable for the full amount of the damages awarded by the jury.") (emphasis added).

Accordingly, because Rule 62 of the Federal Rules of Civil Procedure applies in these proceedings, SCMTD is not entitled to a bond waiver under California law.

**B.    Federal Rule Of Civil Procedure 62(f)**

SCMTD next argues that it is entitled to bond waiver under Rule 62(f) because this rule "applies prospectively to stay execution to the same extent as SCMTD would be entitled to under California law." Mot. at 7:24–8:3. Jones contends that "it is not possible for [Jones] to address this claim" because SCMTD did not "argue whether the judgment constitutes a lien on [SCMTD's] property under the laws of the State of California." Opp. at 5.

Rule 62(f) states:

> (f) Stay in Favor of a Judgment Debtor Under State Law. If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

Fed. R. Civ. P. 62(f).

Here, the Court concludes that SCMTD is not entitled to a bond waiver under Rule 62(f) because SCMTD has not established that the Amended Judgment "is a lien on [SCMTD's] property" under California state law. SCMTD merely argues that "[b]ecause a judgment *may become a lien* pursuant to Federal Rule of Civil Procedure 69," Rule 62(f) entitles SCMTD to bond waiver. Reply at 3:15–17 (emphasis added). But the possibility of becoming a lien in the future is not tantamount to being a lien today. Thus, SCMTD fails to show that it satisfies Rule 62(f)'s requirement that "a judgment is a lien" for purposes of its Motion. Fed. R. Civ. P. 62(f).

8

1   Further, when faced with the same argument made by SCMTD, "California district courts have
2   uniformly concluded that a federal judgment rendered in California does not trigger the provisions
3   of Rule 62(f)." *Cotton*, 860 F. Supp. 2d at 1025–26; *see e.g., Safeco Ins. Co. of Am. v. Cnty. of*
4   *San Bernardino*, No. EDCV-05-194-VAP(OPX), 2007 WL 9719254, at *2 (C.D. Cal. July 27,
5   2007) ("A judgment, however, is not a lien upon the property of the judgment debtor under
6   California law.") (cleaned up).

Accordingly, SCMTD is not entitled to bond waiver under Rule 62(f).

**C.     Federal Rule Of Civil Procedure 62(b)**

Finally, SCMTD argues that the "Court should exercise its discretion under Rule 62(b) to stay the judgment absent a bond" because SCMTD satisfies the *Dillon* factors. Mot. at 8:4–14. Jones contends SCMTD has not demonstrated that it is entitled to waiver of the bond requirement in Rule 62(b). Opp. at 5.

When adjudicating motions under Rule 62, "[c]ourts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement." *Kranson v. Fed. Express Corp.*, No. 11-cv-05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) (citing *Cotton*, 860 F. Supp. 2d at 1028). The *Dillon* factors are:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id.* (quoting *Dillon v. City of Chicago,* 866 F.2d 902, 904–05 (7th Cir.1988)) (cleaned up). SCMTD "has the burden to objectively demonstrate the reasons for departing from the usual requirement of a full supersedeas bond." *Viavi*, 2025 WL 673637, at *1 (quoting *Cotton*, 860 F. Supp. 2d at 1028).

Here, the Court finds the *Dillion* factors favor waiving the bond requirement. As a threshold issue, Jones proclaims that SCMTD's "motion begs the question that if there is no issue with paying the judgment, why it is going through the additional step of seeking a stay instead of

posting the required bond." Opp. at 5. The Court is not sure what to make of this statement. SCMTD makes clear in its Motion—through repeated arguments—that its position is although it is readily able to pay the judgment, the cost of a bond would be a waste of taxpayer money. *See* Mot. at 2:1–3, 8:4–7, 9:21–22. And as discussed below, the Court finds SCMTD's argument persuasive.

As to the first *Dillon* factor, SCMTD argues that "there is an established payment process for collection of [Jones's] award," consisting of two steps: "making funds available and issuing a check." *Id.* at 8:15–9:1 (citing Declaration of William L. Portello ("Portello Decl.") ¶¶ 3, 11 (ECF No. 655-2)). Jones counters that "as a public transit agency, SCMTD is not subject to ordinary execution procedures, and payment would require navigating protracted enforcement proceedings and potentially political or budgetary approvals." Opp. at 8. Jones offers only conclusory statements that SCMTD has a complex collection process. And Jones's assertion that "political or budgetary approvals" may be implicated directly conflicts with SCMTD's proffered evidence. *Id.*; *see* Mot. at 8:24–25 (citing Portello Decl. ¶ 11) ("Payment of a judgment does not require additional approvals from the CalTIP Board or any committee."). In sum, SCMTD demonstrates that it "has an established process for paying judgments that is not overly complex." *Cf. Valenzuela v. City of Anaheim*, No. SACV-17-00278-CJC(DFMx), 2020 WL 10731248, at *2 (C.D. Cal. Apr. 20, 2020). Therefore, the Court finds that this factor weighs in favor of bond waiver.

As to the second *Dillon* factor, SCMTD argues that Jones "will likely have a short wait to receive payment" because "SCMTD typically pays judgments within a few days." Mot. at 9:2–5 (citing Portello Decl. ¶ 11). Jones counters that payment could take "months or years" because "SCMTD has resisted payment for more than a decade through three trials, multiple post-judgment motions, and now another appeal." Opp. at 8. Jones asserts that SCMTD's claim "that it will pay in two days" is "unsubstantiated" and "completely contrary" to SCMTD's actions in this case. *Id.* Jones offers only conclusory statements that SCMTD cannot pay the judgment in a timely manner and does not submit any evidence to rebut SCMTD's assertion that it can pay the judgment within a few days. Moreover, the Court does not agree with Jones that SCMTD's

1  participation in this case for "more than a decade" has any bearing on the amount of time that it
2  will take SCMTD to pay the judgment should it be affirmed on appeal. *Id.*; *see also* Reply at
3  7:14–15 ("That SCMTD contested liability in this action does not demonstrate that the collections
4  process would be protracted."). Jones has not pointed to any improper litigation tactics by
5  SCMTD, nor has Jones cited to any authority that a party's sustained defense bears negatively on
6  this factor. Further, other courts in this district have found this factor satisfied where the appellant
7  demonstrated its ability to pay the judgment in "less than 30 days," which is longer than
8  SCMTD's asserted timeline. *See Kranson*, 2013 WL 6872495, at *1–2. Therefore, the Court
9  finds that this factor weighs in favor of bond waiver.

10  As to the third *Dillon* factor, SCMTD argues that "the Court can be highly confident that
11  funds are readily available to SCMTD to pay the judgment, if affirmed." Mot. at 9:6–20 (citing
12  Portello Decl. ¶¶ 3–11, Exs. C, D). Jones counters that "there is no basis for the Court to have
13  confidence" that SCMTD has funds available to satisfy the judgment because "SCMTD has
14  offered no audited financial statements or bank records showing that it holds unrestricted liquid
15  assets sufficient to pay the judgment in full." Opp. at 8. Overall, Jones "makes a general attack
16  on the sufficiency of [SCMTD's] funds, but has failed to demonstrate a single instance in which a
17  claim of this type has gone unpaid." *Cf. Dillon*, 866 F.2d at 905 (alteration added). In the face of
18  SCMTD's proffered evidence that it has almost double the Amended Judgment amount available
19  to cover claims, Jones's conclusory assertions are insufficient to tip this factor in Jones's favor.
20  *Cf. id.*; *see* Mot. at 9:10–12 ("For the year of loss alleged by [Jones] (2014–2015), through the
21  CalTIP and Lexington policies, SCMTD has a total of $24,126,406 available in coverage."); *see*
22  *also Valenzuela*, 2020 WL 10731248, at *2 (finding plaintiffs' arguments unpersuasive where
23  plaintiffs "do not dispute that the City has sufficient funds, but rather speculate that the City could
24  go bankrupt, and argue that Defendants should have included more detailed evidence showing that
25  its funds are sufficient").

26  Jones's arguments—which are primarily directed at this factor—are unpersuasive. First,
27  Jones's assertion that SCMTD "has not provided any policy or language to support the declaration
28  of William Portello" is flatly wrong. Opp. at 9. In fact, within its Motion, SCMTD includes and

1    references both its liability policy through CalTIP and its excess insurance coverage policy
2    through Lexington. Mot. at 9:6–12 (citing Portello Decl., Exs. C, D). Second, Jones's lone cited
3    case, *C.B. v. Sonora School District*, does not move the needle. Opp. at 7 (citing 819 F. Supp. 2d
4    1032, 1055–56 (E.D. Cal. 2011)). Jones cites *C.B.* for the proposition that SCMTD's proffered
5    declaration from its "transit insurance pool 'Litigation Manager'" is improper. *Id.* However, *C.B.*
6    does not stand for this proposition because the facts in *C.B.* are distinguishable from this case. In
7    *C.B.*, the declarant was an employee of the third-party administrator and was not associated with
8    the defendants' insurer. *C.B.*, 819 F. Supp. 2d at 1055. But here, Mr. Portello avers that he "was
9    appointed by the CalTIP Board of Directors" as the "CalTIP Litigation Manager" to "oversee the
10   administration, defense, and settlement claims reported to CalTIP." Portello Decl. ¶ 2. In
11   addition, the insurer in *C.B.* had "482 open claims." *C.B.*, 819 F. Supp. 2d at 1056. That is simply
12   not the case here. *See* Mot. at 9:14–15 ("Neither SCMTD nor CalTIP has other pending claims for
13   this year of loss that would deplete these funds.") (citing Portello Decl. ¶ 9).[4] Therefore, the Court
14   finds that this factor weighs in favor of bond waiver.
15        As to the fourth *Dillon* factor, SCMTD argues that "because [it] can cover the judgment
16   amount . . . the cost of a bond premium in this case would be a wasteful use of taxpayer money."
17   Mot. at 9:21–10:3 (citing Portello Decl. ¶¶ 3, 10, Ex. B). SCMTD estimates that it will incur $3–5
18   million to post a bond. *Id.* at 11:10–13. Jones counters that "this is not a situation where
19   SCMTD's ability to pay is so plain that a bond would be a waste of money" because SCMTD's
20   proffered affidavit is not "competent evidence" to meet its burden of demonstrating "financial
21   capacity." Opp. at 9. In essence, Jones repeats their conclusory assertions from their arguments
22   regarding the third factor. As discussed, the Court finds that SCMTD proffers competent evidence
23   of its ability to pay. Moreover, the fact that the cost of any bond premium would be "imposed
24   onto California's taxpayers" is salient. Mot. at 10:1–3; *Cf. Valenzuela*, 2020 WL 10731248, at *2
25   (finding that a $150,000 to $300,000 per year cost to taxpayers was "completely unnecessary" in

---

[4] Jones also takes issue with the purported fact that "Mr. Portello's email address is listed as '@sedgwick.com' on the CalTIP website." Opp. at 9, n.3. In its Reply, SCMTD explains that Mr. Portello is employed by Sedgwick and, pursuant to a contract between CalTIP and Sedgwick, Mr. Portello acts on behalf of and under the direction of CalTIP and its Board. Reply at 4:19–6:2.

12

the face of the public entity's ability to pay the judgment). Therefore, the Court finds that this factor weighs in favor of bond waiver.

As to the final *Dillon* factor, SCMTD has not shown that its requirement to post a bond would disadvantage its current creditors. *See* Mot. at 8 n.1 ("SCMTD declines to analyze the fifth *Dillon* factor because it relates to a separate and contradictory reason to waive supersedeas bond, which is that the defendant's financial position is so precarious the bond would put other creditors at risk."). Thus, this factor does not favor waiving the bond requirement.

On balance, the Court finds that all but the last factor favor waiving the bond requirement pending appeal. Accordingly, the Court exercises its discretion to waive the requirement of a bond in this case pending SCMTD's appeal to the Ninth Circuit.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** SCMTD's Motion For Stay of Execution of Judgment and To Waive Requirement of Bond.

**IT IS SO ORDERED.**

Dated: September 18, 2025

THOMAS S. HIXSON
United States Magistrate Judge